# EXHIBIT B

| | |
|---|---|
| 1 | K.T. Cherian (SBN 133967) |
| | Duane H. Mathiowetz (SBN 111831) |
| 2 | Henry C. Su (SBN 211202) |
| | HOWREY LLP |
| 3 | 525 Market Street, Suite 3600 |
| | San Francisco, California  94105 |
| 4 | Telephone:  (415) 848-4900 |
| | Facsimile:  (415) 848-4999 |
| 5 | |
| | Attorneys for Plaintiff O2 Micro International Limited |
| 6 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation, | ) ) ) | Case No. C 06-02929 CW |
| Plaintiff, | ) ) ) | **[PROPOSED] THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL** |
| vs. | ) ) ) | |
| MONOLITHIC POWER SYSTEMS, INC., a California corporation; ASUSTEK COMPUTER, INC., a Taiwanese corporation; MICHAEL HSING, an individual; COMPAL ELECTRONICS, INC., a Taiwanese corporation; COMPAL INFORMATION (KUNSHAN) CO., LTD., a Chinese corporation; COMPAL ELECTRONICS TECHNOLOGY (KUNSHAN) CO., LTD., a Chinese corporation; ASUSTEK COMPUTER (SUZHOU) CO., LTD., a Chinese corporation; ADVANCED SEMICONDUCTOR MANUFACTURING CORPORATION LIMITED a/k/a ADVANCED SEMICONDUCTOR MANUFACTURING COPORATION OF SHANGHAI, a Chinese corporation; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD PARTY CLAIMS. | ) ) ) ) | |

**HOWREY LLP**

O2 Micro's [Proposed] Third Amended Complaint
Case No.  C 06-02929 CW

Plaintiff, O2 Micro International Limited ("O2 Micro"), for its Third Amended Complaint against Defendants, Monolithic Power Systems, Inc. ("MPS"), Compal Electronics, Inc. ("Compal"), Compal Information (Kunshan) Co., Ltd. ("Compal Kunshan"), Compal Electronics Technology (Kunshan) Co., Ltd. ("Compal Technology Kunshan"), Asustek Computer Inc. ("Asus"), Asustek Computer (Suzhou) Co., Ltd. ("Asus Computer Suzhou"), Asustech (Suzhou) Co., Ltd. ("Asus Suzhou"), Advanced Semiconductor Manufacturing Corporation Limited a/k/a Advanced Semiconductor Manufacturing Corporation of Shanghai ("ASMC") and Michael Hsing ("Hsing") alleges:

**PARTIES**

1. Plaintiff, O2 Micro, is a corporation duly organized and existing under the laws of the Cayman Islands, having a principal place of business at Grand Pavilion Commercial Centre, West Bay Road, P.O. Box 32331 SMB, George Town, Grand Cayman, Cayman Islands.

2. Defendant, MPS, is a corporation duly organized and existing under the laws of Delaware, having a usual place of business at 983 University Avenue, Building A, Los Gatos, California. Defendant Compal is a Taiwanese corporation, having a principal place of business in Taipei, Taiwan. Defendant Compal Kunshan is a Chinese corporation, having a principal place of business in Kunshan, China. Defendant Compal Technology Kunshan is a Chinese corporation, having a principal place of business in Kunshan, China. Defendant Asus is a Taiwanese corporation, having a principal place of business in Taipei, Taiwan. Defendant Asus Computer Suzhou is a Chinese corporation, having a principal place of business in Suzhou, China. Defendant Asus Suzhou is a Chinese corporation, having a principal place of business in Suzhou, China. Defendant ASMC is a Chinese corporation, having a principal place of business in Shanghai, China. Defendant Hsing is an individual residing in the State of California (hereinafter collectively referred to as "Defendants").

