# EXHIBIT 1

FILED

FEB 1 1 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 02 MICRO INTERNATIONAL LIMITED,<br>a Cayman Islands corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br>a California Corporation, and DOES 1<br>to 10,<br><br>          Defendant.<br>_____<br><br>MONOLITHIC POWER SYSTEMS, INC.,<br>a California Corporation,<br><br>          Counterclaimant,<br><br>     v.<br><br>02 MICRO INTERNATIONAL LIMITED,<br>a Cayman Islands corporation, and 02<br>MICRO, INC., a California<br>corporation,<br><br>          Counterdefendants.<br>_____/ | Nos.<br>C 00-4071 CW (EDL)<br>and<br>C 01-3995 CW<br><br>ORDER RE CROSS-<br>MOTIONS FOR SUMMARY<br>JUDGMENT AND MPS'<br>MOTION TO STRIKE<br>CONTRADICTORY<br>ASSERTION IN 02<br>MICRO'S SECOND<br>AMENDED COMPLAINT, 02<br>MICRO'S MOTION TO<br>STRIKE UNAUTHORIZED<br>AFFIRMATIVE DEFENSES<br>IN MPS' ANSWER TO<br>SECOND AMENDED<br>COMPLAINT AND<br>COUNTERCLAIM, 02<br>MICRO'S MOTION TO<br>AMEND COMPLAINT AND<br>REOPEN DISCOVERY<br>REGARDING TRADE<br>SECRET CLAIMS |

          The current motions arise from C 01-3995, in which Plaintiffs

and Counterdefendants 02 Micro International Limited and 02 Micro,

United States District Court
For the Northern District of California

cc: EDL

United States District Court
For the Northern District of California

1   Inc. (collectively, 02 Micro) sue Monolithic Power Systems, Inc.

2   (MPS) alleging infringement of U.S. Patent No. 6,259,615 (the '615

3   patent) and misappropriation of its trade secrets.  MPS

4   counterclaims, alleging invalidity and/or non-infringement of the

5   '615 patent.

6        Presently before the Court are four separate motions in

7   C 01-3995.  First, 02 Micro moves for summary judgment.  MPS

8   opposes this motion and cross-moves for summary judgment.  Second,

9   MPS moves to strike a contradictory assertion in 02 Micro's second

10  amended complaint.  Third, 02 Micro moves to strike unauthorized

11  affirmative defenses in MPS' answer to the second amended

12  complaint.  Fourth, 02 Micro moves to amend its second amended

13  complaint and to re-open discovery to add additional trade secret

14  claims.  A hearing was held on these motions on November 21, 2003.[1]

15       Having considered all of the papers filed by the parties and

16  oral argument on these motions, the Court GRANTS MPS' cross-motion

17  for summary adjudication of non-infringement of the '615 patent,

18  DENIES as moot 02 Micro's motion for summary adjudication of

19  infringement of the '615 patent, DENIES both parties' motions for

20  summary adjudication of trade secret misappropriation, DENIES MPS'

21  motion to strike a contradictory assertion in 02 Micro's second

22  amended complaint, GRANTS in part and DENIES in part 02 Micro's

23  motion to strike unauthorized affirmative defenses in MPS' answer

24  to the second amended complaint and GRANTS 02 Micro's motion to

25

26       [1]For a summary of the issues discussed at the November 21 2003
    hearing, and the issues still pending, see Docket nos. 534 and 540
27  in C 01-3995.

28                                  2

United States District Court
For the Northern District of California

1  amend its complaint and to reopen discovery regarding trade secret

2  claims.

3                          BACKGROUND

4      02 Micro holds the '615 patent.  The '615 patent involves

5  technology used to light laptop computer screens.  Laptops are

6  powered by batteries, which provide a direct current (DC) power

7  source.  The lamps used to illuminate laptop screens require an

8  alternating current (AC) power source.  The '615 patent solves this

9  problem with a system that turns switches on and off to convert DC

10 to AC.  A transformer sends the AC to the "load," the lamp which

11 illuminates the screen.  '615 patent, 2:19-20.  The system claimed

12 in the '615 patent includes two pairs of switches.  When one pair

13 of switches is turned on, the circuit delivers power to the load

14 along a path defined by the pair of switches.  When the other pair

15 of switches is turned on, the circuit delivers power to the load

16 along a path defined by the other pair of switches. '615 patent at

17 5:6-19.  The on-time of the switches is determined by feedback

18 signals and pulse signals.  '615 patent at 5:7-10.  02 Micro

19 believes that twelve MPS drivers and demo boards infringe claims 1

20 and 18 of the '615 patent.

