# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>    Defendant.<br>_____/ | No. C 04-2000 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE |

    Defendant O2 Micro International Limited (O2 Micro) moves, pursuant to Title 28 U.S.C. § 1404(a), to transfer venue to the Eastern District of Texas. Plaintiff Monolithic Power Systems, Inc. (MPS) opposes the motion. The matter was taken under submission on the papers. Having considered the parties' papers and the evidence cited therein, the Court DENIES Defendant O2 Micro's motion to transfer venue.

BACKGROUND

    O2 Micro owns U.S. Patent Nos. 6,396,722 (the '722 patent) and 6,259,615 (the '615 patent). The '722 and '615 patents both

1  involve technology that converts direct current (DC) power to
2  alternating current (AC) power in order to illuminate the
3  fluorescent lamps that backlight computer laptop screens. The
4  parties agree that the '722 patent is a continuation of the '615
5  patent. MPS is headquartered in Los Gatos, California, while O2
6  Micro's principal operating subsidiary, O2 Micro, Inc., is
7  headquartered in Santa Clara, California.
8      In October, 2001, O2 Micro filed a complaint against MPS in
9  this Court asserting infringement of the '615 patent, and later
10 amended its complaint to include claims for trade secret
11 misappropriation. O2 Micro v. MPS, C 01-3995 CW.
12     In January, 2003, O2 Micro filed a complaint against Taiwan
13 Sumida Electronics, Inc. (Sumida) in the Eastern District of
14 Texas alleging infringement of both the '615 and '722 patents
15 (the Texas action). According to O2 Micro, MPS and Sumida have
16 an indemnification agreement pursuant to which MPS has sole
17 control over that litigation.
18     On February 11, 2004, in O2 Micro v. MPS, this Court
19 granted MPS's motion for summary judgment of non-infringement of
20 the '615 patent, although O2 Micro's trade secret claims are
21 still pending.
22     On May 20, 2004, MPS filed the current action seeking
23 declaratory judgment of non-infringement and invalidity of the
24 '722 patent. O2 Micro now seeks to transfer this action to the
25 Eastern District of Texas. O2 Micro has also, in the past year,
26 filed two additional lawsuits in the Eastern District of Texas
27 alleging infringement of the '722 patent against defendants not
28                                2

related to this action.

## LEGAL STANDARD

Title 28 U.S.C. section 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute, therefore, identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has ruled that a fourth factor for the court to consider is the plaintiff's choice of forum. Sec. Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). The burden is on the defendant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). The Supreme Court has ruled that section 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

## DISCUSSION

The Court must consider and weigh the three factors listed in section 1404(a) and the fourth identified by the Ninth Circuit in order to determine whether transfer of venue is appropriate in this case.

I.  Convenience of the Parties

3

O2 Micro argues that the workload for both the parties and the court system would be streamlined if the current action was transferred. That is the case, according to O2 Micro, because the claim construction hearing in the Texas action is scheduled for January 24, 2005. O2 Micro asserts that, because claim construction in this case is not scheduled until October, 2005, the two courts would potentially construe identical claims of the '722 patent nine months apart, an unnecessary waste of resources.

MPS, on the other hand, argues that the parties would be inconvenienced significantly by transfer to the Eastern District of Texas. Both parties' principal places of business and counsel are located in this District; MPS argues that it would have to seek additional counsel in Texas to assist it in litigating in a Texas court. Furthermore, if this case was transferred, the parties would have to try the case in Marshall, Texas, a city near the Texas-Louisiana border with no major commercial airport. The nearest major commercial airport, Dallas/Forth Worth International Airport, is more than 150 miles from Marshall. MPS argues that transfer would thus burden the parties with unreasonable expense and travel time.

II. Convenience of the Witnesses

MPS further argues that, according to the parties' initial disclosures, thirteen of the parties' seventeen party witnesses live and work in California. Only one party witness, a sales representative employed by O2 Micro, lives in Texas, and he lives over 260 miles from Marshall. Moreover, two party

4

witnesses live and work abroad, making travel to a city with no major commercial airport an additional inconvenience. MPS argues that this District is a far more convenient venue for the party witnesses than is the Eastern District of Texas.

