1  COUNSEL LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>Defendant. | Case No. C 07-02363 CW<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[CIVIL LOCAL RULE 16-9]**<br><br>Date:      August 7, 2007<br>Time:      2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge:     Honorable Claudia Wilken |

Pursuant to the Court's May 8, 2007 Order (D.I. 9) and Civil Local Rule 16-9, the parties submit the following Joint Case Management Statement.

## I. JURISDICTION AND SERVICE.

This action is filed pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of resolving an actual and justiciable controversy between the parties hereto. The parties dispute the existence of an actual and justiciable controversy sufficient to confer jurisdiction. (*See* D.I. 11 [O2 Micro's Mot. to Dismiss for Lack of Subject Matter Jurisdiction], D.I. 22 [MPS's Opp.].)

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent statutes of the United States. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because, *inter alia*, O2 Micro is an alien corporation organized under the laws of the Cayman Islands. O2 Micro is the sole defendant and was served with a copy of the Complaint and related papers on June 18, 2007. (D.I. 13.)

## II. KEY FACTS.

MPS is seeking a declaratory judgment that U.S. Patent No. 6,804,129 ("the '129 Patent") is not infringed, invalid, and unenforceable as a result of O2 Micro's inequitable conduct.

The parties have previously been involved in litigation relating to the '129 Patent. O2 Micro originally brought infringement claims under the '129 Patent against MPS in a Texas case that was ultimately transferred to this Court and consolidated with another pending action. *See O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc. et al.*, Case Nos. C 04-2000-CW and C 06-2929-CW (N.D. Cal. May 15, 2007). After consolidation, the parties entered a stipulated dismissal in which O2 Micro covenanted not to assert or reassert the '129 Patent against certain MPS products. The stipulated dismissal entered on October 11, 2006. O2 Micro contends the covenant is expressly limited to claims against MPS products identified in the stipulation. MPS is currently offering for sale half-bridge and full-bridge inverter controllers not explicitly listed in the stipulated dismissal and covenant not to sue.

O2 Micro is also separately asserting the '129 Patent against Hon Hai Precision Industry Co. ("Hon Hai"), an MPS customer. *O2 Micro v. Hon Hai Precision Industry Co.,* Case No. 05-0323 (E.D. Tex.). Hon Hai is accused of infringing the '129 Patent through its use of MPS

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1.

JOINT CASE MANAGEMENT STATEMENT
C 07-02363 CW

products that were explicitly listed in the stipulated dismissal and covenant not to sue.

## III. LEGAL ISSUES.

1. Whether this Court has and should exercise Article III jurisdiction over MPS's declaratory judgment claims.

2. Whether MPS is entitled to a declaratory judgment that it does not infringe any claim of the '129 Patent or, if any claim is infringed, that such claim is not valid.

3. Whether the claims of the '129 Patent are unenforceable due to inequitable conduct for failing to satisfy the duty of disclosure under 37 C.F.R. § 1.56 during prosecution before the PTO.

## IV. MOTIONS.

There have been no prior motions. The current pending motion is:

1. O2 Micro's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction. (D.I. 11.)

## V. AMENDMENT OF PLEADINGS.

O2 Micro has not yet answered the Complaint. MPS may amend its pleadings to reflect issues raised by O2 Micro's answer. Currently, the parties do not intend to add additional parties.

## VI. EVIDENCE PRESERVATION.

The parties have been involved in previous litigation relating to the '129 Patent and continue to be involved in separate litigation involving another patent in the same family. Accordingly, both parties have in place appropriate document preservation measures to retain evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES.

The parties have yet to make their initial disclosure pursuant to FED. R. CIV. P. 26(a)(1). The parties agree that such disclosures will be made within 14 days of O2 Micro's answer to the Complaint (should one be required).

## VIII. DISCOVERY.

The parties have yet to begin discovery. The parties intend to streamline the discovery process by making documents exchanged between the parties, discovery responses, and deposition testimony from prior litigations involving the same patent family available in this

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

2.

JOINT CASE MANAGEMENT STATEMENT
C 07-02363 CW

litigation to minimize duplicative effort.

IX. **CLASS ACTIONS.**

This litigation is not a class action.

X. **RELATED CASES.**

The patent-in-suit is part of a patent family that has been previously litigated. The following consolidated case has been related to this litigation pursuant to this Court's Order (D.I. 8):

- *O2 Micro v. MPS et al.*, Case Nos. C 04-2000-CW & C 06-2929-CW (N.D. Cal.)

The patent-in-suit is also currently at issue in the following litigations:

- *O2 Micro v. Hon Hai Precision Industry Co., Ltd.*, Case No. 05-0323 (E.D. Tex.)
- *O2 Micro v. Rohm Co., Ltd.*, Case No. 05-0211 (E.D. Tex.)

In addition, the patent-in-suit or related patents or both have previously been at issue in the following litigations:

- *O2 Micro v. MPS*, Case No. 01-3995 (N.D. Cal.)
- *O2 Micro v. Beyond Innovation Tech. Co, Ltd.*, Case No. 04-0032 (E.D. Tex.)
- *O2 Micro Int'l, Ltd. v. Samsung Elec. Co. Ltd.*, Case No. 04-0323 (E.D. Tex.)
- *O2 Micro Int'l, Ltd. v. Taiwan Sumida Elec., Inc.*, Case No. 03-0007 (E.D. Tex.)

