1  Henry C. Bunsow (SBN 060707)
   bunsowh@howrey.com
2  K.T. Cherian (SBN 133967)
   cheriank@howrey.com
3  Duane H. Mathiowetz (SBN 111831)
   mathiowetzd@howrey.com
4  Henry C. Su (SBN 211202)
   suh@howrey.com
5  HOWREY LLP
   525 Market Street, Suite 3600
6  San Francisco, California 94105
   Telephone: (415) 848-4900
7  Facsimile: (415) 848-4999

8  Attorneys for Defendant O2 Micro International Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>　　　　　Defendant. | Case No. C 07-02363-CW<br><br>**DEFENDANT O2 MICRO INTERNATIONAL LIMITED'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

HOWREY LLP

Def. O2 Micro's Answer to Complaint
Case No. C 07-02363-CW

Defendant O2 Micro International Limited ("O2 Micro") hereby answers the Complaint filed by Plaintiff Monolithic Power Systems, Inc. ("MPS").

1. In response to Paragraph 1 of the Complaint, O2 Micro admits that the Complaint purports to seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 but denies, for the reasons previously stated in its Motion to Dismiss papers (Docs. Nos. **11 & 29**), that the Complaint "presents an actual case or controversy under Article III of the United States Constitution and serves a useful purpose in clarifying and settling the legal rights at issue."

2. In response to Paragraph 2 of the Complaint, O2 Micro admits, without intending to waive its objections as to the existence of declaratory judgment jurisdiction, that subject matter jurisdiction otherwise exists under 28 U.S.C. § 1338(a).

3. O2 Micro admits the allegations of Paragraph 3 of the Complaint.

4. O2 Micro admits, without intending to waive its objections as to the existence of declaratory judgment jurisdiction, the allegations of Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, O2 Micro admits that MPS designs and sells power inverter controllers for use in DC to AC converters. O2 Micro lacks sufficient information to admit or deny the remaining allegations of Paragraph 5 and on that basis denies them.

6. O2 Micro admits the allegations of Paragraph 6 of the Complaint.

7. O2 Micro admits, without intending to waive its objections as to the existence of declaratory judgment jurisdiction, the allegations of Paragraph 7 of the Complaint.

8. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and on that basis denies them. More particularly, Paragraph 8 fails to identify which O2 Micro patents have allegedly been "repeatedly asserted" and which MPS customers and end-users of MPS's power inverter controller products have been the recipients of such "repeated assertions."

9. O2 Micro admits the allegations of Paragraph 9 of the Complaint insofar as they refer to the following lawsuits in which MPS products and O2 Micro patents, including the '129 patent, have been or are at issue: (1) *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., et al.,* Case Nos. 2:04-cv-00359-TJW (E.D. Tex.) & C 06-02929-CW (N.D. Cal.); (2) *O2 Micro Int'l Ltd. v. Samsung Elecs. Co., Ltd., et al.,* Case No. 2:04-cv-00323-TJW (E.D. Tex.); and *O2 Micro Int'l Ltd. v. Hon Hai Precision*

*Indus. Co., Ltd., et al.,* No. 2:05-cv-00323-CE (E.D. Tex.). Except as specifically admitted herein, O2 Micro denies the allegations of Paragraph 9.

10. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and on that basis denies them. More specifically, Paragraph 10 fails to identify with any modicum of particularity the MPS power inverter controller products that are the apparent subject of this allegation.

11. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint and on that basis denies them. O2 Micro further avers that (1) it has no knowledge or awareness of the MPS power inverter controller products, and devices built using these unspecified products, that are the apparent subject of this allegation (indeed, what documents MPS submitted regarding these products were filed under seal) and (2) it has not communicated to MPS, or caused to be communicated to MPS on its behalf, any contention of infringement regarding these unspecified products and devices.

12. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and on that basis denies them.

