1  COUNSEL LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>            Defendant. | Case No. C 07-02363 CW<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>**[CIVIL LOCAL RULE 16-9]**<br><br>Date:      September 11, 2007<br>Time:      2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge:     Honorable Claudia Wilken |

In light of recent developments since the original Joint Case Management Statement (D.I. 26), the parties submit the following Supplemental Joint Case Management Statement.

## I. JURISDICTION AND SERVICE.

This action is filed pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of resolving an actual and justiciable controversy between the parties hereto. O2 Micro disputes the existence of an actual and justiciable controversy sufficient to confer jurisdiction. (*See* D.I. 11). On August 13, 2007, the Court denied O2 Micro's motion to dismiss. (D.I. 33).

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent statutes of the United States. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because, *inter alia*, O2 Micro is an alien corporation organized under the laws of the Cayman Islands. O2 Micro is the sole defendant and was served with a copy of the Complaint and related papers on June 18, 2007. (D.I. 13.)

## II. KEY FACTS.

MPS is seeking a declaratory judgment that U.S. Patent No. 6,804,129 ("the '129 Patent") is not infringed, invalid, and unenforceable as a result of O2 Micro's inequitable conduct. O2 Micro denies the allegations and asserts that it lacks sufficient information to assert a counterclaim for patent infringement at this time.

The parties have previously been involved in litigation relating to the '129 Patent. O2 Micro originally brought infringement claims under the '129 Patent against MPS in a Texas case that was ultimately transferred to this Court and consolidated with another pending action. *See O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc. et al.*, Case Nos. C 04-2000-CW and C 06-2929-CW (N.D. Cal. May 15, 2007). After consolidation, the parties entered into a stipulated dismissal in which O2 Micro covenanted not to assert or reassert the '129 Patent against certain MPS products. The stipulated dismissal was filed on October 11, 2006. O2 Micro contends the covenant, by its plain language, is expressly limited to claims against MPS products identified in the stipulation. MPS contends that the patent exhaustion doctrine bars O2 Micro's claims against MPS customers and others using the MPS products subject to the covenant not to sue. MPS is also currently offering for sale half-bridge and full-bridge inverter controllers not explicitly listed

in the stipulated dismissal and covenant not to sue.

O2 Micro is also separately asserting the '129 Patent against Hon Hai Precision Industry Co. ("Hon Hai"), an MPS customer. *O2 Micro v. Hon Hai Precision Industry Co.,* Case No. 2:05-cv-00323-CE (E.D. Tex.). Hon Hai is accused of infringing the '129 Patent through its use of MPS products that were explicitly listed in the stipulated dismissal and covenant not to sue. Hon Hai asserts that the covenant not to sue exhausts O2 Micro's rights and Hon Hai is an implied licensee. O2 Micro contends that the stipulated dismissal and covenant not to sue has no impact on Hon Hai. Trial in the *O2/Hon Hai* action is scheduled to begin on October 23, 2007.

### A.     MPS Separate Statement

The description above shows that O2 Micro is continuing to engage in blatant forum-shopping and unless this Court acts to stop it, O2 Micro may succeed in improperly circumventing the Orders of this Court. Even though MPS has succeeded in defeating every one of O2 Micro's asserted patents, O2 Micro persists in trying to do an end-run around this Court to assert its patents against MPS customers in Texas. The repeated judgments from this Court will be rendered meaningless if O2 Micro is not stopped from doing so.

O2 Micro's forum shopping tactics have been well documented. In 2003, despite having a case pending against MPS before this Court, O2 Micro chose to sue MPS customer Sumida in Texas. In 2004-2005, despite having two cases pending before this Court against MPS, O2 Micro chose to sue (1) MPS and its customers ASUSTeK and Compal, (2) MPS customer Samsung, and (3) MPS customer Hon Hai, all in Texas. During that same four year time period, O2 Micro's actions against MPS in this Court have resulted in summary judgment that MPS's products do not infringe the '615 patent, a jury declaring the '722 patent invalid (and most claims not infringed either literally or by equivalents), and a Stipulated Dismissal of O2 Micro's '129 infringement claims against all of the MPS products at issue in that action.

