# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | |
|---|---|
| (1) O2 MICRO INTERNATIONAL LIMITED, § <br> § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> (1) HON HAI PRECISION INDUSTRY CO., LTD. § <br> a/k/a FOXCONN, and § <br> (2) AMBIT MICROSYSTEMS CORPORATION, § <br> § <br>     Defendants. § <br> § | Case No. 2:05-cv-00323-TJW-CE <br><br> Judge:  Hon. T. John Ward <br>         Hon. Charles Everingham IV <br>         (referral) |

**PLAINTIFF O2 MICRO INTERNATIONAL LIMITED'S RESPONSE
IN OPPOSITION TO DEFENDANT HON HAI PRECISION INDUSTRY CO., LTD.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff O2 Micro International Limited ("O2 Micro") hereby opposes Defendant Hon Hai Precision Industry Co., Ltd.'s ("Hon Hai") Motion for Summary Judgment (Document No. **134**) and responds as follows.

## I. OPPOSITION TO MOTION FOR SUMMARY JUDGMENT THAT O2 MICRO IS COLLATERALLY ESTOPPED FROM ASSERTING THE '615 PATENT

### A. Introduction

O2 Micro should not be precluded from asserting U.S. Patent No. 6,259,615 ("the '615 patent") against Hon Hai because the prior non-infringement rulings on the '615 patent were limited to specific inverter controller chips designed by Monolithic Power Systems, Inc. ("MPS"). Accordingly, only products incorporating MPS-designed chips in accordance with MPS's reference designs are entitled to benefit from the prior rulings.

Hon Hai's infringing products, however, are not limited to products that incorporate MPS-designed chips, despite Hon Hai's efforts to hide that fact from O2 Micro. In its Complaint, O2 Micro accused Hon Hai products containing DC to AC converter circuits, not restricted to those containing inverter controllers designed by MPS, of infringing three U.S. patents. Information that Hon Hai produced on June 7, 2007 in response to this Court's May 23, 2007 Discovery Order confirms that at least the following additional Hon Hai inverter controller modules, *inter alia*, infringe some or all of the asserted claims of the three patents-in-suit: those using the MAX8759 inverter controller chips made by Maxim, the LX1692A inverter controller chips made by Microsemi, the BD9882F(V) inverter controller chips made by Rohm, the BIT3193 inverter controller chips made by BiTEK, and the MP1008, MP1017, MP1028, MP1035, MP1038, MP1060 and MP1061 inverter controller chips made by MPS. (*See, e.g.*, Ex. A [Hon Hai schematic including MAX8759 chip]; Ex. B [Hon Hai schematic including LX1692A chip]; Ex. C [Hon Hai schematic including BIT3193 chip]; Ex. D [Hon Hai schematic including MP1060 chip].) O2 Micro will soon seek this Court's permission to amend its infringement contentions under Patent Local Rule 3-6 to add the additional Hon Hai products to the list of accused instrumentalities.

variety of MPS chips in its inverter modules other than those identified by O2 Micro in its PICs. (*See, e.g.,* Ex. D.). O2 Micro has preliminarily found that at least the following additional Hon Hai inverter controller modules, *inter alia*, infringe some or all of the asserted claims of the three patents-in-suit: those using the MAX8759 chip made by Maxim, the LX1692A chip made by Microsemi, the BD9882F(V) chip made by Rohm, the BIT3193 chip made by BiTEK, and the MP1008, MP1017, MP1028, MP1035, MP1038, MP1060 and MP1061 chips made by MPS.

None of the prior cases listed above addressed the issue of whether products incorporating these newly-discovered chips infringe the '615 patent.

## C.  Legal Standard

A prior court decision has preclusive effect where "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998).

## D.  Argument

O2 Micro concedes that previous court decisions have already held that products incorporating certain inverter controllers manufactured by MPS do not infringe the '615 patent. These prior decisions, however, never addressed the entirely separate question of whether products that incorporate other companies' inverter controllers infringe the '615 patent, or whether products that incorporate other, newer MPS inverter controllers infringe the '615 patent.

