**United States District Court**
For the Northern District of California

1              IN THE UNITED STATES DISTRICT COURT

2          FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  MONOLITHIC POWER SYSTEMS, INC.,          No. C 07-02363 CW
        v.
4  02 MICRO INTERNATIONAL LIMITED,          MINUTE ORDER AND
                                            CASE MANAGEMENT
5  _____/     ORDER

6
   Clerk: Sheilah Cahill        Reporter: Diane Skillman
7  Plaintiff Attorney: Thomas Friel, Jr.; Matthew Brigham
   Defendant Attorney: Henry Su
8
        A case management conference was held on: 9/11/07.  The Case
9  Management Statement and Proposed Order filed by the parties is hereby
   adopted by the Court as the Case Management Order for the case, except
10 as may be noted below.   The Court's standard Order for Pretrial
   Preparation also applies.
11
   The case is hereby referred to the following ADR process:
12 Non-binding Arbitration: [ ]     Early Neutral Evaluation: [ ]
   Court-connected mediation: [ ]     Private mediation: [ X ]
13 Magistrate Judge settlement conference: [ ]
   ADR session to be held by:                              [11/01/07]
14 (or as soon thereafter as is convenient to the mediator's schedule)

15 Deadline to add additional parties or claims:           [09/11/07]
   Date of next case management conference:                [12/06/07]
16
   Completion of Fact Discovery:                           [not set]
17 Disclosure of identities and reports of expert witnesses: [not set]
   Completion of Expert Discovery:                         [not set]
18
   All case-dispositive motions to be heard at 2:00 P.M.
19    on or before:                                        [not set]
   Final Pretrial Conference at 2:00 P.M. on:              [not set]
20 A  day  Trial will begin at 8:30 A.M. on:               [not set]

21 Additional Matters:  Copy of Court's Order for Pretrial Preparation
   given to attys in court.   Counsel to include this case in private
22 mediation in Texas in Hon Hai case.  **MPS to file early summary**
   **judgment motion re covenant not to sue by 11/01/07 and notice for**
23 **hearing on 12/6/07 at 2:00 p.m.   A Further Case Management Conference**
   **will be held on 12/6/07 at 2:00 to set further dates.**  Court will
24 suspend all Patent Local Rule dates in this case and set later.

25      IT IS SO ORDERED.

26

27

28

Dated:   9/17/07

_____
CLAUDIA WILKEN
United States District Judge

Copies to:   Chambers; ADR

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1

2                                      NOTICE

3      **Case Management Conferences and Pretrial Conferences** are
conducted on **Tuesdays** at 2:00 p.m.  **Criminal Law and Motion** calendar
4  is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and
2:30 p.m. for defendants not in custody.  **Civil Law and Motion**
5  calendar is conducted on **Thursdays** at 2:00 p.m.  Order of call is
determined by the Court.  Counsel need not reserve a hearing date for
6  civil motions; however, counsel are advised to check the legal
newspapers or the Court's website at www.cand.uscourts.gov for
7  unavailable dates.

8      Motions for Summary Judgment:  All issues shall be contained
within one motion of 25 pages or less, made on 35 days notice.  (See
9  Civil L.R. 7-2).  Separate statements of undisputed facts in support
of or in opposition to motions for summary judgment will not be
10 considered by the Court. (See Civil Local Rule 56-2(a)).  The motion
and opposition should include a statement of facts supported by
11 citations to the declarations filed with respect to the motion.
Evidentiary and procedural objections shall be contained within the
12 motion, opposition or reply; separate motions to strike will not be
considered by the Court. Any cross-motion shall be contained within
13 the opposition to any motion for summary judgment, shall contain 25
pages or less, and shall be filed 21 days before the hearing.  The
14 reply to a motion may contain up to 15 pages, shall include the
opposition to any cross-motion, and shall be filed 14 days before the
15 hearing.  (See Civil Local Rule 7-3).  The Court may, *sua sponte* or
pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so
16 as to give a moving party time to file a reply to any cross-motion.

17     All DISCOVERY MOTIONS are referred to a Magistrate Judge to be
heard and considered at the convenience of his/her calendar.  All such
18 matters shall be noticed by the moving party for hearing on the
assigned Magistrate Judge's regular law and motion calendar, or
19 pursuant to that Judge's procedures.

20

21 (rev. 3/9/07)

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1          ORDER FOR PRETRIAL PREPARATION

2 PRETRIAL CONFERENCE

3     1.   Not less than 30 days prior to the pretrial conference,

4 counsel shall **exchange** (but not file or lodge) the papers described in

5 Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

6     2.   At least 20 days before the final pretrial conference, lead

7 counsel who will try the case shall meet and confer with respect to:

8          (a)    Preparation and content of the joint pretrial
   conference statement;
9
          (b)    Resolution of any differences between the parties
10    regarding the preparation and content of the joint pretrial
   conference statement and the preparation and exchange of pretrial
11    materials to be served and lodged pursuant to this Order for
   Pretrial Preparation.  To the extent such differences are not
12    resolved, parties will present the issues in the pretrial
   conference statement so that the judge may rule on the matter
13    during the pretrial conference; and

14          (c)   Settlement of the action.

