1  Henry C. Bunsow (SBN 060707)
   bunsowh@howrey.com
2  K.T. Cherian (SBN 133967)
   cheriank@howrey.com
3  Duane H. Mathiowetz (SBN 111831)
   mathiowetzd@howrey.com
4  Henry C. Su (SBN 211202)
   suh@howrey.com
5  HOWREY LLP
   525 Market Street, Suite 3600
6  San Francisco, California  94105
   Telephone:  (415) 848-4900
7  Facsimile:  (415) 848-4999

8  Attorneys for Defendant O2 Micro International Limited

9

                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                         OAKLAND DIVISION
12

13  MONOLITHIC POWER SYSTEMS, INC.,          )  Case No. C 07-02363-CW
    a Delaware corporation,                  )
14                                           )  **DEFENDANT O2 MICRO**
               Plaintiff,                    )  **INTERNATIONAL LIMITED'S NOTICE**
15                                           )  **OF MOTION AND MOTION FOR LEAVE**
          vs.                                )  **TO AMEND ITS ANSWER;**
16                                           )  **MEMORANDUM OF POINTS AND**
    O2 MICRO INTERNATIONAL LIMITED,          )  **AUTHORITIES IN SUPPORT**
    a Cayman Islands corporation,            )
17                                           )  Date:  Thursday, February 14, 2008
               Defendant.                    )  Time:  2:00 p.m.
18                                           )  Room:  Courtroom 2, 4th Floor
                                             )  Judge:  Honorable Claudia Wilken
19                                           )

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

Def. O2 Micro's Mot. to Amend
Case No. C 07-02363-CW

1

**TABLE OF CONTENTS**

2

<u>Page</u>

3  TABLE OF AUTHORITIES ...................................................................................................... ii

4  NOTICE OF MOTION AND MOTION TO AMEND ........................................................ 1

5  MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

6  I.      INTRODUCTION ...................................................................................................... 1

7  II.     STATEMENT OF ISSUES TO BE DECIDED........................................................ 2

8  III.    STATEMENT OF RELEVANT FACTS ................................................................ 2

9  IV.     ARGUMENT ............................................................................................................. 5

10         A.    Legal Standard for Amendments to Pleadings. .......................................... 5

11         B.    O2 Micro Has Made Its Proposed Amendment in Good Faith and
                 Without Dilatory Motive. ............................................................................. 5
12
           C.    O2 Micro Has Not Unduly Delayed in Making the Proposed
13               Amendment. .................................................................................................. 6

14         D.    There Is No Evidence of Any Prejudice to MPS. ....................................... 7

15         E.    The Futility Factor Is Not Applicable to O2 Micro's Proposed
                 Amendment. .................................................................................................. 7
16
    V.     CONCLUSION ......................................................................................................... 8
17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

Def. O2 Micro's Mot. to Amend                      - i -
Case No. C 07-02363-CW

1

**TABLE OF AUTHORITIES**

2

**Page**

3

## CASES

4

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers,*
    781 F.2d 1393 (9th Cir. 1986)...................................................................................7

5

*Aetna Life Ins. Co. v. Haworth,*
6    300 U.S. 227 (1937) ....................................................................................................1

7

*Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.,*
    No. C 06-2469-CW, 2007 U.S. Dist. LEXIS 19211 (N.D. Cal. Mar. 5,
8    2007) ..........................................................................................................................8

9

*Beeck v. Aquaslide N' Dive Corp.,*
    562 F.2d 537 (8th Cir. 1977)......................................................................................7

10

*DCD Programs, Ltd. v. Leighton,*
11    833 F.2d 183 (9th Cir. 1987).................................................................................5, 7

12

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003)....................................................................................5

13

*Exxon Shipping Co. v. Airport Depot Diner, Inc.,*
14    120 F.3d 166 (9th Cir. 1997)......................................................................................1

15 *Foman v. Davis,*
    371 U.S. 178 (1962) ...................................................................................................5

16

*Guthrie v. J.C. Penney Co.,*
17    803 F.2d 202 (5th Cir. 1986)......................................................................................7

18 *Howey v. United States,*
    481 F.2d 1187 (9th Cir. 1973)....................................................................................5

19

*Miller v. Rykoff-Sexton, Inc.,*
20    845 F.2d 209 (9th Cir. 1988)......................................................................................8

21 *Rosenberg Bros. & Co. v. Arnold,*
    283 F.2d 406 (9th Cir. 1960)......................................................................................5

22

*Sharper Image Corp. v. Target Corp.,*
23    425 F. Supp. 2d 1056 (N.D. Cal. 2006).....................................................................7

