1 | COUNSEL LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>    Defendant. | Case No. C 07-02363 CW<br><br>**MONOLITHIC POWER SYSTEMS, INC.'S RESPONSE TO O2 MICRO INTERNATIONAL'S MOTION TO AMEND AND JOINT SUBMISSION OF CASE MANAGEMENT STATEMENT**<br><br>Date:         February 21, 2008<br>Time:        2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge:       Honorable Claudia Wilken |

## I. INTRODUCTION.

MPS is seeking a declaratory judgment that U.S. Patent No. 6,804,129 ("the '129 Patent") is not infringed, invalid, and unenforceable as a result of O2 Micro's inequitable conduct. O2 Micro denies the allegations and has moved to amend its answer to allege infringement of the '129 patent (D.I. 45). The parties have met and conferred regarding O2 Micro's motion to amend. MPS sets forth its response to O2 Micro's motion below. The parties also each submit their proposed case management schedules since they are intertwined with the motion to amend.

## II. MPS RESPONSE TO MOTION TO AMEND AND PROPOSED CASE SCHEDULE.

MPS certainly disagrees with many of the statements in O2 Micro's motion and proposed counterclaim. O2 Micro continues to pretend that it knows nothing about MPS's products and that it is still uncertain whether it has enough information to determine one way or the other whether it believes MPS infringes. The facts and history would show otherwise.

MPS, however, is willing to allow the proposed amendment with one important caveat – once the amended counterclaim is entered and O2 Micro formally alleges infringement, O2 Micro should be treated like every other patent holder alleging infringement (even those in a declaratory judgment case) and follow the Patent Local Rules. *See* N.D. Cal. Patent L.R. 3-5(a). This seemed like an obvious natural consequence, yet during the meet and confer process after O2 Micro filed its motion to amend, O2 Micro has expressed an unwillingness to proceed according to the local rules. O2 Micro is instead demanding additional (unspecified) technical discovery before infringement contentions need be served.

In particular, MPS proposes that if O2 Micro wants to file a counterclaim asserting infringement (as its motion to amend alleges), O2 Micro should comply with Patent Local Rule 3-1 and 3-2 based on the information now reasonably available to it. As set forth below, MPS proposes that infringement contentions be served on March 25, 2008. This proposed deadline gives O2 Micro more than enough time to perform this task. MPS would then comply with Patent Local Rules 3-3 and 3-4 on May 13, 2008.

With respect to discovery about the products at issue, MPS produced samples of the inverter controllers at issue, data sheets, and application notes months ago. The technical

information produced was the same type of information O2 Micro has relied on in past cases to attempt to prove infringement. More importantly, O2 Micro currently has access to more information about the products at issue than a normal patent plaintiff would have before serving infringement contentions and most likely, more than O2 Micro had the four other times O2 Micro sued MPS and its customers. Yet now O2 Micro is demanding that MPS jump through another hoop before receiving infringement contentions by engaging in full-fledged discovery. Any additional discovery about the operation of the accused products should be done as part of the Patent Local Rule 3-4 disclosures, just like the local rules contemplate.

O2 Micro has had ample opportunity to study the technical materials, test the products at issue, and determine whether it is asserting infringement of the '129 patent against one or more MPS products. If O2 Micro wants to assert infringement, as it appears it does through its motion to amend, then it should follow the Patent Local Rules and serve infringement contentions based on the discovery it currently has available to it. MPS's schedule below should be adopted and O2 Micro should not be entitled to any additional discovery until it serves infringement contentions, which will in turn shape the scope of relevant discovery. If, on the other hand, O2 Micro has either ignored the information MPS already produced or does not desire to assert infringement, then O2 Micro's motion to amend should be denied and the case should proceed accordingly.

MPS proposes the following case schedule:

| Event | Date |
|---|---|
| O2 Micro to comply with Patent L.R. 3-1 and 3-2. | March 25, 2008 |
| Parties will make their initial disclosures pursuant to FED. R. CIV. P. 26(a)(1). | April 1, 2008 |
| MPS to comply with Patent L.R. 3-3 and 3-4. | May 13, 2008 |
| Parties to comply with Patent L.R. 4-1. | June 3, 2008 |
| Parties to comply with Patent L.R. 4-2. | June 24, 2008 |

| Event | Date |
|---|---|
| Parties to comply with Patent L.R. 4-3. | July 15, 2008 |
| Close of fact discovery | January 16, 2009 |
| Opening expert reports due on issues on which a party has the burden of proof [Fed. R. Civ. P. 26(a)(2)] | February 24, 2009 |
| Rebuttal expert reports due [Fed. R. Civ. P. 26(a)(2)] | March 31, 2009 |
| Expert discovery cutoff | April 21, 2009 |
| O2 Micro serves and files its claim construction brief and summary judgment motions, as well as any supporting evidence | May 12, 2009 |
| MPS serves and files a responsive brief (1) on claim construction, (2) opposing O2 Micro's summary judgment motions, and (3) presenting MPS's summary judgment motions and supporting evidence | June 16, 2009 |
| O2 Micro serves and files a reply brief (1) on claim construction, (2) opposing MPS's summary judgment motions, and (3) replying on its summary judgment motions | July 21, 2009 |
| MPS serves and files a reply brief on its summary judgment motions | August 11, 2009 |
| Hearing on dispositive motions | September 3, 2009, 2:00 p.m. |
| The Court to schedule a further Case Management Conference approximately thirty days after the summary judgment rulings to set | |

| Event | Date |
|---|---|
| any further proceedings in the case, including any pretrial conference and trial, and any disclosures under Patent L.R. 3-6 to 3-8 | |

## II. O2 MICRO REPLY WITH RESPECT TO THE MOTION TO AMEND AND PROPOSED CASE SCHEDULE.

As it has pointed out in its now-denied Motion to Dismiss and in its pending Motion for Leave to Amend, O2 Micro did not bring this lawsuit or provoke it. Moreover, O2 Micro disagrees with MPS's continuing insinuation that it has had access to sufficient information about MPS's products at issue, either prior to the filing of the lawsuit or through the limited discovery provided in this case, to make pre-litigation accusations of infringement or to prepare infringement contentions that meet the requirements of Patent Local Rule 3-1. And it is counterproductive to talk about what information O2 Micro may have had or not had in prior lawsuits involving MPS and its customers.