**JURISDICTION**

3. This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has original and supplemental jurisdiction over O2 Micro's unfair competition claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

4. This Court has personal jurisdiction over Defendants in that each has established minimum contacts with the forum. Defendants, and each of them, manufacture, or caused to be manufactured and/or assemble electronic products that are and have been used, offered for sale, sold, and purchased in California, including in this Judicial District. Therefore, the exercise of jurisdiction over said Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

5. Defendants do business in this District, including providing or causing to be provided electronic products that are used, offered for sale, sold, and have been purchased in California, including in this District. Venue is therefore proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

## INTRA-DISTRICT ASSIGNMENT

6. Pursuant to Civil Local Rule 3-2(c), this action falls under one of the excepted categories and therefore would have been subject to assignment on a district-wide basis had it been filed in this District originally. It has been assigned to the Oakland Division, however, based on its relation to Case No. C 04-2000 CW (EDL), also pending in that Division.

## FACTUAL ALLEGATIONS

7. United States Patent No. 6,804,129 ("the '129 patent"), entitled *High-Efficiency Adaptive DC/AC Converter*, was duly and lawfully issued October 12, 2004. O2 Micro is the current owner of all rights, title, and interest in the '129 patent. A true and correct copy of the '129 patent is attached hereto as Exhibit A.

8. United States Patent No. 6,396,722 ("the '722 patent"), entitled *High-Efficiency Adaptive DC/AC Converter*, was duly and lawfully issued May 28, 2002. O2 Micro is the current owner of all rights, title, and interest in the '722 patent. A true and correct copy of the '722 patent is attached hereto as Exhibit B.

9. United States Patent No. 6,259,615 ("the '615 patent"), entitled *High-Efficiency Adaptive DC/AC Converter*, was duly and lawfully issued July 10, 2001. O2 Micro is the current owner of all rights, title, and interest in the '615 patent. A true and correct copy of the '615 patent is attached hereto as Exhibit C.

10. O2 Micro is and has been engaged in the business of designing, manufacturing, and selling hardware, including integrated circuits that efficiently convert direct current ("DC") voltage to alternating current ("AC") voltage, which is and can be used to power an electronic device such as, for example, a cold cathode fluorescent lamp in a liquid crystal display.

11. Defendants and each of them are also engaged in the business of designing, manufacturing, and selling computer hardware, including integrated circuits that convert DC voltage to AC voltage, such as DC-to-AC inverter controller circuits.

## FIRST COUNT

### (Infringement of the '129 patent by all Defendants)

12. O2 Micro incorporates by reference the allegations set forth in Paragraphs 1-11 of this Complaint as though fully set forth herein.

13. Defendants and each of them, by designing, manufacturing, and/or selling computer hardware, including DC-to-AC inverter controller circuits, liquid crystal displays, and notebook computers which embody, or when used, practice one or more claims of the '129 patent, without license or permission from O2 Micro, has directly infringed, induced infringement and/or contributed to the infringement of the '129 patent. Accordingly, Defendants and each of them are liable for infringement of the '129 patent pursuant to 35 U.S.C. § 271.

14. Defendants will continue to directly infringe, induce infringement and/or contribute to the infringement of the '129 patent, continuing to damage O2 Micro's business and causing irreparable harm unless enjoined by this Court.

15. Defendants' acts of infringement have caused damage to O2 Micro and O2 Micro is entitled to recover from Defendants and each of them the damages sustained by O2 Micro as a result of Defendants' wrongful acts in an amount subject to proof at trial.

## SECOND COUNT

### (Infringement of the '722 patent by Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou)

16. O2 Micro incorporates by reference the allegations set forth in Paragraphs 1-11 of this Complaint as though fully set forth herein.

17. Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou and each of them, by designing, manufacturing, and/or selling computer hardware, including DC-to-AC inverter controller circuits, liquid crystal displays, and notebook computers which embody, or when used, practice one or more claims of the '722 patent, without license or permission from O2 Micro, has directly infringed, induced infringement and/or contributed to the infringement of the '722 patent.  Accordingly, Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou and each of them are liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

18. Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou will continue to directly infringe, induce infringement and/or contribute to the infringement of the '722 patent, continuing to damage O2 Micro's business and causing irreparable harm unless enjoined by this Court.

19. Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou's acts of infringement have caused damage to O2 Micro and O2 Micro is entitled to recover from Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou and each of them the damages sustained by O2 Micro as a result of their wrongful acts in an amount subject to proof at trial.