21     02 Micro also manufactures power supply controllers used in

22 circuits which convert DC to AC.  One such controller is the OZ960.

23 02 Micro alleges that the OZ960, boards containing the OZ960, and

24 data sheets describing the OZ960 contain trade secrets.  Wells Dec.

25 Ex. A.  02 Micro contends that, in 2000, it released the data sheet

26 and samples of the product to potential costumers who signed non-

27 disclosure agreements, maintaining its secrecy.  Wells Dec. Ex. B.

28                              3

1  02 Micro further alleges that MPS misappropriated these trade

2  secrets by obtaining a copy of the confidential OZ960 data sheet

3  and incorporating 02 Micro's trade secrets into its products.

4  Wells Dec. Ex. K.

5                          LEGAL STANDARD

6  I.  Summary Judgment

7        Summary judgment is properly granted when no genuine and

8  disputed issues of material fact remain, and when, viewing the

9  evidence most favorably to the non-moving party, the movant is

10 clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

11 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

12 Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir.

13 1987).

14       The moving party bears the burden of showing that there is no

15 material factual dispute.  Therefore, the court must regard as true

16 the opposing party's evidence, if supported by affidavits or other

17 evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815

18 F.2d at 1289.  The court must draw all reasonable inferences in

19 favor of the party against whom summary judgment is sought.

20 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

21 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d

22 1551, 1558 (9th Cir. 1991).

23       Material facts which would preclude entry of summary judgment

24 are those which, under applicable substantive law, may affect the

25 outcome of the case.  The substantive law will identify which facts

26 are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

27 (1986).

28                                4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Where the moving party does not bear the burden of proof on an

2  issue at trial, the moving party may discharge its burden of

3  showing that no genuine issue of material fact remains by

4  demonstrating that "there is an absence of evidence to support the

5  nonmoving party's case." <u>Celotex</u>, 477 U.S. at 325.  The moving

6  party is not required to produce evidence showing the absence of a

7  material fact on such issues, nor must the moving party support its

8  motion with evidence negating the non-moving party's claim.  <u>Id.</u>;

9  <u>see also</u> <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 885 (1990);

10  <u>Bhan v. NME Hosps., Inc.</u>, 929 F.2d 1404, 1409 (9th Cir. 1991),

11  <u>cert. denied</u>, 502 U.S. 994 (1991).  If the moving party shows an

12  absence of evidence to support the non-moving party's case, the

13  burden then shifts to the opposing party to produce "specific

14  evidence, through affidavits or admissible discovery material, to

15  show that the dispute exists." <u>Bhan</u>, 929 F.2d at 1409.  A complete

16  failure of proof concerning an essential element of the non-moving

17  party's case necessarily renders all other facts immaterial.

18  <u>Celotex</u>, 477 U.S. at 323.

19    Where the moving party bears the burden of proof on an issue

20  at trial, it must, in order to discharge its burden of showing that

21  no genuine issue of material fact remains, make a <u>prima facie</u>

22  showing in support of its position on that issue.  <u>See</u> <u>UA Local 343</u>

23  <u>v. Nor-Cal Plumbing, Inc.</u>, 48 F.3d 1465, 1471 (9th Cir. 1994).

24  That is, the moving party must present evidence that, if

25  uncontroverted at trial, would entitle it to prevail on that issue.

26  <u>See</u> <u>id.</u>; <u>see also</u> <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d

27  1257, 1264-65 (5th Cir. 1991).  Once it has done so, the non-moving

28                                  5

United States District Court
For the Northern District of California

1  party must set forth specific facts controverting the moving

2  party's prima facie case.  See UA Local 343, 48 F.3d at 1471.  The

3  non-moving party's "burden of contradicting [the moving party's]

4  evidence is not negligible."  Id.  This standard does not change

5  merely because resolution of the relevant issue is "highly fact

6  specific."  See id.