O2 Micro argues that some of the now-identified party witnesses will not have to travel to Texas at all because their testimony will be presented in the form of deposition transcripts or videotapes. Furthermore, the witnesses that would be required to travel to Marshall for this case likely would have to go there anyway due to other pending '722 patent litigation in the Eastern District of Texas. Lastly, O2 Micro argues that, because it is moving to have the case transferred, it is not proper to take into consideration the convenience of its party witnesses.

However, in making its convenience argument, O2 Micro seems to conclude that this case would be consolidated with the Texas action if it was transferred, which is far from certain. Even if witnesses in this case were required sometime in the future to travel to Marshall for other '722 patent-related cases, that does not make additional travel to Texas for <u>this case</u> any more convenient for individuals living in California or abroad.

The parties also argue over the significance of this Court's subpoena power over non-party witnesses. MPS identifies three important non-party witnesses who live and work in California, over whom the court in the Eastern District of Texas does not have subpoena power. In response, O2 Micro identifies potential non-party witnesses that reside in Texas. The

5

convenience of non-party witnesses, and their ability to be subpoenaed, does not weigh heavily in the favor of either party.

III.     Interests of Justice

O2 Micro argues that transfer of venue serves the interests of justice in several ways. First, O2 Micro argues that the judicial goal of consistency would be served by transferring the instant case to Texas. In all, O2 Micro has filed three lawsuits in the Eastern District of Texas alleging infringement of the '722 patent. O2 Micro argues that, because those three cases will likely result in consistent rulings, this case should also be tried in Texas. Second, O2 Micro argues that the Texas action was filed first-in-time, and should therefore have priority for venue purposes over this case.

MPS responds that it would be a mistake to view the '722 patent litigation in isolation because the '722 patent is a continuation of the '615 patent. In reality, according to MPS, the patents' specifications are nearly identical and they share many claim limitations. That fact is evidenced, according to MPS, by the fact that O2 Micro, in its Texas action against Sumida, has alleged infringement of both the '615 and '722 patents. That being the case, according to MPS, it serves the interests of justice to keep this case in this District, where the Court is familiar with the parties, the technology involved and the history of the '615 patent litigation (which predated the Texas litigation). Furthermore, O2 Micro's argument that it seeks judicial consistency is somewhat untenable because it sued Sumida for infringement of the '615 and '722 patents in the

6

Texas action in January, 2003, while its litigation against MPS for infringement of the '615 patent was still pending in this District.

IV. Plaintiff's Choice of Forum

In general, a plaintiff's choice of forum "should rarely be disturbed." Sec. Investor, 764 F.2d at 1317. However, O2 Micro argues that, because MPS's choice of forum was the result of forum shopping, its choice should be accorded little deference. According to O2 Micro, MPS filed the current action in this District in order to "bootstrap its success" from O2 Micro v. MPS, in which the Court granted MPS summary judgment of non-infringement of the '615 patent.

MPS argues that it did not engage in forum shopping in filing this action in this District. MPS argues that it filed in this District because of the Court's familiarity with the parties and the technology at issue, its prior construction of the '615 patent, and the pending trade secret misappropriation claims involving the same parties. These facts came about, MPS points out, because O2 Micro chose initially to sue MPS in this District. O2 Micro should not, according to MPS, be permitted to argue now that it is inconvenient to defend this lawsuit here in the Northern District of California.

O2 Micro has not shown that MPS has engaged in impermissible forum shopping. If either party has engaged in forum shopping, it is O2 Micro, which chose to sue in Texas at a time when it had two lawsuits against MPS pending in this

7

District.[1]  The defendant has the burden to show that transfer of venue is appropriate, Commodity Futures, 611 F.2d at 279, and O2 Micro has not met that burden here.

CONCLUSION

For the foregoing reasons, Defendant O2 Micro's motion to transfer venue is DENIED.

IT IS SO ORDERED.

Dated: 12/13/04               /s/ CLAUDIA WILKEN
                              _____
                              CLAUDIA WILKEN
                              United States District Judge

---

[1] O2 Micro has an additional lawsuit against MPS, O2 Micro v. MPS, C 00-4071 CW, that was consolidated with O2 Micro v. MPS, C 01-3995 CW on December 20, 2001.

8