XI. **RELIEF SOUGHT.**

MPS asks for judgment as follows:

1. For a declaration that its power inverter products do not infringe any valid and enforceable claim of the '129 Patent;

2. For an injunction preventing O2 Micro from bringing any other lawsuit or proceeding that places at issue the right to make, use, sell, or import into the United States, any MPS power inverter products that are at issue by virtue of the Complaint;

3. For a declaratory judgment that the claims of the '129 Patent are invalid and unenforceable;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

3.

JOINT CASE MANAGEMENT STATEMENT
C 07-02363 CW

1      **4.**    For a declaration that this is an exceptional case, entitling MPS to an award of its attorneys' fees and costs; and

3      **5.**    For any other relief that the Court determines is warranted.

O2 Micro asks that this lawsuit be dismissed for lack of declaratory judgment jurisdiction and it be awarded its attorneys' fees and costs in having to respond to this lawsuit.

## XII. SETTLEMENT AND ADR.

The parties have complied with the certification requirements of Civil Local Rule 16-8(b) and ADR L.R. 3-5(b). At the appropriate time, the parties intend to participate in mediation though a private mediator in an effort to resolve this dispute. There have been no ADR efforts to date specific to this action and the parties agree that it is premature to set a date for another mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.

The parties do not consent to a magistrate judge.

## XIV. OTHER REFERENCES.

None.

## XV. NARROWING OF ISSUES.

None.

## XVI. EXPEDITED SCHEDULE.

The parties believe that it is too early to tell if an expedited schedule is appropriate for this litigation. Depending on what products are accused of infringement, if any, the parties may be able to streamline some aspects of the case.

## XVII. SCHEDULING.

MPS seeks a declaratory judgment that its products do not infringe any valid claim of the '129 Patent and a declaratory judgment that the '129 Patent is unenforceable. Accordingly, the schedule for this action is determined by the Patent Local Rules, subject to modification of the Court. PATENT L.R. 1-2.

Because O2 Micro has yet to answer the Complaint, it remains unknown if this litigation will include claims for infringement. Accordingly, until the Complaint is answered, the schedule

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

4.

JOINT CASE MANAGEMENT STATEMENT
C 07-02363 CW

remains in flux. *See* PATENT L.R. 3-5 (describing a different schedule for declaratory judgment cases where there is no claim of infringement). Once O2 Micro answers the complaint (if one is required), the parties will propose a schedule for the case.

**XVIII. TRIAL.**

The parties agree to a jury trial. The parties expect the trial to last approximately two weeks. At this point, the parties believe that bifurcation of any issues is premature.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

Pursuant to Civil Local Rule 3-16, the parties certify that as of this date, other than the named parties, there are no interested entities or persons to report.

**PATENT LOCAL RULE 2-1 DISCLOSURES**

With respect to the additional topics contemplated in Patent L.R. 2-1, the parties agree that it is premature to address modifications to the deadlines or claim construction details given that it is unknown whether O2 Micro will be filing an answer or counterclaims alleging infringement. If O2 Micro alleges infringement, the parties will notify the Court regarding the Patent Local Rule Disclosure deadlines, as well as any modifications to the claim construction process.

Dated: July 31, 2007                                    COOLEY GODWARD KRONISH LLP

                                                        By: */s/ Matthew J. Brigham*
                                                              Matthew J. Brigham

                                                        THOMAS J. FRIEL, JR. (80065)
                                                        (tfriel@cooley.com)
                                                        MATTHEW J. BRIGHAM (191428)
                                                        (mbrigham@cooley.com)
                                                        COOLEY GODWARD KRONISH LLP
                                                        3000 El Camino Real
                                                        Five Palo Alto Square
                                                        Palo Alto, CA 94306
                                                        Telephone:    (650) 843-5000
                                                        Facsimile:    (650) 857-0663

                                                        JAMES P. BROGAN (155906)
                                                        (jbrogan@cooley.com)
                                                        COOLEY GODWARD KRONISH LLP
                                                        380 Interlocken Crescent, Suite 900
                                                        Broomfield, CO 80021-8023

Telephone: (720) 566-4000
Facsimile: (720) 566-4099

BRIAN E. MITCHELL (190095)
(bmitchell@cooley.com)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff Monolithic Power Systems, Inc.

Dated: July 31, 2007                    HOWREY LLP


                                        By: /s/Henry Su (with permission)
                                            Henry Su


                                        HENRY SU (211202) (suh@howrey.com)
                                        HOWREY LLP
                                        525 Market Street, Suite 3600
                                        San Francisco, CA 94105
                                        Telephone: (415) 848-4900
                                        Facsimile: (415) 848-4999

                                        Attorney for Defendant O2 Micro International, Limited

Filer's Attestation: Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: July 31, 2007                    By /s/ *Matthew J. Brigham*

757043 v3/PA