13. Paragraph 13 of the Complaint does not require a separate response from O2 Micro.

14. O2 Micro denies the allegations of Paragraph 14 of the Complaint.

15. O2 Micro denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint does not require a separate response from O2 Micro.

17. O2 Micro denies the allegations of Paragraph 17 of the Complaint.

18. O2 Micro denies the allegations of Paragraph 18 of the Complaint.

19. O2 Micro denies the allegations of Paragraph 19 of the Complaint because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '129 patent or other patents in the same family. O2 Micro further denies the allegations of Paragraph 19 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '129 patent, and hence it bears no relation to the invention of the '129 patent.

1   20.     In response to the allegations of Paragraph 20 of the Complaint, O2 Micro admits that it safeguarded the CIUH8D transformer design specifications as a trade secret. O2 Micro denies the remaining allegations of Paragraph 20 because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '129 patent or other patents in the same family. O2 Micro further denies the remaining allegations of Paragraph 20 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '129 patent, and hence it bears no relation to the invention of the '129 patent.

21.     O2 Micro denies the allegations of Paragraph 21 of the Complaint.

22.     O2 Micro denies the allegations of Paragraph 22 of the Complaint because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '129 patent or other patents in the same family. O2 Micro further denies the allegations of Paragraph 22 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '129 patent, and hence it bears no relation to the invention of the '129 patent.

23.     In response to the allegations of Paragraph 23 of the Complaint, O2 Micro admits that Dr. Lin, the inventor of the patents-in-suit, testified in connection with Case Nos. C 00-04071 CW and C 01-03995 CW, which were previously pending in this Court. O2 Micro denies the remaining allegations of Paragraph 23 because they are misleading. MPS is selectively citing to and mischaracterizing snippets from Dr. Lin's trial testimony without providing the proper context, and while ignoring other, more pertinent testimony and evidence.

24.     O2 Micro denies the allegations of Paragraph 24 of the Complaint.

25.     O2 Micro denies the allegations of Paragraph 25 of the Complaint.

26.     O2 Micro denies the allegations of Paragraph 26 of the Complaint.

27.     O2 Micro admits the allegations of Paragraph 27 of the Complaint.

28.     O2 Micro admits the allegations of Paragraph 28 of the Complaint.

29.     O2 Micro denies the allegations of Paragraph 29 of the Complaint because Dr. Lin's doctoral dissertation is not a material prior art to the '129 patent or other patents in the same family.

1  30. O2 Micro denies the allegations of Paragraph 30 of the Complaint because Dr. Lin's doctoral dissertation is not a material prior art to the '129 patent or other patents in the same family.

2  31. O2 Micro denies the allegations of Paragraph 31 of the Complaint.

3  32. O2 Micro denies the allegations of Paragraph 32 of the Complaint.

4  33. O2 Micro denies the allegations of Paragraph 33 of the Complaint.

5  34. O2 Micro denies the allegations of Paragraph 34 of the Complaint because they misleadingly suggest that the OZ960A, OZ960AS and OZ962 were each on sale or offered for sale in this country beginning in or about 1996.

6  35. O2 Micro denies the allegations of Paragraph 35 because they misleadingly suggest that the OZ960A, OZ960AS and OZ962 disclose the feedback control circuitry and open lamp protection circuitry of the '129 patent or other patents in the same family.

7  36. In response to the allegations of Paragraph 36 of the Complaint, O2 Micro admits that under the patent laws of the United States, a patent is invalid if its claimed subject matter was described in a printed publication, in public use, or on sale in this country more than one year prior to the date of the application for patent in the United States. O2 Micro denies the remaining allegations of Paragraph 36 because the OZ960A, OZ960AS and OZ962 are not prior art— much less material prior art— to the '129 patent or other patents in the same family.

8  37. O2 Micro denies the averments of Paragraph 37 because the OZ960A, OZ960AS and OZ962 are not prior art— much less material, non-cumulative prior art— to the '129 patent or other patents in the same family, and hence cannot be said to have been material to the prosecution of the '129 patent.