While the prejudice of most of O2 Micro's forum shopping has been lessened by transfers (MPS/ASUSTeK/Compal) and dismissals (Samsung), or temporarily reduced by a stay by the Federal Circuit (Sumida), one large piece of O2 Micro's forum-shopping strategy remains

pending in Texas – the *Hon Hai* case.[1] As a result, it is possible that in a few short months, a Texas jury will be asked to find that Hon Hai's use of MPS products infringe the '129 patent, even though O2 Micro granted MPS complete freedom to sell those same MPS products to Hon Hai in an action pending before this Court.

O2 Micro's tactical decision to not file a counterclaim of infringement in this case is concrete evidence of O2 Micro's improper attempt to forum-shop and avoid this Court. In its answer, O2 Micro claims that it "lacks sufficient information" to determine whether the MPS products, including MPS's MP1008 half-bridge product, infringes the '129 patent. (D.I. 35). As even O2 Micro recognizes in its answer, a counterclaim for infringement is compulsory. *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.* 347 F.3d 935, 938 (Fed. Cir. 2003) ("this court reiterates that a claim for a declaration of noninfringement makes a counterclaim for patent infringement compulsory.") Accordingly, O2 Micro has now waived its right to ever allege infringement of the '129 patent by MPS or MPS's customers (since O2 Micro's assertion of the patent against MPS's customers was one of the grounds for the lawsuit). *Id.* ("a failure to assert a compulsory counterclaim constitutes a waiver of that claim.")

O2 Micro attempted to reserve its rights to bring its infringement claim at some later point in time by contending that *at this time* it does not have a claim. O2 Micro, however, is telling this Court a completely different story than it told its forum of choice – Texas. In the *Hon Hai* case, just a little over two months ago, O2 Micro repeatedly represented to the Texas Court (in the hopes of defeating Hon Hai's summary judgment motions) that:

> "at least the following additional Hon Hai inverter controller modules, inter alia, infringe some or all of the asserted claims of the three patents-in-suit:[2] those using . . . the MP1008"

> "O2 Micro has preliminarily found that at least the following additional Hon Hai inverter controller modules, inter alia, infringe some or all of the asserted claims of the three patents-in-suit: those using the . . . MP1008"

---

[1] Hon Hai's motion to transfer from Texas to California has been pending for fifteen months.
[2] As this Court is aware, O2 Micro's '615 and '722 patents only cover full-bridge products. As a result, the only patent that O2 Micro could have been referencing is the '129 patent (which O2 alleges covers half-bridge products).

> "Nor does the stipulated dismissal preclude O2 Micro from suing the named defendants for infringement of the '129 patent due to their use of any MPS chips not identified in the stipulated dismissal, such as the MP1008"

Exhibit A (cited pages only).

Thus, it is blatantly apparent that O2 Micro either made misrepresentations to the Texas Court about the alleged infringement by the MP1008 (in order to create a cloud of uncertainty over the products) or O2 Micro is trying to avoid this Court by not bringing a counterclaim for infringement and is trying to reserve its ability to go after the products in Texas.[3]  O2 Micro cannot be allowed to game the system in this way.

O2 Micro's handling of the covenant not to sue, approved by this Court, is another example of forum-shopping. Faced with having to litigate its '129 infringement claims against MPS in this Court, O2 Micro decided to drop its claims against MPS. O2 Micro covenanted not to sue MPS on a long list of products. O2 Micro argued that this removed this Court's jurisdiction over any dispute focused on the '129 patent, including MPS's counterclaims for invalidity and unenforceability. The Court signed the dismissal and the case proceeded to trial on the '722 patent. At the time, O2 Micro represented to Hon Hai that it would drop its claims against Hon Hai as well. Exh. B. What O2 Micro has turned its patent war into, however, is a three-ring circus act (California, Texas, and the Federal Circuit) designed to end-run the jurisdiction of this Court and this Court's orders and judgments.