Throughout discovery in this case, Hon Hai has frustrated O2 Micro's attempts to obtain information about all accused Hon Hai products containing DC to AC converter circuits. Although O2 Micro has asserted that any Hon Hai inverter modules that incorporate inverter controller chips could potentially infringe the patents-in-suit, Hon Hai refused to produce documents relating to its use of any inverter controller chips other than MPS chips. Because of Hon Hai's position, O2 Micro could not identify the full set of Hon Hai products that infringe the

(holding that a covenant not to sue provides only protection from an infringement suit; such a licensee "has no property interest in the monopoly of the patent nor any contract with the patent owner that others shall not practice the invention"); *Minebea Co. v. Papst,* 444 F. Supp. 2d 68, 208-09 (D.D.C. 2006) (holding that a covenant not to sue conveys only a "bare" license protecting the holder from suit and that this license is personal in nature and does not convey any further rights).

Furthermore, the stipulated dismissal states that O2 Micro will not sue the named defendants in the MPS Oakland Action II only for infringement of the '129 patent that results from the use of the MPS products specifically identified in that document. The stipulated dismissal would not prevent O2 Micro, for example, from suing the named defendants in the MPS Oakland Action II for infringement of the '129 patent due to their use of Maxim, Microsemi, Rohm, BiTEK, or any other non-MPS chips. Nor does the stipulated dismissal preclude O2 Micro from suing the named defendants for infringement of the '129 patent due to their use of any MPS chips not identified in the stipulated dismissal, such as the MP1008, MP1017, MP1028, MP1060, or MP1061 chips. (Mot., Ex. F at 1:6-15.) Thus, even if Hon Hai could legitimately claim protection under the stipulated dismissal, that would not prohibit O2 Micro from asserting the '129 patent against Hon Hai for its use of any of the chips which, as discussed in Section I above, O2 Micro has recently learned are incorporated into Hon Hai's inverter modules.

### III.  OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF INVALIDITY DUE TO A BEST MODE VIOLATION

#### A.  Introduction

Hon Hai is not entitled to summary judgment of invalidity on the '615, '129, and '722 patents based on an alleged violation of the best mode requirement under 35 U.S.C. § 112, ¶ 1. It bears the heavy burden of proving invalidity by clear and convincing evidence, and yet the only evidentiary support that it has mustered for its Motion consists of inapposite trial testimony and arguments of counsel drawn from other cases and quoted or cited out of their proper context.

purported admission on this point. (Mot., Ex. CC at 3.) But since O2 Micro has made no such admission, Hon Hai cannot prove an absence of a genuine issue of material fact that the Goodenough Reference discloses the final limitation of '722 claim 1.

The parties' dispute regarding whether this final limitation of '722 claim 1 is disclosed in the Goodenough Reference is sufficient to justify denial of summary judgment that the reference anticipates '722 claim 1.[14] *See Beckson*, 292 F.3d at 725 (anticipation requires that every claim limitation can be found in a single prior art reference).

Similarly, the charts attached as Exhibits Z and AA to this Opposition show that, for each of the asserted '722 and '129 patent claims, there is at least one claim limitation that O2 Micro contends is not disclosed in the Goodenough Reference. Because Hon Hai has failed to come forward with any affirmative evidence (other than O2 Micro's "default" admissions) to show that these limitations are disclosed in the Goodenough Reference, Hon Hai cannot carry its burden of showing that summary judgment of invalidity based on the Goodenough Reference is warranted. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) (on summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

## V.    CONCLUSION

For the reasons discussed above, the Court should deny Hon Hai's Motion for Summary Judgment in its entirety.

DATED: June 20, 2007                        Respectfully submitted,


By: /s/ Otis W. Carroll by permission /s/ Henry C. Su
Otis W. Carroll — Lead Attorney
State Bar No. 03895700

---

[14] Moreover, there are other limitations in '722 claim 1 that O2 Micro argues are not disclosed in the Goodenough Reference. (Ex. Z)

IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071
E-mail: fedserv@icklaw.com

**Of Counsel:**

Franklin Jones Jr.
State Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

S. Calvin Capshaw
State Bar No. 03783900
BROWN McCARROLL LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com


Robert M. Parker
State Bar No. 15498000
Chris Bunt
Charley Ainsworth
PARKER BUNT AINSWORTH
100 East Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 533-9288
Facsimile: (903) 533-9687
E-mail: rmpmediations@cox-internet.com
E-mail: rcbunt@pbatyler.com
E-mail: charley@pbatyler.com

K. T. Cherian
California State Bar No. 133967
Duane H. Mathiowetz

California State Bar No. 111831
Henry C. Su
California State Bar No. 211202
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
E-mail: cheriank@howrey.com
E-mail: mathiowetzd@howrey.com
E-mail: suh@howrey.com

Attorneys For Plaintiff
O2 MICRO INTERNATIONAL LIMITED