15     3.   Not less than 10 days prior to the pretrial conference,

16 counsel shall submit the following.

17          (a)  Pretrial Conference Statement.  The parties shall file

18 a joint pretrial conference statement containing the following

19 information:

20    (1)  The Action.

21          (A) Substance of the Action.  A brief description of the
   substance of claims and defenses which remain to be decided.
22
          (B)  Relief Prayed.  A detailed statement of all the relief
23    claimed, particularly itemizing all elements of damages claimed.

24
          (2)   The Factual Basis of the Action.
25
          (A)  Undisputed Facts.  A plain and concise statement of all
26    relevant facts not reasonably disputed.

27          (B) Disputed Factual Issues.  A plain and concise statement
   of all disputed factual issues which remain to be decided.
28

**United States District Court**
For the Northern District of California

1

2

        (C)  Agreed Statement.  A statement assessing whether all or
part of the action may be presented upon an agreed statement of
facts.

3

4

        (D)  Stipulations.  A statement of stipulations requested or
proposed for pretrial or trial purposes.

5

6

7

(3)  Disputed Legal Issues.   Without extended legal argument, a
concise  statement  of  each  disputed  point  of  law  concerning
liability or relief.

8

9

(4)  Further Discovery or Motions.  A statement of all remaining
discovery or motions.

10

(5)   Trial Alternatives and Options.

11

12

        (A)   Settlement Discussion.  A statement summarizing the
status of settlement negotiations and indicating whether further
negotiations are likely to be productive.

13

14

        (B)    Consent  to  Trial  Before  a  Magistrate  Judge.    A
statement whether the parties consent to a court or jury trial
before a magistrate judge, with appeal directly to the Ninth
Circuit.

15

16

        (C)  Bifurcation, Separate Trial of Issues. A statement of
whether bifurcation or a separate trial of specific issues is
feasible and desired.

17

18

19

(6)  Miscellaneous.  Any other subjects relevant to the trial of
the  action,  or  material  to  its  just,  speedy  and  inexpensive
determination.

20

21

22

23

24

25

26

27

28

        (b)   Exhibit List and Objections.   The exhibit list shall
list each proposed exhibit by its number, description, and sponsoring
witness, followed by blanks to accommodate the date on which it is
marked for identification and the date on which it is admitted into
evidence.  **No party shall be permitted to offer any exhibit in its
case-in-chief that is not disclosed in its exhibit list without leave
of the Court for good cause shown.**  Parties shall also deliver a set
of premarked exhibits to the Courtroom Deputy.  The exhibit markers
shall each contain the name and number of the case, the number of the

**United States District Court**
For the Northern District of California

1 exhibit, and blanks to accommodate the date admitted and the Deputy
2 Clerk's initials.    (Appropriate sample forms are available on the
3 Court's website at www.cand.uscourts.gov).  Any objections to exhibits
4 which remain after the pretrial meeting shall be indicated in the
5 pretrial statement.

6          (c)    Witness List.   In addition to the requirements of
7 FRCivP 26(a)(3)(A), a brief statement describing the substance of the
8 testimony to be given by each witness who may be called at trial.  **No**
9 **party shall be permitted to call any witness in its case-in-chief that**
10 **is not disclosed in its pretrial statement without leave of Court for**
11 **good cause shown.**

12          (d)    Use of Discovery Responses.   In addition to the
13 requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from
14 interrogatory answers or from responses for admissions intended to be
15 offered at trial.   Counsel shall indicate any objections to use of
16 these materials and that counsel have conferred respecting such
17 objections.

18          (e)    Trial briefs.   Briefs on all significant disputed
19 issues of law, including foreseeable procedural and evidentiary
20 issues, which remain after the pretrial meeting.

21          (f)    Motions in Limine.  Any motions in limine that could
22 not be settled at the pretrial meeting shall be filed with the
23 pretrial statement.   All motions in limine shall be contained within
24 one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with
25 each motion listed as a subheading.   Opposition to the motions in
26 limine shall be contained within one document, limited to 25 pages,
27 with corresponding subheadings, and filed five (5) days thereafter.
28          (g)    Joint Proposed Voir Dire.   The attached voir dire

**United States District Court**
For the Northern District of California

1 questionnaire will be given to the venire members, and copies of the
2 responses will be made available to counsel at the beginning of voir
3 dire.  Counsel may submit a set of additional requested voir dire, to
4 be posed by the Court, to which they have agreed at the pretrial
5 meeting.  Any voir dire questions on which counsel cannot agree shall
6 be submitted separately.  Counsel may be allowed brief follow-up voir
7 dire after the Court's questioning.