24 *United States v. Webb,*
    655 F.2d 977 (9th Cir. 1981)..................................................................................2, 5

25

## RULES

26

FED. R. CIV. P. 15(a)(1) .....................................................................................................5

27

FED. R. CIV. P. 15(a)(2) .....................................................................................................5

28

HOWREY LLP

Def. O2 Micro's Mot. to Amend
Case No. C 07-02363-CW

- ii -

1

**NOTICE OF MOTION AND MOTION TO AMEND**

2      PLEASE TAKE NOTICE that on Thursday, February 14, 2008, at 2:00 p.m., before the

3  Honorable Claudia Wilken in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California,

4  Defendant O2 Micro International Limited ("O2 Micro") will move, and hereby does move, for leave

5  under Rule 15(a) of the Federal Rules of Civil Procedure to amend its Answer to the Complaint filed

6  by Plaintiff Monolithic Power Systems, Inc. ("MPS").

7      Specifically, O2 Micro moves for leave to amend its Answer to assert a counterclaim of

8  infringement of U.S. Patent No. 6,804,129 ("the '129 patent").  This Motion is based on the

9  Memorandum of Points and Authorities below, the accompanying Declaration of Henry C. Su, all

10 attached exhibits, the oral arguments of counsel, and all other pleadings and matters of record in this

11 action.  A copy of O2 Micro's proposed First Amended Answer and Counterclaim is attached as

12 Exhibit A to the Su Declaration.  A proposed Order also accompanies this Motion, as required by Civil

13 Local Rule 7-2(c).

14

**MEMORANDUM OF POINTS AND AUTHORITIES**

15 **I.      INTRODUCTION**

16     MPS brought this declaratory judgment action against O2 Micro.  The law presumes that it did

17 so out of a genuine desire to resolve an existing dispute between the parties.  *See Exxon Shipping Co.*

18 *v. Airport Depot Diner, Inc.,* 120 F.3d 166, 168 (9th Cir. 1997) ("It should go without saying that a

19 declaratory judgment action must serve some purpose in resolving a dispute.  If the relief serves no

20 purpose, or an illegitimate one, then the district court should not grant it.").

21     O2 Micro moved to dismiss, citing the absence of a dispute which "calls, not for an advisory

22 opinion upon a hypothetical basis, but for an adjudication of present right upon established facts."

23 *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 242 (1937).  This Court denied O2 Micro's motion to

24 dismiss, however, and ordered the parties to move this case forward through discovery and motion

25 practice.

26     Accordingly, O2 Micro served discovery intended to elicit information about the products that

27 MPS considers to be within the scope of the alleged dispute.  In response, MPS provided some limited

28 information about the products it sees as being at issue but it objected to providing more complete

HOWREY LLP

Def. O2 Micro's Mot. to Amend                    - 1 -
Case No. C 07-02363-CW

1   information in the absence of a counterclaim of infringement by O2 Micro.  Moreover, the information

2   that has been provided strongly suggests that MPS may be seeking an advisory opinion from this Court

3   about some products that merely in development, contrary to the purposes of Article III of the

4   Constitution and the Declaratory Judgment Act.

5       O2 Micro now moves this Court for leave to amend to assert a counterclaim of infringement, so

6   that it can obtain additional discovery from MPS about the products that MPS sees as being at issue

7   and thereby move this case forward towards a resolution on the merits of the dispute—if there is in fact

8   one for this Court to resolve.  O2 Micro's request squarely meets the "underlying purpose of Rule 15—

9   to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v.*

10  *Webb,* 655 F.2d 977, 979 (9th Cir. 1981).  If MPS genuinely wants to resolve whatever dispute it

11  thinks it has with O2 Micro regarding the '129 patent and its products, then it should consent to O2

12  Micro's requested relief and provide additional discovery about its products forthwith.

13  **II.   STATEMENT OF ISSUES TO BE DECIDED**

14      This Motion presents the following issue for decision: Should O2 Micro be given leave to

15  amend its Answer to assert a counterclaim of infringement of the '129 patent so that discovery in this

16  case can move forward with respect to MPS's products and whatever dispute MPS thinks it has with

17  O2 Micro regarding the '129 patent can be resolved on the merits?  As explained below, the answer is

18  yes.  O2 Micro's Motion should therefore be granted.

19  **III.  STATEMENT OF RELEVANT FACTS**

20      On May 1, 2007, MPS filed a Complaint seeking a declaration of its rights with respect to O2

21  Micro's '129 patent.  (Dkt. No. **1**.)  Specifically, it alleged that it "has developed power inverter

22  controller products that are not accused of infringing in any pending lawsuit" and that "O2 Micro

23  contended that these products, and devices built using these products, infringe one or more of the '129

24  patent's claims[.]"  (Compl. ¶¶ 10-11.)  Nowhere in its Complaint did MPS identify the "inverter

25  controller products" that are allegedly the subject of these allegations.