Let's focus on the particular circumstances of this case. It is true, as MPS asserts, that O2 Micro, through its counsel, has been provided with limited technical discovery about the MPS products at issue in the form of sample inverter controllers and datasheets. Importantly, however, all of these discovery materials, as well as the substantive interrogatory responses that MPS has chosen to provide, lead to one troubling conclusion—that at least some of the MPS products at issue appear to be as yet unreleased products or products in development. All of the discovery materials have been designated confidential by MPS, with access and use limited to O2 Micro's counsel, which gives rise to the inference there are no publicly available materials on the MPS products at issue and that any products or information in the hands of customers are subject to nondisclosure or confidentiality agreements with MPS. O2 Micro is therefore put in an untenable position not encountered by other patent owners who are made declaratory judgment defendants—having to guess which MPS products at issue are actual products as to which this

Court is empowered to award relief under the Declaratory Judgment Act and Article III of the Constitution, as opposed to an advisory opinion. O2 Micro should also not have to guess whether the technical materials it has been given about the MPS products at issue are final, accurate and complete, such that they can be relied upon in the preparation of infringement contentions and expert reports on infringement.

O2 Micro believes it has made a good faith effort to meet and confer with MPS regarding the points of disagreement on its Motion to Amend and the pretrial schedule set forth in this Joint Case Management Statement. The sole disagreement on the proposed schedule is as follows— whether the deadline for serving infringement contentions under Patent Local Rule 3-1 should be modified to permit O2 Micro to obtain first additional discovery relating to the factual issue of infringement, both direct and indirect. For example, such discovery would include technical information regarding the devices and applications into which the MPS products at issue have been designed. It would also include any information relevant to the jurisdictional aspects of infringement (e.g., documents relating to an offer for sale in the United States) and to issues of indirect infringement (e.g., communications between MPS and its customers regarding implementation and use of the products at issue in devices and applications and their awareness of the '129 patent). O2 Micro respectfully submits that this Court adopt MPS's proposed schedule with the following modifications:

- MPS to complete its initial production of discovery materials relating to the factual issue of infringement within 30 days of the date of entry of this Case Management Order;
- O2 Micro to file any motion to compel disputing the completeness of MPS's initial production within 10 days from the date MPS completes its initial production;
- O2 Micro to comply with Patent L.R. 3-1 and 3-2 (2 weeks after MPS completes supplemental production or 4 weeks after MPS completes initial production if O2 Micro does not file a motion to compel);

All of the other dates would follow from the date of service of O2 Micro's infringement contentions, in the sequence and with the spacing proposed by MPS.

In summary, O2 Micro does not want to guess which MPS products at issue are actual

5.   **MPS'S RESP. TO O2'S MOTION TO AMEND AND JOINT SUBMISSION OF CMC STATEMENT**
**C 07-02363 CW**

products that can be accused of infringing, and proven to infringe, the '129 patent, and which are merely products in development. It does not want to serve infringement contentions now that turn out later to be wrong or incomplete, which then necessitates a motion to this Court for leave to amend. If there are MPS products at issue that can properly be the subject of declaratory relief, then the parties should try to come to issue on those products as soon as possible. O2 Micro is prepared to do its part by serving infringement contentions and MPS should be prepared to do its part by completing its initial production of discovery materials relating to the factual issue of infringement.

Dated: February 6, 2008                                COOLEY GODWARD KRONISH LLP

By: */s/ Matthew J. Brigham*
      Matthew J. Brigham

THOMAS J. FRIEL, JR. (80065)
(tfriel@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
COOLEY GODWARD KRONISH LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA  94306
Telephone:       (650) 843-5000
Facsimile:         (650) 857-0663

JAMES P. BROGAN (155906)
(jbrogan@cooley.com)
COOLEY GODWARD KRONISH LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:       (720) 566-4000
Facsimile:         (720) 566-4099

BRIAN E. MITCHELL (190095)
(bmitchell@cooley.com)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA   94111-5800
Telephone:       (415) 693-2000
Facsimile:         (415) 693-2222

Attorneys for Plaintiff Monolithic Power Systems, Inc.

Dated: February 6, 2008            HOWREY LLP

By: */s/Henry Su (with permission)*
    Henry Su

HENRY SU (211202) (suh@howrey.com)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
Telephone:      (415) 848-4900
Facsimile:       (415) 848-4999

Attorney for Defendant O2 Micro International, Limited

Filer's Attestation:  Pursuant to General Order No. 45, § X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from its signatory.

Dated: February 6, 2008            By /s/ *Matthew J. Brigham*

767061 v4/PA

**MPS's Resp. to O2's Motion to Amend and Joint Submission of CMC Statement**
**C 07-02363 CW**

7.