20. Upon information and belief, infringement by Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou of the '722 patent is willful and deliberate, entitling O2 Micro to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## THIRD COUNT

**(Infringement of the '615 patent by Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou)**

21. O2 Micro incorporates by reference the allegations set forth in Paragraphs 1-11 of this Complaint as though fully set forth herein.

22. Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou and each of them, by designing, manufacturing, and/or selling computer

HOWREY LLP

4

O2 Micro's [Proposed] Third Amended Complaint
Case No.  C 06-02929 CW

hardware, including DC-to-AC inverter controller circuits, liquid crystal displays, and notebook computers which embody, or when used, practice one or more claims of the '615 patent, without license or permission from O2 Micro, has directly infringed, induced infringement and/or contributed to the infringement of the '615 patent. Accordingly, Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou and each of them are liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271.

23. Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou will continue to directly infringe, induce infringement and/or contribute to the infringement of the '615 patent, continuing to damage O2 Micro's business and causing irreparable harm unless enjoined by this Court.

24. Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou's acts of infringement have caused damage to O2 Micro and O2 Micro is entitled to recover from Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou and each of them the damages sustained by O2 Micro as a result of their wrongful acts in an amount subject to proof at trial.

25. Upon information and belief, infringement by Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou of the '615 patent is willful and deliberate, entitling O2 Micro to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## FOURTH COUNT

### (Unfair Competition by MPS and Hsing)

26. O2 Micro incorporates by reference the allegations set forth in Paragraphs 1-11 of this Complaint as though fully set forth herein.

27. Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing unfairly compete against O2 Micro by engaging in unlawful, unfair, and fraudulent practices in soliciting and maintaining customers for electronics devices and computer hardware, including integrated circuits that convert DC voltage to AC voltage used in products such as flat panel displays and notebook computers.

28.     Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing have made agreements with certain employees of MPS's customers to grant MPS stock options to those individuals, so as to entice them to enter into and/or maintain a customer relationship with MPS.

29.     Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing have sold or caused to be sold MP1011A and MP1015 products in Taiwan in violation of court injunctions in Taiwan, knowing that said products would be used in electronic devices and computer hardware made, used, offered for sale or sold in the United States.

30.     Upon information and belief, in addition to and in furtherance of their acts of patent infringement, MPS and Hsing have solicited, and conspired and colluded with, one or more companies to serve as second source suppliers of MPS integrated circuits for converting DC voltage to AC voltage, knowing and intending that said products would be used in electronic devices and computer hardware made, used, offered for sale or sold in the United States.

31.     Upon information and belief, MPS and Hsing's wrongful conduct has caused O2 Micro injury by competition and restraining trade in the manufacture and sale of integrated circuits for efficiently converting DC voltage to AC voltage, diverting business from O2 Micro through the marketing, distribution and sale of infringing products, and interfering with O2 Micro's prospective business relationships.

32.     MPS and Hsing's actions constitute unlawful, unfair, and fraudulent practices in violation of the Cal. Bus. & Prof. Code § 17200, *et seq*. Such unlawful practices offend the policy and spirit of antitrust and unfair competition laws.

33.     Accordingly, O2 Micro is entitled to restitution and disgorgement of profits unlawfully obtained by MPS and Hsing. Further, the harm caused by MPS and Hsing to O2 Micro cannot be fully remedied by restitution alone and thus constitutes irreparable harm. MPS and Hsing's unlawful, unfair and fraudulent conduct will continue unless enjoined by the Court.