7  II.  Motion to Strike

8       Pursuant to Federal Rule of Civil Procedure 12(f), the Court

9  may strike from a pleading "any redundant, immaterial, impertinent

10  or scandalous matter."  Fed. R. Civ. Proc. 12(f).  Rule 12(f) also

11  allows a court to "order stricken from any pleading any

12  insufficient defense."  Id.  The purpose of a Rule 12(f) motion is

13  to avoid spending time and money litigating spurious issues.

14  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993),

15  reversed on other grounds, 510 U.S. 517 (1994).  Matter is

16  immaterial if it has no essential or important relationship to the

17  claim for relief pleaded.  Id.  Matter is impertinent if it does

18  not pertain and is not necessary to the issues in question in the

19  case.  Id.

20  III.  Motion to Amend

21       Federal Rule of Civil Procedure 15(a) provides that leave of

22  the court allowing a party to amend its pleading "shall be freely

23  given when justice so requires."  Leave to amend lies within the

24  sound discretion of the trial court, which discretion "must be

25  guided by the underlying purpose of Rule 15 -- to facilitate

26  decisions on the merits rather than on the pleadings or

27  technicalities."  United States v. Webb, 655 F.2d 977, 979 (9th

28

                                    6

United States District Court
For the Northern District of California

1 │ Cir. 1981) (citations omitted).  Thus, the rule's policy of

2 │ favoring amendments to pleadings should be applied with "extreme

3 │ liberality."  Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

4 │ 186 (9th Cir. 1987) (citations omitted).

5 │     The Supreme Court has identified four factors relevant to

6 │ whether a motion for leave to amend should be denied: undue delay,

7 │ bad faith or dilatory motive, futility of amendment, and prejudice

8 │ to the opposing party.  Foman v. Davis, 371 U.S. 178, 182 (1962).

9 │ The Ninth Circuit holds that these factors are not of equal weight;

10 │ specifically, delay alone is insufficient ground for denying leave

11 │ to amend.  Webb, 655 F.2d at 980.

12 │     Prejudice to the opposing party is the most important factor.

13 │ Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

14 │ Prejudice typically arises where the opposing party is surprised

15 │ with new allegations which require more discovery or will otherwise

16 │ delay resolution of the case.  See, e.g., Acri v. International

17 │ Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99

18 │ (9th Cir.), cert. denied, 479 U.S. 816 (1986).  The party opposing

19 │ the motion bears the burden of showing prejudice.  DCD Programs,

20 │ 833 F.2d at 186.

21 │                   DISCUSSION

22 │ I.   Infringement of the '615 Patent

23 │     02 Micro accuses twelve MPS drivers and demo boards of

24 │ infringing claims 1 and 18 of the '615 patent.  The accused

25 │ products are chip numbers MP1011A, MP1012, MP1013, MP1015, MP1016,

26 │ MP1018, MP1022A, MP1023, MP1024, MP1025, MP1026, and MP1027.  MPS

27 │ counterclaims and seeks a finding of non-infringement and/or

28 │

          7

United States District Court

For the Northern District of California

1  invalidity of the '615 patent.  02 Micro now moves for summary

2  adjudication that MPS infringes the '615 patent and on MPS'

3  invalidity contentions.  MPS brings a cross-motion for summary

4  adjudication on the same issues.

5  A.  MPS' Cross-Motion for Summary Adjudication of Non-Infringement

6      Claim 1 of the '615 patent claims, in part, "a feedback

7  control loop circuit receiving a feedback signal indicative of

8  power being supplied to said load, and adapted to generate a second

9  signal pulse signal for controlling the conduction state of said

10  second plurality of switches only if said feedback signal is above

11  a predetermined threshold." '615 patent at 10:67-11:5.  Claim 18

12  has a similar limitation.  Id. at 12:56-64.  "Only if" modifies

13  "controlling." '615 Claim Construction Order at 13.  In its Final

14  Infringement Contentions, 02 Micro alleges that MPS devices

15  infringe the "only if" limitation.  In order to determine whether a

16  device infringes the "only if" limitation, one must compare the

17  feedback signal to the threshold in the allegedly infringing

18  devices.  The present dispute emerges out of 02 Micro's various

19  theories for measuring the feedback signal and threshold.