9  38. O2 Micro denies the allegations of Paragraph 38 of the Complaint.

10  39. O2 Micro denies the allegations of Paragraph 39 of the Complaint.

11  40. O2 Micro denies the allegations of Paragraph 40 of the Complaint.

12  41. In response to the allegations of Paragraph 41 of the Complaint, O2 Micro admits that on or about October 2001, it filed a civil action against MPS in the United States District Court for the Northern District of California alleging that MPS's CCFL inverter products infringed the '615 patent,

Case No. C-01-3995 ("the '615 action"). O2 Micro denies the remaining allegations of Paragraph 41 because O2 Micro lacks sufficient knowledge about the MP1010.

42. O2 Micro denies the allegations of Paragraph 42 of the Complaint because MPS did not produce any evidence in the '615 action showing that the MP1010 was a material prior art to the '615 patent.

43. Paragraph 43 does not require a separate response from O2 Micro.

44. O2 Micro denies the allegations of Paragraph 44 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

45. O2 Micro denies the allegations of Paragraph 45 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

46. O2 Micro denies the allegations of Paragraph 46 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

47. In response to Paragraph 47 of the Complaint, O2 Micro admits that under the patent laws of the United States, a patent is invalid if its claimed subject matter was known or used by another in the United States, or was made in the United States by another who had not abandoned, suppressed or concealed the claimed subject matter, before the invention date of the applicant for the patent. O2 Micro denies the remaining allegations of Paragraph 47 because the MP1010 is not a material prior art to the '722 and '129 patents.

48. O2 Micro denies the allegations of Paragraph 48 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

49. O2 Micro denies the allegations of Paragraph 49 of the Complaint.

50. O2 Micro denies the allegations of Paragraph 50 of the Complaint.

51. O2 Micro denies the allegations of Paragraph 51 of the Complaint.

52. The section of MPS's Complaint that constitutes its Prayer for Relief does not require a separate response from O2 Micro. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, O2 Micro denies each and every such allegation. O2 Micro denies that MPS is entitled to any relief, either as requested in MPS's Complaint or otherwise.

# GENERAL DENIAL

53. O2 Micro further denies any of the allegations in MPS's Complaint not specifically admitted in the responses set forth above in Paragraphs 1-52.

# AFFIRMATIVE DEFENSES

### First Affirmative Defense

54. MPS's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

55. MPS's Complaint fails to state an actual case or controversy sufficient to invoke jurisdiction under the Declaratory Judgment Act.

### Third Affirmative Defense

56. MPS's Complaint is barred by the equitable doctrines of laches, unclean hands, waiver and estoppel.

### Fourth Affirmative Defense

57. MPS's Complaint is barred by the doctrines of res judicata and collateral estoppel.

### Fifth Affirmative Defense

58. Whatever conduct O2 Micro has been accused of engaging in with respect to the '129 patent is lawful, privileged and immune as a proper exercise of its right to exclude granted by 35 U.S.C. § 271 and other provisions of the Patent Act.

### Sixth Affirmative Defense

59. The '129 patent is valid and enforceable, and is presumed to be valid and enforceable under 35 U.S.C. § 282.

### Seventh Affirmative Defense

60. Dr. Lin's Ph.D. dissertation, the OZ960A/AS and OZ962 inverters and the MP1010 integrated circuit are not material and non-cumulative prior art as to any of the asserted patents. Nor is any of these references invalidating prior art.

### Eighth Affirmative Defense

61. Any alleged omission of Dr. Lin's Ph.D. dissertation, the OZ960A/AS, OZ962 and OZ969 inverters and/or the MP1010 integrated circuit from an information disclosure statement

submitted in a patent application related to any of the '615, '722 and '129 patents was neither knowingly nor willfully fraudulent. Any alleged omission of any of these references from an information disclosure statement submitted in a patent application related to any of the '615, '722 or '129 patent was not made with the clear intent to deceive the patent examiner. *See* 03/21/07 Memorandum Opinion and Order, *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd., et al.,* Case No. 2:04-cv-00032-TJW (E.D. Tex.) (Doc. No. **424**).