Indeed, once the MPS dismissal was in place, O2 Micro revoked its promise to dismiss the claims against Hon Hai. Exh. C. It then opposed Hon Hai's motion for summary judgment that O2 Micro's '129 patent rights related to MPS products were exhausted and that Hon Hai was an implied licensee as a result of the covenant not to sue.[4]  Thereafter, rather than dropping the licensed MPS products, O2 Micro actually added more MPS products to its '129 infringement allegations – all of which are specifically named in the '129 covenant not to sue.

As a result of O2 Micro's maneuverings, the MPS products that were subject to this

---

[3] O2 Micro's current infringement contentions in the Hon Hai case does not include the MP1008, yet in the past, this has not stopped O2 Micro from seeking a last minute amendment to its contentions or filing an entirely new lawsuit in Texas.
[4] Hon Hai's motion for summary judgment is still pending.

Court's express dismissal may well be subject to trial in Texas in October. If Hon Hai is found to infringe and an injunction is entered, this Court's jurisdiction will be completely thwarted and MPS seriously harmed because the injunction against Hon Hai would discourage other MPS customers from buying the very products O2 Micro expressly agreed MPS could sell. The covenant not to sue would be rendered worthless by O2 Micro's forum shopping.

MPS therefore respectfully requests that this case be heard in an expedited manner. An expedited schedule is entirely reasonable given that MPS is willing and able to quickly proceed with its invalidity and unenforceability claims, claim construction issues have already been briefed and decided, and this Court has substantial experience with the relevant invalidity and unenforceability issues. For example, the same on-sale bar defense that invalidated the '722 patent equally applies to the '129 patent. Similarly, the same inequitable conduct defense based on early O2 Micro Two-Signal Controllers applies, except this time, O2 Micro cannot argue that the patent is directed only at full-bridge technology.[5]

As outlined below, MPS proposes a combination of procedures to accomplish the end result – preventing O2 Micro from improperly asserting its claims in Texas against Hon Hai's use of the covered MPS parts.

### B.    O2 Micro's Response to MPS's Separate Statement

MPS includes in the "Key Facts" section a "separate statement" that consists purely of argument based on a gross distortion of the facts. Such rhetoric does not belong in a joint case management statement but given MPS's resolve to include it, with or without O2 Micro's consent, O2 Micro has no choice but to respond.

MPS's separate statement reveals that its filing of this action is nothing more than a calculated attempt to derail the progress of the *Hon Hai* case, which is going to trial on October 23, 2007 on O2 Micro's claims of infringement of the '615 and '129 patents. At a hearing on Friday, August 31, 2007, the Honorable Charles Everingham IV of the United States District Court for the Eastern District of Texas severed and stayed O2 Micro's claims of infringement of

---

[5] In contrast to the '722 patent, which claims a "full bridge configuration," the '129 patent only claims a "plurality of switches."

the '722 patent so that the *Hon Hai* case may proceed forthwith without entanglement with the post-verdict motions and other post-trial proceedings involving the '722 patent in Case No. C04-02000-CW, pending in this Court. Completely ignoring the fact that O2 Micro's infringement claims relating to the '615 and '129 patents do not involve only inverter modules incorporating MPS-designed controllers, MPS—and Hon Hai—have evidently schemed to "propose[] a combination of procedures to accomplish the end result—preventing O2 Micro from improperly asserting its claims in Texas against Hon Hai's use of the covered MPs parts." It is MPS who is gaming the system by using this lawsuit as part of a strategic ploy to interfere with the progress of the *Hon Hai* case.

MPS's misrepresentations to the contrary, O2 Micro has never expressly accused the MP1008 product of infringing the '129 patent. It was in *opposition* to Hon Hai's motion for summary judgment of noninfringement of *the '615 patent* that O2 Micro responded as follows:

> Information that Hon Hai produced on June 7, 2007 in response to this Court's May 23, 2007 Discovery Order confirms that at least the following additional Hon Hai inverter controller modules, *inter alia*, infringe some or all of the asserted claims of the three patents-in-suit: those using . . . the MP1008, MP1017, MP1028, MP1035, MP1038, MP1060 and MP1061 inverter controller chips made by MPS.