8        (h)  Joint Proposed Jury Instructions.  Jury instructions
9 §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the
10 Manual of Model Civil Jury Instructions for the Ninth Circuit (2001
11 Edition) will be given absent objection.  Counsel shall jointly submit
12 one set of additional proposed jury instructions, to which they have
13 agreed at the pretrial meeting.  The instructions shall be ordered in
14 a logical sequence, together with a table of contents.  Any
15 instruction on which counsel cannot agree shall be marked as
16 "disputed," and shall be included within the jointly submitted
17 instructions and accompanying table of contents, in the place where
18 the party proposing the instruction believes it should be given.
19 Argument and authority for and against each disputed instruction shall
20 be included as part of the joint submission, on separate sheets
21 directly following the disputed instruction.

22     Whenever possible, counsel shall deliver to the Courtroom Deputy
23 a copy of their joint proposed jury instructions on a computer disk in
24 WordPerfect or ASCII format.  The disk label should include the name
25 of the parties, the case number and a description of the document.

26        (I)  Proposed Verdict Forms, Joint or Separate.

27        (j)  Proposed Findings of Fact and Conclusions of Law (Court
28 Trial only).  Whenever possible, counsel shall deliver to the

**United States District Court**
For the Northern District of California

1  Courtroom Deputy a copy of their proposed findings of fact and
2  conclusions of law on a computer disk in WordPerfect or ASCII format.
3  The disk label should include the name of the parties, the case number
4  and a description of the document.

5  JURY SELECTION

6      The Jury Commissioner will summon 20 to 25 prospective jurors.
7  The Courtroom Deputy will select their names at random and seat them
8  in the courtroom in the order in which their names are called.

9      Voir dire will be asked of sufficient venire persons so that
10 eight (or more for a lengthy trial) will remain after all peremptory
11 challenges and an anticipated number of hardship dismissals and cause
12 challenges have been made.

13     The Court will then take cause challenges, and discuss hardship
14 claims from the individual jurors, outside the presence of the venire.
15 The Court will inform the attorneys which hardship claims and cause
16 challenges will be granted, but will not announce those dismissals
17 until the process is completed.  Each side may then list in writing up
18 to three peremptory challenges.  The attorneys will review each
19 other's lists and then submit them to the Courtroom Deputy.

20     Then, from the list of jurors in numerical order, the Court will
21 strike the persons with meritorious hardships, those excused for
22 cause, and those challenged peremptorily, and call the first eight
23 people in numerical sequence remaining.  Those people will be the
24 jury.

25     All jurors remaining at the close of the case will deliberate.
26 There are no alternates.

27 SANCTIONS

28     Failure to comply with this Order is cause for sanctions under

1  Federal Rule of Civil Procedure 16(f).

2      IT IS SO ORDERED.

3

4  Dated: _____

5                                          CLAUDIA WILKEN
                                           UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

<u>JUROR QUESTIONNAIRE</u>

3  Please fill out this form as completely as possible and print clearly.
   Since we want to make copies for the attorneys and the Court, do not
4  write on the back of any page.  If you need more room, continue at the
   bottom of the page.  Thank you for your cooperation.

5

6  1.    Your name: _____

7  2.    Your age: _____

8  3.    The city where you live: _____

9  4.    Your place of birth: _____

10  5.    Do you rent or own your own home? _____

11  6.    Your marital status: (circle one)

12        single    married    separated    divorced    widowed

13  7.    What is your occupation, and how long have you worked in
          it?  (If you are retired, please describe your main
14        occupation when you were working).

15  _____

16  _____

17  8.    Who is (or was) your employer?

18  _____

19  9.    How long have you worked for this employer? _____

20  10.   Please list the occupations of any adults with whom you
          live.

21

22  _____

23  11.   If you have children, please list their ages and sex and,
          if they are employed, please give their occupations.

24  _____

25  _____

26        _____

27  12.   Please describe your educational background:

28        Highest grade completed: _____

**United States District Court**
For the Northern District of California

1        College and/or vocational schools you have attended:

2  _____

3  _____

4  _____

5  _____

6        Major areas of study:_____

7  13.  Have you ever served on a jury before? _____   How many

8        times?_____

9        If yes:  State/County Court _____   Federal Court _____

10        When?  _____

11        Was it a civil or criminal case? _____

12        Did the jury(ies) reach a verdict? _____

13

14

15

16  (rev. 3/9/07)

17

18

19

20

21

22

23

24

25

26

27

28