26      On July 9, 2007, O2 Micro moved to dismiss the Complaint for lack of subject matter

27  jurisdiction under the Declaratory Judgment Act.  (Dkt. No. **11**.)  In O2 Micro's view, MPS had failed

28  to allege a substantial controversy, between two parties with adverse legal interests, of sufficient

HOWREY LLP

Def. O2 Micro's Mot. to Amend                                    - 2 -
Case No. C 07-02363-CW

1    immediacy and reality to warrant the issuance of a declaratory judgment.  Significantly, O2 Micro had

2    abided by the terms of its covenant not to sue that was given to MPS in October 2006, and it had not

3    made any further assertions that MPS infringed the '129 patent, either for the products that were the

4    subject of the covenant not to sue or for any other MPS products.

5          This Court denied O2 Micro's Motion to Dismiss, however.  (Dkt. No. **33**.)  O2 Micro then

6    answered the Complaint.  (Dkt. No. **35**.)  But O2 Micro did not assert a counterclaim of infringement

7    because it did not have at that time any information about the inverter controller products that are

8    allegedly the subject of MPS's request for declaratory relief, and it therefore could not, in good faith

9    and consonant with the requirements of Rule 11 of the Federal Rules of Civil Procedure, make a claim

10   of infringement.

11         At the initial case management conference on September 11, 2007, this Court ordered the

12   parties to move the case forward with respect to discovery and early motion practice.  (Dkt. No. **39**.)

13   Accordingly, on September 21, 2007, O2 Micro served its First Set of Interrogatories and Requests for

14   Production of Documents on MPS.  (Su Decl. ¶ 3 & Ex. B, C.)  As the Interrogatories and Requests for

15   Production of Documents indicate, O2 Micro sought information from MPS regarding the "power

16   inverter controller products" that are the subject of Paragraphs 10-12 of its Complaint.

17         On October 30, 2007, MPS served its written responses and objections to the Interrogatories

18   and Requests for Production.  (Su Decl. ¶ 4.)  In response to the Interrogatories, MPS provided

19   substantive answers to Nos. 1, 2 and 7 and objected to answering Nos. 3, 4, 5 and 6 on the following

20   ground: "MPS declines to respond to this interrogatory at this time. MPS reserves the right to revisit

21   this objection, and respond accordingly, if O2 Micro is granted leave to amend it pleadings to allege

22   infringement." (*Id.* ¶ 5.)  MPS designated its substantive answers to Nos. 1 and 2 as highly

23   confidential information for outside counsel's eyes only, pursuant to Patent Local Rule 2-2 of this

24   Court. (*Id.*)

25         Interrogatory No. 1 asked MPS to "[i]dentify each Inverter Controller product and Inverter

26   Module device built using such a product for which MPS seeks a declaratory judgment of non-

27   infringement in this case, as referenced in Paragraphs 10-12 of the Complaint."  In response, MPS

28   identified by part number sixteen inverter controllers.  (Su Decl. ¶ 6.)  Interrogatory No. 2 asked MPS

HOWREY LLP

Def. O2 Micro's Mot. to Amend                                  - 3 -
Case No. C 07-02363-CW

1    to "[s]eparately for each product or device identified in response to Interrogatory No.1, identify the

2    first customer to whom the product or device was sold and the date of the sale."  In response, MPS

3    identified for eight of the identified inverter controllers a date of first sale and a first customer, and for

4    the other eight identified inverter controllers, the notation "N/A."  (*Id.* ¶ 7.)

5         In response to the Requests for Production, MPS sent on November 5, 2007, samples of

6    fourteen inverter controllers and datasheets for thirteen inverter controllers.  (Su Decl. ¶ 8.)  MPS also

7    designated the samples and datasheets as highly confidential information for outside counsel's eyes

8    only, pursuant to Patent Local Rule 2-2 of this Court.  (*Id.*)

9         All of the datasheets appear to be non-public documents.  (Su Decl. ¶ 9.)  Indeed, most of the

10   datasheets explicitly bear the legend "internal use only," and some also have the words "confidential"

11   and/or "proprietary."  (*Id.*)  Moreover, six of the datasheets bear the legend "preliminary specifications

12   subject to change" or "initial release – specifications subject to change," strongly suggesting that the

13   inverter controllers described therein are working, experimental designs as opposed to actual products

14   ready for commercial sale.  (*Id.*)  Three of the datasheets include the legend "Attorney Work

15   Privileged," for reasons that O2 Micro can only guess.  (*Id.*)

16        The above described, limited information that MPS has provided through discovery to its

17   outside counsel is all that O2 Micro has at this point with respect to the "power inverter controller

18   products" that are the subject of this Complaint.  Because MPS has objected to providing additional

19   discovery about its products without a pending assertion of infringement, O2 Micro moves for leave to

20   amend its Answer to assert such a counterclaim.  O2 Micro does so for the express purpose of moving

21   the discovery process forward and the case towards a resolution of the dispute, if there is any, on the

22   merits.