## DEMAND FOR JURY TRIAL

34.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil Local Rule 3-6(a), plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, O2 Micro prays for judgment and seeks relief against Defendants as follows:

(a) For judgment that the '129, '722 and '615 patents has been and/or continue to be infringed by Defendants;

(b) For an accounting of all damages sustained by O2 Micro as the result of Defendants' acts of infringement;

(c) For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with Defendants, including related individuals and entities, customers, representatives, dealers, distributors, and importers;

(d) For actual damages together with prejudgment interest;

(e) For enhanced damages against MPS, Hsing, Compal, Compal Kunshan, Compal Technology Kunshan, Asus, Asus Computer Suzhou and Asus Suzhou pursuant to 35 U.S.C. § 284;

(f) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g) For an award of restitution and an order compelling disgorgement of profits based on MPS's and Hsing's wrongful conduct against O2 Micro in violation of unfair competition and antitrust laws;

(h) For preliminary and permanent injunctions enjoining the aforesaid acts of unfair competition by MPS, Hsing, and MPS's officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with MPS;

(i) For all costs of suit; and

(j) For such other and further relief as the Court may deem just and proper.

Dated: July 26, 2006                              HOWREY LLP

By: /s/ Henry C. Su
       Henry C. Su
Attorneys for Plaintiff
O2 Micro International Limited

7

O2 Micro's [Proposed] Third Amended Complaint
Case No. C 06-02929 CW

# CERTIFICATE OF SERVICE

As required by Civil Local Rule 5-6(a)(2), the undersigned hereby certifies that on July 26, 2006, a true and correct copy of:

**[PROPOSED] THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL**

was served on the following counsel of record for Defendants electronically through this Court's Electronic Case Filing System, in accordance with Civil Local Rule 5-5(b):

| | |
|---|---|
| Thomas J. Friel, Jr.<br>tfriel@cooley.com<br>Matthew J. Brigham<br>mbrigham@cooley.com<br>COOLEY GODWARD LLP<br>3000 El Camino Real<br>Five Palo Alto Square<br>Palo Alto, CA 94306<br>Telephone: (650) 843-5000<br>Facsimile: (650) 857-0663<br><br>Brian E. Mitchell<br>bmitchell@cooley.com<br>COOLEY GODWARD LLP<br>101 California Street, 5th Floor<br>San Francisco, CA 94111-5800<br>Telephone: (415) 693-2000<br>Facsimile: (415) 693-2222<br><br>Dean G. Dunlavey<br>dean.dunlavey@lw.com<br>LATHAM & WATKINS<br>650 Town Center Drive, 20th Floor<br>Costa Mesa, CA 92626-1925<br>Telephone: (714) 540-1235<br>Facsimile: (714) 755-8290<br><br>Thomas Allan Connop<br>tconnop@lockeliddell.com<br>Charles Edward Phipps<br>cphipps@lockeliddell.com<br>LOCKE LIDDELL & SAPP, LLP<br>2200 Ross Avenue, Suite 2200<br>Dallas, TX 75201<br>Telephone: (214) 740-8000<br>Facsimile: (214) 740-8800 | James P. Brogan<br>jbrogan@cooley.com<br>Chad T. Nitta<br>nittact@cooley.com<br>COOLEY GODWARD LLP<br>380 Interlocken Crescent, Suite 900<br>Broomfield, CO 80021-8023<br>Telephone: (720) 566-4000<br>Facsimile: (720) 566-4099<br><br>Robert Steinberg<br>bob.steinberg@lw.com<br>Mark A. Flagel<br>mark.flagel@lw.com<br>LATHAM & WATKINS<br>633 West Fifth Street, Suite 4000<br>Los Angeles, CA 90071-2007<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br><br>Kaiwen Tseng<br>ktseng@orrick.com<br>Sanjeet K. Dutta<br>sdutta@orrick.com<br>Matthew J. Hult<br>matthult@orrick.com<br>James Lin<br>jlin@orrick.com<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Telephone: (650) 614-7400<br>Facsimile: (650) 614-7401 |

HOWREY LLP

1

CERTIFICATE OF SERVICE
Case No. C 06-02929 CW

| | |
|---|---|
| 1 | Randall G. Block |
| 2 | randall.block@sdma.com<br>SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| 3 | One Market Plaza<br>Steuart Tower, 8th Floor |
| 4 | San Francisco, CA  94105<br>Telephone: (415) 781-7900 |
| 5 | Facsimile: (415) 781-2635 |

     /s/ Henry C. Su
          Henry C. Su

HOWREY LLP

CERTIFICATE OF SERVICE
Case No.  C 06-02929 CW

2