20      In its Final Infringement Contentions, 02 Micro compared the

21  feedback signal to the threshold under an "I sense" theory, using

22  units of current to discuss the signals.  Barclay Dec. Ex. H at 5-

23  6.  MPS' expert opined that under the I sense theory, MPS products

24  do not practice the "only if" limitation because the pulse signal

25  controls the conduction state of the switches both when I sense is

26  above and when I sense is below the Bright pin.  Franklin Dec Ex. D

27  at ¶ 15-21.

28                                    8

United States District Court

For the Northern District of California

1    However, at the deadline for disclosing expert reports, O2

2    Micro did not offer any evidence to refute MPS' expert on its own I

3    sense theory.  O2 Micro's expert, Dr. Erickson, did not opine on

4    infringement on the I sense theory.  Instead, Dr. Erickson opined

5    only on a second and different theory, the "open lamp" theory,

6    which compared the feedback signal to the threshold in voltage.

7    Erickson Dec. Ex. C at 21-23.  Now, after the close of discovery

8    and the deadline for disclosure of expert reports, O2 Micro

9    advances a third theory of infringement.  O2 Micro's third theory,

10   the "V sense" theory, compares the feedback signal to the threshold

11   in measurements of voltage.  However, O2 Micro has no evidence in

12   the record supporting the V sense theory.

13   O2 Micro opposes MPS' motion for summary judgment of non-

14   infringement of the '615 patent on two grounds.  First, O2 Micro

15   offers supplemental expert testimony opining on the V sense theory.

16   Erickson Dec. at ¶¶ 10-14; Lin Dec. at ¶¶ 5-7.  O2 Micro argues

17   that it should be permitted to supplement its expert report because

18   MPS allegedly broke an oral agreement to allow O2 Micro to offer a

19   supplemental report.  However, O2 Micro's motion to amend its Final

20   Invalidity Contentions in order to supplement its infringement

21   theory has already been twice denied on these grounds.  See Docket

22   nos. 175 and 281.  Second, O2 Micro argues that the V sense and I

23   sense theories merely use different terms to describe MPS' alleged

24   infringement.  Even if the Court considers the supplemental expert

25   testimony of Dr. Erickson and Dr. Lin, who opine that the V sense

26   theory is identical to the I sense theory, O2 Micro still fails to

27   meet its burden of providing evidence of infringement.  The V sense

28

theory and I sense theory express different ideas.  One makes the "only if" comparison in units of current, and the other in units of voltage.

Because 02 Micro has failed to support its V sense theory with evidence, it has not met its burden of producing some evidence that MPS meets the "only if" limitations of claim 1 and 18 of the '615 patent.  The Court GRANTS MPS' cross-motion for summary adjudication of non-infringement of the '615 patent.

B.   02 Micro's Motion for Summary Judgment of Infringement

Because the Court grants MPS' motion for summary adjudication of non-infringement, the Court need not address 02 Micro's motion for summary judgment of infringement of the '615 patent.  It is DENIED as moot.  In addition, MPS has agreed that if the Court granted its motion for summary adjudication of non-infringement of the '615 patent, it would withdraw its arguments that the '615 patent is invalid because of anticipation.  Accordingly, the Court need not address those arguments either.

II.  Cross Motions for Summary Judgment of 02 Micro's Trade Secret Claim

02 Micro claims that MPS misappropriated the trade secrets articulated in its preliminary data sheet on its OZ960 power supply controller.  Wells Dec. Ex. A, (Docket no. 218).  MPS asserts three arguments in response.  First, MPS contends that 02 Micro has not identified the alleged trade secrets with adequate specificity to show that they actually exist.  Second, MPS argues that 02 Micro did not make reasonable efforts to maintain the secrecy of any trade secrets.  Third, MPS contends that 02 Micro cannot show that

United States District Court
For the Northern District of California

MPS made use of its alleged trade secrets.  O2 Micro moves for summary judgment on its trade secret claim, and MPS cross-moves.

Misappropriation of a trade secret occurs when a defendant discloses or makes use of a plaintiff's trade secret without express or implied consent, and the defendant: (1) used improper means to acquire knowledge of the trade secret; or (2) at the time of the disclosure or use, knew or had reason to know that its knowledge of the trade secret was (a) derived from or through a person who had utilized improper means to acquire it; (b) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or (c) derived from or through a person who owed a duty to the owner to maintain its secrecy or limit its use.  Cal. Civ. Code § 3426.1(b)(1).