### Ninth Affirmative Defense

62. O2 Micro has neither violated the best mode requirement nor committed any inequitable conduct by allegedly failing to disclose the details of its CIUH8D transformer design to the Patent and Trademark Office in connection with a patent application related to any of the '615, '722 and '129 patents. The CIUH8D transformer design is not a relevant— much less material— aspect of the disclosure of the invention of the '615, '722 and '129 patents, and its alleged nondisclosure or omission from the specification was not knowingly or willfully fraudulent, nor made with the clear intent to deceive the patent examiner. *See* 02/08/07 Order Denying MPS's Mot. Summ. J. of Invalidity of the '722 Patent and Denying ASUSTeK's Mot. Summ. J., *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.,* Consolidated Case No. C 04-02000-CW (N.D. Cal.) (Doc. No. **742**).

### Tenth Affirmative Defense

63. MPS's Complaint lacks a good faith basis under Rule 11 of the Federal Rules of Civil Procedure.

### Statement Regarding Counterclaims

64. O2 Micro incorporates by reference its responses set forth in Paragraphs 1-63 above.

65. Rule 13(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] pleading shall state as a counterclaim any claim which *at the time of serving the pleading the pleader has against any opposing party,* if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (Emphasis added.)

66. As stated in Paragraphs 10 and 11 above, O2 Micro lacks sufficient information regarding any MPS power inverter controller products, and devices built using these unspecified products, that are the apparent subject of MPS's Complaint.

67. On information and belief, none of the technical information concerning these unspecified products, including part numbers, data sheets and schematics, is publicly available, as evidenced by the filing under seal of Exhibit 10 to the July 26, 2007 Declaration of Matthew J. Brigham in Support of MPS's Opposition to O2 Micro's Motion to Dismiss. *See* 07/26/07 Brigham Decl. in Support of MPS's Admin. Mot. to File under Seal ¶ 4 (Doc. No. **21**) (stating that Exhibit 10 "contains technical information related to an MPS inverter controller product that MPS considers to be highly confidential").

68. O2 Micro therefore lacks sufficient information at this time upon which to form a good faith basis under Rule 11 of the Federal Rules of Civil Procedure for asserting a counterclaim for infringement of the '129 patent.

69. If and when O2 Micro obtains sufficient information through discovery in this action to determine whether it has good faith basis for asserting a counterclaim for infringement of the '129 patent, it will present such a counterclaim, if any, by way of a supplemental pleading as permitted under Rule 13(e) of the Federal Rules of Civil Procedure.

70. O2 Micro does not intend, by any statement set forth in this Answer, to waive any counterclaim that may hereafter mature or be acquired, with respect to the '129 patent or otherwise.

**Jury Demand**

71. Under Rule 38 of the Federal Rules of Civil Procedure, O2 Micro hereby demands a trial by jury of any and all issues so triable that arise out of or relate to MPS's Complaint and/or O2 Micro's affirmative defenses thereto.

WHEREFORE, O2 Micro prays for judgment and seeks relief against MPS as follows:

(a) For judgment that the '129 patent is valid and enforceable;

(b) For dismissal with prejudice of MPS's Complaint;

(c) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(d) For all costs of suit, including an award of costs for vexatious litigation under 28 U.S.C. § 1927; and

(e) For such other and further relief as the Court may deem just and proper.

Dated: August 27, 2007                    HOWREY LLP


                                          By: /s/Henry C. Su
                                                  Henry C. Su

                                          Attorneys for Plaintiff
                                          O2 Micro International Limited

HOWREY LLP

Def. O2 Micro's Answer to Complaint                - 9 -
Case No. C 07-02363-CW