(06/20/07 O2 Micro MSJ Opp. at 1; *see also id.* at 4 ("O2 Micro has preliminarily found that at least the following additional Hon Hai inverter controller modules, *inter alia*, infringe some or all of the asserted claims of the three patents-in-suit: those using . . . the MP1008, MP1017, MP1028, MP1035, MP1038, MP1060 and MP1061 chips made by MPS."). The only other mention of the MP1008 in O2 Micro's Opposition appeared in the following sentence, in which O2 Micro was simply making clear that its covenant-not-to-sue with respect to the '129 patent applied only to accused MPS controllers identified in the Stipulation, and did not apply to non-accused MPS controllers not identified in the Stipulation, "such as the MP1008, MP1017, MP1028, MP1060, or MP1061 chips." (*Id.* at 7.) In making this statement, O2 Micro was not expressly accusing the MP1008 or any other MPS controller of infringing the '129 patent, or any other O2 Micro patent.

Moreover, when O2 Micro subsequently moved to amend its infringement contentions, it did not accuse the MP1008 of infringing any of its patents, including the '129 patent. (*See*

07/09/07 O2 Micro Mot. to Amend, Ex. 1.)  As amended, the only MPS controllers at issue with respect to the '129 patent are the MP1010, MP1011A, MP1013, MP1015, MP1016, MP1035 and MP1038. (*Id.* (Exs. G & H to proposed infringement contentions).)

It is telling that in support of its spurious claim that there is an actual case or controversy with respect to infringement of the '129 patent by the MP1008, MPS has to rely upon its mischaracterizations of statements made by O2 Micro *after the Complaint was filed on May 1, 2007*.  This further confirms that MPS lacked a good faith basis under Rule 11, at the time it filed its Complaint, for alleging that an actual case or controversy existed with respect to whether any of its products not accused of infringement in any pending lawsuit infringe the '129 patent. (Compl. ¶¶ 11, 14.)

In conclusion, this Court should not condone MPS's blatant attempt to generate new litigation for the sole purpose of altering the course of the *Hon Hai* case.  Importantly, this Court does not need to waste time and judicial resources hearing MPS's interpretation and arguments with respect to the scope of O2 Micro's covenant-not-to-sue because Hon Hai has already raised and briefed the very same arguments in one of its motions for summary judgment filed on May 14, 2007.  This Court also does not need to waste time and judicial resources entertaining MPS's defenses of invalidity and unenforceability with respect to the '129 patent because Hon Hai, who is represented by the same counsel, will presumably litigate these defenses at the upcoming trial. MPS's proposal to set an expedited schedule for the adjudication of the very same issues with respect to the covenant-not-to-sue, invalidity and unenforceability (1) creates the palpable risk of wasteful, inconsistent rulings and judgments from two sister courts deciding the issues in parallel, and (2) improperly provides Hon Hai and MPS with "two bites at the apple" on their common defense theories.

III.   **LEGAL ISSUES.**

    **1.**   Whether MPS is entitled to a declaratory judgment that it does not infringe any claim of the '129 Patent or, if any claim is infringed, that such claim is not valid.

    **2.**   Whether the claims of the '129 Patent are unenforceable due to inequitable conduct for failing to satisfy the duty of disclosure under 37 C.F.R. § 1.56 during prosecution before the PTO.

7.

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT
C 07-02363 CW

1     O2 Micro notes that other legal issues may arise depending on whether additional claims and/or counterclaims are added.

### IV. MOTIONS.

There has been one prior motion, which was denied: O2 Micro's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction. (D.I. 11.)

With the Court's permission, MPS contemplates immediately filing a motion for preliminary injunction and/or motion for summary judgment relating to the scope of the covenant not to sue granted to MPS.

MPS also contemplates filing dispositive motions pursuant to the schedule below.

With the Court's permission, O2 Micro would seek reconsideration of the August 13, 2007 Order denying its Motion to Dismiss.

### V. AMENDMENT OF PLEADINGS.

Currently, the parties do not intend to add additional parties.