23        As stated in Paragraph 80 of its proposed First Amended Answer and Counterclaim, the

24   allegations of infringement that O2 Micro makes at this time are expressly subject to Rule 11(b)(3) of

25   the Federal Rules of Civil Procedure, in that they are likely to have evidentiary support after a

26   reasonable opportunity for further investigation and discovery.  (Su Decl., Ex. A, ¶ 80.)  Such

27   investigation and discovery would seek, for example, information regarding which of the inverter

28   controllers identified by MPS are actual products ready for commercial sale as opposed to working,

1  experimental designs, and what specific acts MPS has taken with respect to any of these identified

2  inverter controllers that would fall within the jurisdictional ambit of 35 U.S.C. § 271. (*Id.*)

3  **IV.    ARGUMENT**

4      **A.    Legal Standard for Amendments to Pleadings.**

5      Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its

6  pleading "once as a matter of course" before a responsive pleading is served, or if there is no

7  responsive pleading, then within twenty (20) days after serving the pleading. FED. R. CIV. P. 15(a)(1).

8  "In all other cases, a party may amend its pleading only with the opposing party's written consent or

9  the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P.

10  15(a)(2).

11      Accordingly, a motion for leave to amend a pleading appeals to "the sound discretion of the

12  trial court." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). The trial court's exercise of its

13  discretion, however, "must be guided by the underlying purpose of Rule 15—to facilitate decision on

14  the merits rather than on the pleadings or technicalities." *Id.* Furthermore, the policy favoring

15  amendments to pleadings that underlies Rule 15 "should be applied with 'extreme liberality.'" *Id.*

16  (citing *Rosenberg Bros. & Co. v. Arnold,* 283 F.2d 406 (9th Cir. 1960)). The standard of "extreme

17  liberality" is tempered by four common factors: bad faith on the part of the movant, undue delay on the

18  part of the movant, prejudice to the opposing party, and futility of amendment. *Foman v. Davis,* 371

19  U.S. 178, 182 (1962). "These factors, however, are not of equal weight in that delay, by itself, is

20  insufficient to justify denial of leave to amend." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186

21  (9th Cir. 1987). The crucial factor is the resulting prejudice to the opposing party. *Howey v. United*

22  *States,* 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the

23  remaining factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."

24  *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

25      **B.    O2 Micro Has Made Its Proposed Amendment in Good Faith and Without**
             **Dilatory Motive.**

26

27      As indicated above, O2 Micro brings this Motion for the express purpose of moving the

28  discovery process forward and this case towards a resolution of the dispute, if there is any, on the

HOWREY LLP

Def. O2 Micro's Mot. to Amend                          - 5 -
Case No. C 07-02363-CW

1   merits.  The limited information that MPS has provided in response to O2 Micro's Interrogatories and

2   Requests for Production strongly suggests that at least some of the inverter controllers that MPS seeks

3   to bring within the scope of the dispute are working, experimental designs as opposed to actual

4   products ready for commercial sale.  In response to Interrogatory No. 2, eight of the sixteen inverter

5   controllers identified by MPS bear the notation "N/A" with respect to a date of first sale.  Six of the

6   thirteen datasheets produced by MPS in response to the Requests for Production bear the legend

7   "preliminary specifications subject to change" or "initial release – specifications subject to change."

8   Three of the datasheets bear the legend "Attorney Work Privileged."

9          Apart from the information that MPS has provided to O2 Micro's outside counsel under a

10  highly confidential designation, O2 Micro has no other information about the sixteen inverter

11  controllers that MPS has identified in response to Interrogatory No. 1.  All of the datasheets appear to

12  be confidential, non-public documents.  MPS has objected to providing additional discovery about its

13  products to O2 Micro absent a pending assertion of infringement.  But unless O2 Micro obtains

14  additional information about the products that MPS sees as being at issue, this case cannot move

15  forward towards a resolution on the merits.