A.   Identity of the Information

The threshold issue is whether O2 Micro has demonstrated that it possesses trade secrets at all.  A trade secret plaintiff cannot survive a defendant's motion for summary judgment if it fails to identify its alleged secrets with sufficient specificity so that the reviewing court can test whether the information is actually secret or is instead in the public domain.  See Imax Corp. v. Cinema Tech., Inc., 152 F.3d 1161, 1164-67 (9th Cir. 1998).  The parties agree that on October 31, 2003, subsequent to the briefing of MPS's cross-motion, O2 Micro submitted a statement identifying its trade secrets with more specificity.  At the hearing on these motions, MPS conceded that O2 Micro's subsequent identification statement moots its argument that the trade secrets were not adequately identified.

11

United States District Court
For the Northern District of California

B.  Secrecy of the Information

1    A trade secret plaintiff must make reasonable efforts to
2 maintain secrecy.  Cal. Civ. Code § 3426.1(d)(2).  Communications
3 disclosed to customers without non-disclosure agreements and/or
4 placed in the stream of commerce are not trade secrets.  VSL Corp.
5 v. General Tech. Inc., 44 U.S.P.Q. 1301, 1303 (N.D. Cal. 1997);
6 Futurecraft Corp. v. Clary Corp., 205 Cal. App. 2d 279, 282-83, 289
7 (1962).  O2 Micro asserts that it made reasonable efforts to keep
8 secret the allegedly misappropriated information.  However, MPS
9 contends that O2 Micro actually released to customers the data
10 sheets containing the alleged trade secrets without acquiring non-
11 disclosure agreements.

12    There is a genuine dispute of material fact as to the secrecy
13 of the information.  O2 Micro offers evidence that it exercised
14 reasonable efforts to protect its trade secrets.  It is undisputed
15 that the documents in question were labeled "confidential" and "NOT
16 FOR PUBLIC RELEASE."  Wells Dec. Ex. F. at 119:13-120:5; Wells Rep.
17 Dec. Ex. B at 263:12-264:14, 268:17-269:2.  O2 Micro offers
18 evidence that it required its customers and potential customers to
19 sign non-disclosure agreements before releasing data sheets.  Wells
20 Rep. Dec. Exs. E-H.  O2 Micro relies on testimony that its normal
21 practice was to require every potential customer to sign a non-
22 disclosure agreement before releasing any data sample, and that it
23 refused to sell O2 Micro products to any customer who refused to
24 sign a non-disclosure agreement.  Wells Dec. Ex. H 126:3-9; 135:14-
25 21.

26    MPS cites evidence which indicates a dispute whether O2 Micro

12

**United States District Court**
For the Northern District of California

1  made reasonable efforts to maintain secrecy.  Many of 02 Micro's

2  witnesses cannot recall whether or not they required customers to

3  sign non-disclosure agreements.  Graves Dec. Ex. 46.  MPS points

4  out that while twenty five companies likely received the datasheet

5  advertising the OZ960, 02 Micro has produced non-disclosure

6  agreements for no more than five of these companies.  Wells Dec.

7  Exs. E-G, I.

8  C.  Use of the Information

9     MPS offers evidence that it did not use 02 Micro's alleged

10 trade secrets in its technology or marketing efforts, Moyer Trade

11 Secret Dec. at ¶¶ 6-15, and contends that there is no evidence that

12 it did use 02 Micro's alleged trade secrets.  02 Micro offers

13 evidence that MPS distributed a misappropriated 02 Micro data sheet

14 to its product designers, who used information about 02 Micro's

15 product to improve the transformer design in MPS products.  Wells

16 Opp. Dec. Ex. D; Ex. E at 334:5-340:8.  This evidence demonstrates

17 a dispute whether MPS used the alleged trade secrets.

18    Because there is a dispute of material fact as to both the

19 secrecy and the use of the information, the Court DENIES 02 Micro's

20 motion for summary judgment of trade secret misappropriation and

21 DENIES MPS' cross-motion for summary judgment on 02 Micro's trade

22 secret claim.