### VI. EVIDENCE PRESERVATION.

The parties have been involved in previous litigation relating to the '129 Patent and continue to be involved in separate litigation involving another patent in the same family. Accordingly, both parties have in place appropriate document preservation measures to retain evidence relevant to the issues reasonably evident in this action.

### VII. DISCLOSURES.

The parties will make their initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on September 17, 2007.

### VIII. DISCOVERY.

The parties have yet to begin discovery. The parties intend to streamline the discovery process by making documents exchanged between the parties, discovery responses, and deposition testimony from prior litigations involving the same patent family available in this litigation to minimize duplicative effort.

### A. O2 Micro Separate Statement

As O2 Micro has indicated in its Answer, it lacks sufficient information with which to assert a counterclaim for infringement of the '129 patent against either the MP1008 or the non-descript VION brand of controller products. Thus far, MPS has produced under an "Attorneys' Eyes Only" designation only a datasheet for the MP1008. No other product information has been provided to O2 Micro through discovery, nor does there appear to be any publicly available information relating to either the MP1008 controller or the VION brand of controllers. To make an accusation of infringement in good faith, O2 Micro needs more than just a datasheet or a brand name; schematics, reference designs and application notes, along with samples of the products (both controllers and modules) for which MPS seeks declaratory relief should be provided. Accordingly, if this Court declines to dismiss the case, then O2 Micro proposes that MPS be ordered to provide the requisite technical information on the products for which it seeks declaratory relief within forty-five (45) days, and that O2 Micro have forty-five (45) days to review the technical information and determine whether it will accuse any such products of infringing the '129 patent.

### B. MPS Separate Statement

Based on O2 Micro's actions prior to MPS filing suit, and statements made by O2 Micro in the Hon Hai case after MPS filed suit, MPS questions O2 Micro's assertion that it does not have enough information to determine whether one or more of the MPS parts infringe. As outlined above, O2 Micro's decision not to file a counterclaim appears to be a tactical decision. As a result, O2 Micro has waived its ability to bring a counterclaim. MPS does not agree with a schedule which would give O2 Micro an automatic opportunity to bring claims later when O2 Micro could have made a decision now.

### IX. CLASS ACTIONS.

This litigation is not a class action.

### X. RELATED CASES.

The patent-in-suit is part of a patent family that has been previously litigated. The following consolidated case has been related to this litigation pursuant to this Court's Order

(D.I. 8):

- *O2 Micro v. MPS et al.*, Case Nos. C 04-2000-CW & C 06-2929-CW (N.D. Cal.)

The patent-in-suit is also currently at issue in the following litigations:

- *O2 Micro v. Hon Hai Precision Industry Co., Ltd.*, Case No. 05-0323 (E.D. Tex.)
- *O2 Micro v. Rohm Co., Ltd.*, Case No. 05-0211 (E.D. Tex.)

In addition, the patent-in-suit or related patents or both have previously been at issue in the following litigations:

- *O2 Micro v. MPS*, Case No. 01-3995 (N.D. Cal.)
- *O2 Micro v. Beyond Innovation Tech. Co, Ltd.*, Case No. 04-0032 (E.D. Tex.)
- *O2 Micro Int'l, Ltd. v. Samsung Elec. Co. Ltd.*, Case No. 04-0323 (E.D. Tex.)
- *O2 Micro Int'l, Ltd. v. Taiwan Sumida Elec., Inc.*, Case No. 03-0007 (E.D. Tex.)

## XI. RELIEF SOUGHT.

MPS asks for judgment as follows:

1. For a declaration that its power inverter products do not infringe any valid and enforceable claim of the '129 Patent;
2. For an injunction preventing O2 Micro from bringing or continuing to pursue any other lawsuit or proceeding that places at issue the right to make, use, sell, or import into the United States, any MPS power inverter products that are at issue by virtue of the Complaint;
3. For a declaratory judgment that the claims of the '129 Patent are invalid and unenforceable;
4. For a declaration that this is an exceptional case, entitling MPS to an award of its attorneys' fees and costs; and
5. For any other relief that the Court determines is warranted.