16         It is thus with this objective in mind—moving the case towards a resolution on the merits—that

17  O2 Micro seeks leave to amend.  O2 Micro has no intention or desire to assert claims of infringement

18  that are not based upon concrete evidence, not only from a technical standpoint, but also from the

19  standpoint of activities that fall within the ambit of 35 U.S.C. § 271.  Although the datasheets that MPS

20  has produced enable O2 Micro's outside counsel to make a *preliminary technical assessment* of

21  infringement, they do not enable O2 Micro to determine, for instance, whether there has been any

22  actual act of direct infringement under Section 271(a), or contributory infringement under Section

23  271(c), by MPS for any given inverter controller.

24         **C.      O2 Micro Has Not Unduly Delayed in Making the Proposed Amendment.**

25         At the initial case management conference on September 11, 2007, this Court closed the door

26  on any amendments to pleadings as a matter of course and without leave.  Accordingly, O2 Micro

27  promptly served Interrogatories and Requests for Production aimed at obtaining specific information

28  about the "power inverter controller products" alleged in MPS's Complaint.  It obtained some limited

HOWREY LLP

Def. O2 Micro's Mot. to Amend                          - 6 -
Case No. C 07-02363-CW

1 information from MPS about these alleged products but not nearly enough, for the reasons stated in

2 Section IV.B, *supra*.  After conducting a meet-and-confer with MPS about its discovery responses and

3 its objection to providing additional discovery, O2 Micro decided to move for leave to amend to break

4 the apparent impasse.

5        This case is still in the beginning stages, and this Court has scheduled a further case

6 management conference on the same date for which this Motion is being noticed.  Allowing O2 Micro

7 to amend will only move the case forward, in an expeditious manner, instead of creating delay.  With

8 the issues of infringement, validity and enforceability fully joined, the parties can then proceed under a

9 comprehensive discovery plan and pretrial schedule.

10        **D.     There Is No Evidence of Any Prejudice to MPS.**

11        "Prejudice typically arises where the opposing party is surprised with new allegations which

12 require more discovery or will otherwise delay resolution of the case." *Sharper Image Corp. v. Target*

13 *Corp.,* 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006) (citing *Acri v. Int'l Ass'n of Machinists &*

14 *Aerospace Workers,* 781 F.2d 1393, 1398-99 (9th Cir. 1986); *Guthrie v. J.C. Penney Co.,* 803 F.2d

15 202, 210 (5th Cir. 1986)).  "The party opposing the motion bears the burden of showing prejudice."

16 *Id.* (citing *DCD Programs,* 833 F.2d at 186; *Beeck v. Aquaslide N' Dive Corp.,* 562 F.2d 537, 540 (8th

17 Cir. 1977)).

18        MPS will not be prejudiced in any way by O2 Micro's proposed amendment.  On the contrary,

19 allowing the amendment will only serve MPS's interest in obtaining a resolution of the dispute that it

20 perceives as existing with regard to O2 Micro's '129 patent and its inverter controller products.  After

21 all, that is presumably why MPS brought this action in the first place, and why it opposed O2 Micro's

22 Motion to Dismiss.  MPS was the party who initiated this lawsuit, seeking to provoke O2 Micro into

23 reviving a controversy involving the '129 patent, and it should not now be heard to complain about O2

24 Micro's proposed amendment if it is genuinely interested in obtaining relief under the Declaratory

25 Judgment Act.  It cannot claim surprise with respect to O2 Micro's allegations of infringement.

26        **E.     The Futility Factor Is Not Applicable to O2 Micro's Proposed Amendment.**

27        O2 Micro seeks leave to assert a counterclaim of infringement for the first time in this action.

28 This is not a situation involving a proposed amendment to cure some factual deficiency or legal

HOWREY LLP

Def. O2 Micro's Mot. to Amend                  - 7 -
Case No. C 07-02363-CW

1   insufficiency in O2 Micro's prior pleading.  Nor is this situation involving allegations that cannot

2   survive a motion to dismiss.  Hence the issue of futility of amendment does not arise in this context.

3   *See Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.,* No. C 06-2469-CW, 2007 U.S. Dist.

4   LEXIS 19211, at *7 (N.D. Cal. Mar. 5, 2007) ("A proposed amendment is futile 'if no set of facts can

5   be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

6   defense.'") (quoting *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)).

7   **V.    CONCLUSION**

8       For the reasons discussed above, O2 Micro respectfully requests that the Court grant its Motion

9   for Leave to Amend.

10  Dated:  January 10, 2008                    HOWREY LLP

11

12                                              By:  /s/Henry C. Su
                                                          Henry C. Su

13
                                                Attorneys for Plaintiff
14                                              O2 Micro International Limited

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**

Def. O2 Micro's Mot. to Amend                    - 8 -
Case No. C 07-02363-CW