23 III. MPS' Motion to Strike Contradictory Assertion in the Second
        Amended Complaint in C 01-3995

24

25    02 Micro was previously granted leave to amend its complaint

26 in C 01-3995 to add additional trade secrets to its trade secret

27 misappropriation claim.  In its First Amended Complaint (FAC), 02

28

1  Micro asserted, "Before the issuance of the '615 patent, 02 Micro's
2  trade secrets were not generally known to the public or to 02
3  Micro's competitors." FAC ¶ 14.  02 Micro repeated this assertion
4  word-for-word in the proposed Second Amended Complaint (SAC) it
5  submitted to the Court as an attachment to its previous motion for
6  leave to amend.  Then, in the SAC actually filed, 02 Micro changed
7  the language of ¶ 14, adding the sentence, "Some of these trade
8  secrets were not disclosed in the '615 patent."  MPS now moves to
9  strike this additional sentence in ¶ 14 of the SAC.

10      The Court DENIES MPS' motion to strike.  The additional
11 sentence in ¶ 14 of the SAC does not, as MPS asserts, contradict
12 the version of ¶ 14 submitted in the proposed SAC.  MPS asserts
13 that the added sentence contradicts 02 Micro's implicit admission
14 in the FAC that any alleged trade secrets at issue became generally
15 known to the public upon the June, 2001 publication of the '615
16 patent.  However, 02 Micro did not make such an implicit admission.
17 Stating that trade secrets were not generally known before a
18 certain date does not necessarily concede that all of the trade
19 secrets were generally known after that date.

20      Although ¶ 14 of 02 Micro's SAC deviates from the proposed SAC
21 that the Court had allowed it to file, the Court will allow it.  It
22 describes the additional trade secrets that the Court had allowed
23 it to allege in its SAC.  MPS' motion to strike is DENIED.

24 IV.  02 Micro's Motion to Strike Unauthorized Affirmative Defenses
        in MPS' Answer to Second Amended Complaint
25
26      In its answer to 02 Micro's FAC in C 01-3995, MPS raised seven
    affirmative defenses.  02 Micro subsequently was granted leave to
27

28                                14

United States District Court
For the Northern District of California

1  file a SAC.  When MPS filed its answer to the SAC, it added six

2  additional "affirmative defenses" not raised in its previous

3  answer: (1) Failure to Comply with California Code of Civil

4  Procedure § 2019(d); (2) Failure to Conduct Pre-Lawsuit

5  Investigation; (3) Lawful Receipt of Information; (4) Independent

6  Derivation; (5) Competition Privilege; and (6) Estoppel by Prior

7  Admission.  02 Micro argues that these should be stricken.

8      MPS admits that, although the new allegations appeared in the

9  "affirmative defenses" section of its answer, the first five of the

10 new allegations listed above are not affirmative defenses at all.

11 Rather, they are allegations of deficiencies in 02 Micro's trade

12 secret claims.  Because the first five of the new allegations are

13 not affirmative defenses, they are inappropriately set out in the

14 "affirmative defenses" section of MPS' answer.  Accordingly, the

15 Court GRANTS 02 Micro's motion to strike the first five additional

16 affirmative defenses.  Although the Court orders such allegations

17 stricken from the "affirmative defenses" section of the answer, the

18 Court does not reject the underlying theories articulated in the

19 purported affirmative defenses.

20     MPS argues that its sixth additional affirmative defense,

21 Estoppel by Prior Admission, is properly asserted without leave of

22 the Court because it addresses the new assertion raised by 02 Micro

23 in ¶ 14 of the SAC.  Because the Court denies MPS' motion to strike

24 the new assertion in 02 Micro's SAC, 02 Micro's motion to strike

25 the sixth additional affirmative defense is DENIED.

26 V.    02 Micro's Motion to Amend Complaint in 01-3995 and Re-Open
         Discovery Regarding Trade Secret Claims

27

28                               15

United States District Court

For the Northern District of California

1    In determining whether to allow amendment, the Court must

2  consider undue delay, bad faith or dilatory motive, futility of

3  amendment, and prejudice to the opposing party.  Foman v. Davis,

4  371 U.S. 178, 182 (1962).  Because here the trade secret claims are

5  alleged as supplemental to 02 Micro's patent claims, the Court must

6  also consider the jurisdictional question of whether the additional

7  trade secret claims arise from the same transaction or occurrence

8  as the patent claims.