O2 Micro asks:

1. For judgment that the '129 patent is valid and enforceable;
2. For dismissal with prejudice of MPS's Complaint;
3. For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise

        permitted by law;

**4.**    For all costs of suit, including an award of costs for vexatious litigation under 28 U.S.C. § 1927; and

**5.**    For such other and further relief as the Court may deem just and proper.

### XII. SETTLEMENT AND ADR.

The parties have complied with the certification requirements of Civil Local Rule 16-8(b) and ADR L.R. 3-5(b). At the appropriate time, the parties intend to participate in mediation though a private mediator in an effort to resolve this dispute. There have been no ADR efforts to date specific to this action and the parties agree that it is premature to set a date for another mediation.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES.

The parties do not consent to a magistrate judge.

### XIV. OTHER REFERENCES.

None.

### XV. NARROWING OF ISSUES.

None.

### XVI. EXPEDITED SCHEDULE.

With the Court's permission, MPS contemplates immediately filing a motion for preliminary injunction and/or motion for summary judgment relating to the scope of the covenant not to sue granted to MPS. The issue of whether O2 Micro can continue to enforce the '129 patent against MPS's customers, including Hon Hai, will not require any discovery. The issue is a matter of legal interpretation based on the reading of the covenant and interpretation of case law. These motions could be filed within one week of the scheduling conference, with the desire that the Court would rule in time for the ruling to impact the upcoming Hon Hai trial.

With respect to the issues of invalidity and unenforceability, MPS proposes the condensed schedule set forth in Section XVII below. Infringement issues would be handled separately if O2 Micro is granted leave at some later point in time to assert a counterclaim of infringement.

## XVII. SCHEDULING.

MPS sought a declaratory judgment of non-infringement, invalidity, and unenforceability of the '129 patent. Because O2 Micro did not assert a claim for patent infringement in its answer, the schedule set forth in Patent L.R. 3-5 governs. In addition, the terms of the '129 patent have been construed by Judge Ward in the Eastern District of Texas. Given the deference this Court showed to Judge Ward's prior constructions on the '615 and '722 patent, the parties do not believe it would be a good use of judicial resources to engage in the claim construction process again. MPS reserves its rights, however, to challenge any claim construction on appeal based on the arguments made by O2 Micro, Hon Hai Precision, and MPS in the *O2 Micro v. Hon Hai Precision* case and *O2 Micro v. MPS, ASUSTeK, Compal, and ASMC* case. If necessary to preserve appeal, the parties could submit the already completed claim construction briefing that was submitted in those cases for this Court's consideration. O2 Micro takes the position that MPS cannot preserve any claim construction arguments for appeal if it chooses not to ask for any construction. If there are no claim construction proceedings relating to the '129 patent, then the Federal Circuit has nothing to review and cannot simply allow MPS to raise for the first time on appeal arguments that other parties may have made in other proceedings.

MPS does not believe that the schedule should be delayed simply because O2 Micro made the tactical decision not to assert a counterclaim of infringement. As a result, MPS proposes the following schedule:

| Event | Date |
|---|---|
| MPS to comply with Patent L.R. 3-3 and 3-4(b) | September 17, 2007 |
| MPS to serve opening expert reports on invalidity and unenforceability | September 17, 2007 |
| O2 Micro to serve rebuttal expert reports on invalidity and unenforceability | October 1, 2007 |
| Parties to file dispositive motions on invalidity and unenforceability | October 9, 2007 |

| Hearing on dispositive motions | November 13, 2007 |

O2 Micro proposes the following alternative schedule, consistent with its position in Section VIII above:

| | |
|---|---|
| MPS to identify all products at issue in its request for declaratory relief and to produce technical discovery with respect to such products. | October 26, 2007 |
| O2 Micro to decide whether to counterclaim for infringement of any such products and if so, to file appropriate counterclaims. | December 10, 2007 |
| Deadline to add additional parties or claims | December 10, 2007 |
| If there are counterclaims, O2 Micro to comply with Patent L.R. 3-1 and 3-2, and MPS's invalidity contentions under Patent L.R. 3-3 and 3-4 would be due 45 days thereafter. If there are no counterclaims, MPS to comply with Patent L.R. 3-3 and 3-4. | January 4, 2008 |
| Opening expert reports due on issues on which a party has the burden of proof [Fed. R. Civ. P. 26(a)(2)] | May 2, 2008 |
| Rebuttal expert reports due [Fed. R. Civ. P. 26(a)(2)] | June 6, 2008 |
| Fact and expert discovery cutoff | July 3, 2008 |
| O2 Micro serves and files its summary judgment motions and any supporting evidence | August 7, 2008 |
| MPS serves and files a responsive brief opposing O2 Micro's summary judgment | August 28, 2008 |

| | |
|---|---|
| motions and presenting MPS's summary judgment motions and supporting evidence | |
| O2 Micro serves and files a reply brief opposing MPS's summary judgment motions and replying on its summary judgment motions | September 18, 2008 |
| MPS serves and files a reply brief on its summary judgment motions | October 2, 2008 |
| Hearing on dispositive motions | November 6, 2008, 2:00 p.m. |
| The Court to schedule a further Case Management Conference approximately thirty days after the summary judgment rulings to set any further proceedings in the case, including any pretrial conference and trial, and any disclosures under Patent L.R. 3-6 to 3-8 | |

## XVIII. TRIAL.

The parties agree to a jury trial. The parties expect the trial to last approximately two weeks. At this point, the parties believe that bifurcation of any issues is premature.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.

Pursuant to Civil Local Rule 3-16, the parties certify that as of this date, other than the named parties, there are no interested entities or persons to report.

### PATENT LOCAL RULE 2-1 DISCLOSURES

As noted above, the parties do not believe that a claim construction hearing is necessary.

Dated: September 6, 2007                    COOLEY GODWARD KRONISH LLP

By: /s/ Matthew J. Brigham
    Matthew J. Brigham

| | |
|---|---|
| 1 | THOMAS J. FRIEL, JR. (80065)<br>(tfriel@cooley.com) |
| 2 | MATTHEW J. BRIGHAM (191428)<br>(mbrigham@cooley.com) |
| 3 | COOLEY GODWARD KRONISH LLP<br>3000 El Camino Real |
| 4 | Five Palo Alto Square<br>Palo Alto, CA  94306 |
| 5 | Telephone:        (650) 843-5000<br>Facsimile:         (650) 857-0663 |
| 6 | |
| 7 | JAMES P. BROGAN (155906)<br>(jbrogan@cooley.com)<br>COOLEY GODWARD KRONISH LLP |
| 8 | 380 Interlocken Crescent, Suite 900<br>Broomfield, CO  80021-8023 |
| 9 | Telephone:        (720) 566-4000<br>Facsimile:         (720) 566-4099 |
| 10 | |
| 11 | BRIAN E. MITCHELL (190095)<br>(bmitchell@cooley.com)<br>COOLEY GODWARD KRONISH LLP |
| 12 | 101 California Street, 5th Floor<br>San Francisco, CA   94111-5800 |
| 13 | Telephone:        (415) 693-2000<br>Facsimile:         (415) 693-2222 |
| 14 | |
| 15 | Attorneys for Plaintiff Monolithic Power Systems, Inc. |
| 16 | |
| 17 | Dated:  September 6, 2007          HOWREY LLP |
| 18 | |
| 19 | By: */s/Henry Su (with permission)*<br>         Henry Su |
| 20 | |
| 21 | HENRY SU (211202) (suh@howrey.com)<br>HOWREY LLP |
| 22 | 525 Market Street, Suite 3600<br>San Francisco, CA   94105 |
| 23 | Telephone:        (415) 848-4900<br>Facsimile:         (415) 848-4999 |
| 24 | Attorney for Defendant O2 Micro International, Limited |

1 |     Filer's Attestation:  Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated:  September 6, 2007          By /s/ *Matthew J. Brigham*

758829/PA