9  A.  Jurisdiction

10   MPS contends that the Court does not have subject matter

11  jurisdiction over the proposed additional claims.  The Court

12  rejects this argument.  The current trade secret claims are based

13  on data sheets for 02 Micro's product, the OZ960.  02 Micro

14  contends that MPS misappropriated 02 Micro's data sheets which

15  contained trade secrets.  The proposed new claims are based on data

16  sheets for different 02 Micro products, including the OZ9RC, OZ1RC

17  and OZ9RR.  02 Micro claims to have discovered that MPS

18  misappropriated its trade secrets in the OZ9RC, OZ1RC and OZ9RR

19  data sheets after reviewing MPS' June 30, 2003 production of

20  emails.

21   MPS argues the claims are not related because they are based

22  on actions taken at a different point in time with respect to

23  different products.  However, the proposed new claims arise out of

24  an alleged pattern of behavior by MPS.  The proposed new claims

25  also involve overlapping technology, and testimony by the same

26  witnesses as the current claims.  Thus, the Court finds that it has

27  supplemental jurisdiction over the trade secret claims regarding

28                                    16

United States District Court
For the Northern District of California

1  the OZ9RC, OZ1RC and OZ9RR data sheets.

2  B.   Undue Delay, Bad Faith, Futility and Prejudice

3       02 Micro did not unduly delay bringing these additional trade

4  secret violation claims.  It asserted these claims immediately

5  after it reviewed MPS' email production which it argues revealed

6  the violations.

7       MPS argues that it would be prejudiced by the delay that would

8  be caused by accommodating 02 Micro's additional claims.  However,

9  MPS has not met its burden to show prejudice.  Many of the concerns

10 MPS raised about this delay are now moot.  At the time this motion

11 was briefed, trial was set for February 2, 2004.  Since then, the

12 parties have stipulated to a later trial date.  Accordingly, the

13 Court GRANTS 02 Micro's motion to amend the complaint in C 01-3995

14 and to re-open discovery with regard to the new trade secret

15 claims.

16                          CONCLUSION

17      For the foregoing reasons, the Court GRANTS MPS' cross-motion

18 for summary adjudication of non-infringement of the '615 patent as

19 set forth above.  (Docket no. 456)  The Court DENIES as moot 02

20 Micro's motion for summary adjudication of infringement of the '615

21 patent.  (Docket no. 428).  The Court DENIES both 02 Micro's motion

22 and MPS' cross-motion for summary adjudication of trade secret

23 misappropriation.  (Docket nos. 428 and 456).  The Court DENIES

24 MPS' motion to strike the contradictory assertion in 02 Micro's

25 second amended complaint.  (Docket no. 397).  The Court GRANTS in

26 part and DENIES in part 02 Micro's motion to strike unauthorized

27 affirmative defenses in MPS' answer to the second amended complaint

28                              17

1 and counterclaim. (Docket no. 470).

2      02 Micro's motion to amend the complaint and reopen discovery

3 regarding trade secret claims is GRANTED. (Docket no. 498). 02

4 Micro may file a third amended complaint in C 01-3995, in

5 accordance with this order, within five days of the date of this

6 order. MPS shall answer no later than twenty days from the date

7 the third amended complaint is filed, or it may rest on its prior

8 answer. The parties may conduct additional discovery necessitated

9 by the amended complaint. The parties shall attempt to agree on

10 the scope and schedule for this discovery. If the parties are

11 unable to agree, they shall seek a ruling from the Magistrate

12 Judge.

13      IT IS SO ORDERED.

14

15 Dated:   FEB 11 2004

                                    CLAUDIA WILKEN
16                                  United States District Judge

17

18 Copies mailed to counsel
   as noted on the following page

19

20

21

22

23

24

25

26

27

28                          18

scc

United States District Court
for the
Northern District of California

\* \* CERTIFICATE OF SERVICE \* \*

Case Number:4:00-cv-04071

O2 Micro Intl.

   vs

Monolithic Power

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on ___FEB 11 2004___, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

Daniel Johnson Jr., Esq.
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041-2008

Charlene M. Morrow, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041-2008

Robert A. Hulse, Esq.
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041-2008

K. T. Cherian, Esq.
Howrey Simon Arnold & White LLP
525 Market Street
Suite 3600
San Francisco, CA  94105-2708

Duane H. Mathiowetz, Esq.
Howrey Simon Arnold & White LLP

525 Market Street
Suite 3600
San Francisco, CA  94105-2708

Michael A. Ladra, Esq.
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

Richard W. Wieking, Clerk

BY: _____
    Deputy Clerk