1 | Henry C. Bunsow (SBN 060707)
bunsowh@howrey.com
2 | K.T. Cherian (SBN 133967)
cheriank@howrey.com
3 | Duane H. Mathiowetz (SBN 111831)
mathiowetzd@howrey.com
4 | Henry C. Su (SBN 211202)
suh@howrey.com
5 | HOWREY LLP
525 Market Street, Suite 3600
6 | San Francisco, California 94105
Telephone: (415) 848-4900
7 | Facsimile: (415) 848-4999

8 | Attorneys for Defendant O2 Micro International Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. C 07-02363-CW<br><br>**DEFENDANT O2 MICRO INTERNATIONAL LIMITED'S FIRST AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>**JURY TRIAL DEMANDED** |

HOWREY LLP

Def. O2 Micro's Amended Answer to Complaint and Counterclaim
Case No. C 07-02363-CW

     Defendant O2 Micro International Limited ("O2 Micro") hereby answers the Complaint filed by Plaintiff Monolithic Power Systems, Inc. ("MPS").

1. In response to Paragraph 1 of the Complaint, O2 Micro admits that the Complaint purports to seek relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 but denies, for the reasons previously stated in its Motion to Dismiss papers (Docs. Nos. **11 & 29**), that the Complaint "presents an actual case or controversy under Article III of the United States Constitution and serves a useful purpose in clarifying and settling the legal rights at issue."

2. In response to Paragraph 2 of the Complaint, O2 Micro admits, without intending to waive its objections as to the existence of declaratory judgment jurisdiction, that subject matter jurisdiction otherwise exists under 28 U.S.C. § 1338(a).

3. O2 Micro admits the allegations of Paragraph 3 of the Complaint.

4. O2 Micro admits, without intending to waive its objections as to the existence of declaratory judgment jurisdiction, the allegations of Paragraph 4 of the Complaint.

5. In response to Paragraph 5 of the Complaint, O2 Micro admits that MPS designs and sells power inverter controllers for use in DC to AC converters. O2 Micro lacks sufficient information to admit or deny the remaining allegations of Paragraph 5 and on that basis denies them.

6. O2 Micro admits the allegations of Paragraph 6 of the Complaint.

7. O2 Micro admits, without intending to waive its objections as to the existence of declaratory judgment jurisdiction, the allegations of Paragraph 7 of the Complaint.

8. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint and on that basis denies them. More particularly, Paragraph 8 fails to identify which O2 Micro patents have allegedly been "repeatedly asserted" and which MPS customers and end-users of MPS's power inverter controller products have been the recipients of such "repeated assertions."

9. O2 Micro admits the allegations of Paragraph 9 of the Complaint insofar as they refer to the following lawsuits in which MPS products and O2 Micro patents, including the '129 patent, have been or are at issue: (1) *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., et al.,* Case Nos. 2:04-cv-00359-TJW (E.D. Tex.) & C 06-02929-CW (N.D. Cal.); (2) *O2 Micro Int'l Ltd. v. Samsung Elecs. Co., Ltd., et al.,* Case No. 2:04-cv-00323-TJW (E.D. Tex.); and *O2 Micro Int'l Ltd. v. Hon Hai Precision*

*Indus. Co., Ltd., et al.,* No. 2:05-cv-00323-CE (E.D. Tex.). Except as specifically admitted herein, O2 Micro denies the allegations of Paragraph 9.

10. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint and on that basis denies them. More specifically, Paragraph 10 fails to identify with any modicum of particularity the MPS power inverter controller products that are the apparent subject of this allegation, and it has only been through discovery served in this action that O2 Micro, through its outside counsel, has obtained any specific, substantive information about the MPS power inverter controller products that are the apparent subject of this allegation.

11. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint and on that basis denies them. O2 Micro further avers that (1) at no point prior to the filing of the Complaint did it have any knowledge or awareness of the MPS power inverter controller products, and devices built using these unspecified products, that are the apparent subject of this allegation, and (2) it has not communicated to MPS, or caused to be communicated to MPS on its behalf, any contention of infringement regarding these unspecified products and devices. It has only been through discovery served in this action that O2 Micro, through its outside counsel, has obtained any specific, substantive information about the MPS power inverter controller products that are the apparent subject of this allegation.

12. O2 Micro lacks sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and on that basis denies them.

13. Paragraph 13 of the Complaint does not require a separate response from O2 Micro.

14. O2 Micro denies the allegations of Paragraph 14 of the Complaint insofar as they relate to the facts and circumstances as of the date the Complaint was filed.

15. O2 Micro denies the allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint does not require a separate response from O2 Micro.

17. O2 Micro denies the allegations of Paragraph 17 of the Complaint.

18. O2 Micro denies the allegations of Paragraph 18 of the Complaint.

19. O2 Micro denies the allegations of Paragraph 19 of the Complaint because the particular details concerning a transformer designed specifically for use in a particular commercial

application in no way implicate the best mode of carrying out the invention of the '129 patent or other patents in the same family. O2 Micro further denies the allegations of Paragraph 19 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '129 patent (which was not even applied for until February 11, 2004), and hence it bears no relation to the invention of the '129 patent.

20. In response to the allegations of Paragraph 20 of the Complaint, O2 Micro admits that it safeguarded the CIUH8D transformer design specifications as a trade secret. O2 Micro denies the remaining allegations of Paragraph 20 because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '129 patent or other patents in the same family. O2 Micro further denies the remaining allegations of Paragraph 20 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '129 patent, and hence it bears no relation to the invention of the '129 patent.

21. O2 Micro denies the allegations of Paragraph 21 of the Complaint.

22. O2 Micro denies the allegations of Paragraph 22 of the Complaint because the particular details concerning a transformer designed specifically for use in a particular commercial application in no way implicate the best mode of carrying out the invention of the '129 patent or other patents in the same family. O2 Micro further denies the allegations of Paragraph 22 because the transformer in question was not even designed with the intent that it be used with the inverter circuits claimed in the '129 patent, and hence it bears no relation to the invention of the '129 patent.

23. In response to the allegations of Paragraph 23 of the Complaint, O2 Micro admits that Dr. Lin, the inventor of the patents-in-suit, testified in connection with Case Nos. C 00-04071 CW and C 01-03995 CW, which were previously pending in this Court. O2 Micro denies the remaining allegations of Paragraph 23 because they are misleading. MPS is selectively citing to and mischaracterizing snippets from Dr. Lin's trial testimony without providing the proper context, and while ignoring other, more pertinent testimony and evidence.

24. O2 Micro denies the allegations of Paragraph 24 of the Complaint.

25. O2 Micro denies the allegations of Paragraph 25 of the Complaint.

26. O2 Micro denies the allegations of Paragraph 26 of the Complaint.

27. O2 Micro admits the allegations of Paragraph 27 of the Complaint.

28. O2 Micro admits the allegations of Paragraph 28 of the Complaint.

29. O2 Micro denies the allegations of Paragraph 29 of the Complaint because Dr. Lin's doctoral dissertation is not a material prior art to the '129 patent or other patents in the same family.

30. O2 Micro denies the allegations of Paragraph 30 of the Complaint because Dr. Lin's doctoral dissertation is not a material prior art to the '129 patent or other patents in the same family.

31. O2 Micro denies the allegations of Paragraph 31 of the Complaint.

32. O2 Micro denies the allegations of Paragraph 32 of the Complaint.

33. O2 Micro denies the allegations of Paragraph 33 of the Complaint.

34. O2 Micro denies the allegations of Paragraph 34 of the Complaint because they misleadingly suggest that the OZ960A, OZ960AS and OZ962 were each on sale or offered for sale in this country beginning in or about 1996.

35. O2 Micro denies the allegations of Paragraph 35 because they misleadingly suggest that the OZ960A, OZ960AS and OZ962 disclose the feedback control circuitry and open lamp protection circuitry of the '129 patent or other patents in the same family.

36. In response to the allegations of Paragraph 36 of the Complaint, O2 Micro admits that under the patent laws of the United States, a patent is invalid if its claimed subject matter was described in a printed publication, in public use, or on sale in this country more than one year prior to the date of the application for patent in the United States. O2 Micro denies the remaining allegations of Paragraph 36 because the OZ960A, OZ960AS and OZ962 are not prior art— much less material prior art— to the '129 patent or other patents in the same family.

37. O2 Micro denies the averments of Paragraph 37 because the OZ960A, OZ960AS and OZ962 are not prior art— much less material, non-cumulative prior art— to the '129 patent or other patents in the same family, and hence cannot be said to have been material to the prosecution of the '129 patent.

38. O2 Micro denies the allegations of Paragraph 38 of the Complaint.

39. O2 Micro denies the allegations of Paragraph 39 of the Complaint.

40. O2 Micro denies the allegations of Paragraph 40 of the Complaint.

41. In response to the allegations of Paragraph 41 of the Complaint, O2 Micro admits that on or about October 2001, it filed a civil action against MPS in the United States District Court for the Northern District of California alleging that MPS's CCFL inverter products infringed the '615 patent, Case No. C-01-3995 ("the '615 action"). O2 Micro denies the remaining allegations of Paragraph 41 because O2 Micro lacks sufficient knowledge about the product identified only as the "MP1010."

42. O2 Micro denies the allegations of Paragraph 42 of the Complaint because MPS did not produce any evidence in the '615 action showing that the MP1010 was a material prior art to the '615 patent.

43. Paragraph 43 does not require a separate response from O2 Micro.

44. O2 Micro denies the allegations of Paragraph 44 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

45. O2 Micro denies the allegations of Paragraph 45 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

46. O2 Micro denies the allegations of Paragraph 46 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

47. In response to Paragraph 47 of the Complaint, O2 Micro admits that under the patent laws of the United States, a patent is invalid if its claimed subject matter was known or used by another in the United States, or was made in the United States by another who had not abandoned, suppressed or concealed the claimed subject matter, before the invention date of the applicant for the patent. O2 Micro denies the remaining allegations of Paragraph 47 because the MP1010 is not a material prior art to the '722 and '129 patents.

48. O2 Micro denies the allegations of Paragraph 48 of the Complaint because the MP1010 is not a material prior art to the '722 and '129 patents.

49. O2 Micro denies the allegations of Paragraph 49 of the Complaint.

50. O2 Micro denies the allegations of Paragraph 50 of the Complaint.

51. O2 Micro denies the allegations of Paragraph 51 of the Complaint.

52. The section of MPS's Complaint that constitutes its Prayer for Relief does not require a separate response from O2 Micro. To the extent that this section may be deemed to allege any facts or any factual or legal entitlements to the relief requested, O2 Micro denies each and every such allegation. O2 Micro denies that MPS is entitled to any relief, either as requested in MPS's Complaint or otherwise.

## GENERAL DENIAL

53. O2 Micro further denies any of the allegations in MPS's Complaint not specifically admitted in the responses set forth above in Paragraphs 1-52.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

54. MPS's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

55. MPS's Complaint fails to state an actual case or controversy sufficient to invoke jurisdiction under the Declaratory Judgment Act.

### Third Affirmative Defense

56. MPS's Complaint is barred by the equitable doctrines of laches, unclean hands, waiver and estoppel.

### Fourth Affirmative Defense

57. MPS's Complaint is barred by the doctrines of res judicata and collateral estoppel.

### Fifth Affirmative Defense

58. Whatever conduct O2 Micro has been accused of engaging in with respect to the '129 patent is lawful, privileged and immune as a proper exercise of its right to exclude granted by 35 U.S.C. § 271 and other provisions of the Patent Act.

### Sixth Affirmative Defense

59. The '129 patent is valid and enforceable, and is presumed to be valid and enforceable under 35 U.S.C. § 282.

**Seventh Affirmative Defense**

60. Dr. Lin's Ph.D. dissertation, the OZ960A/AS and OZ962 inverters and the MP1010 integrated circuit are not material and non-cumulative prior art as to any of the asserted patents. Nor is any of these references invalidating prior art.

**Eighth Affirmative Defense**

61. Any alleged omission of Dr. Lin's Ph.D. dissertation, the OZ960A/AS, OZ962 and OZ969 inverters and/or the MP1010 integrated circuit from an information disclosure statement submitted in a patent application related to any of the '615, '722 and '129 patents was neither knowingly nor willfully fraudulent. Any alleged omission of any of these references from an information disclosure statement submitted in a patent application related to any of the '615, '722 or '129 patent was not made with the clear intent to deceive the patent examiner. *See* 03/21/07 Memorandum Opinion and Order, *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd., et al.,* Case No. 2:04-cv-00032-TJW (E.D. Tex.) (Doc. No. **424**); 09/28/07 Findings of Fact and Conclusions of Law Regarding Defendants' Inequitable Conduct Defense, *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.,* Case No. C-04-02000-CW (N.D. Cal.) (Doc. No. **1168**).

**Ninth Affirmative Defense**

62. O2 Micro has neither violated the best mode requirement nor committed any inequitable conduct by allegedly failing to disclose the details of its CIUH8D transformer design to the Patent and Trademark Office in connection with a patent application related to any of the '615, '722 and '129 patents. The CIUH8D transformer design is not a relevant— much less material— aspect of the disclosure of the invention of the '615, '722 and '129 patents, and its alleged nondisclosure or omission from the specification was not knowingly or willfully fraudulent, nor made with the clear intent to deceive the patent examiner. *See* 02/08/07 Order Denying MPS's Mot. Summ. J. of Invalidity of the '722 Patent and Denying ASUSTeK's Mot. Summ. J., *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.,* Consolidated Case No. C 04-02000-CW (N.D. Cal.) (Doc. No. **742**).

**Tenth Affirmative Defense**

63. MPS's Complaint lacks a good faith basis under Rule 11 of the Federal Rules of Civil Procedure.

HOWREY LLP

Def. O2 Micro's Amended Answer to Complaint and Counterclaim
Case No. C 07-02363-CW

- 7 -

## COUNTERCLAIM

64. O2 Micro incorporates by reference its responses set forth in Paragraphs 1-63 above.

### Parties

65. Counterclaimant, O2 Micro, is a corporation organized is a corporation duly organized and existing under the laws of the Cayman Islands, having a principal place of business at Grand Pavilion Commercial Centre, West Bay Road, P.O. Box 32331 5MB, George Town, Grand Cayman, Cayman Islands.

66. Counterclaim Defendant, MPS, is a corporation duly organized and existing under the laws of Delaware, having a regular and established place of business at 983 University Avenue, Building A, Los Gatos, California.

### Jurisdiction and Venue

67. This is an action arising under the patent laws of the United States. Accordingly, **this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).**

68. This Court has personal jurisdiction over MPS based on minimum contacts and purposeful availment. Specifically, on information and belief, MPS is headquartered within this judicial district, and designs and develops inverter controller products that are the subject of this action within this judicial district. Moreover, MPS has voluntarily y subjected itself to this Court's jurisdiction by filing this action and purposefully availing itself of the laws and procedures of this forum.

69. For the reasons set forth in Paragraphs 66 and 68 above, venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).

### Factual Allegations

70. United States Patent No. 6,804,129 ("the '129 patent"), entitled *High-Efficiency Adaptive DCIAC Converter,* was duly and lawfully issued October 12, 2004. A true and correct copy of the '129 patent is attached hereto as Attachment 1.

71. O2 Micro is the current owner of all rights, title, and interest in the '129 patent.

72. **O**2 Micro is and has been engaged in the business of designing, manufacturing, and selling electronics hardware, including integrated circuits that efficiently convert direct current ("DC")

voltage to alternating current ("AC") voltage, which is and can be used to power an electronic device such as, for example, a cold cathode fluorescent lamp in a liquid crystal display.

73. MPS is also engaged in the business of designing, manufacturing, and selling electronics hardware, including integrated circuits that convert DC voltage to AC voltage, such as **DC-to-AC inverter controller circuits.**

### Count One – Infringement of the '129 Patent

74. O2 Micro incorporates by reference its responses set forth in Paragraphs 1-73 above.

75. Rule 13(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] pleading shall state as a counterclaim any claim which *at the time of serving the pleading the pleader has against any opposing party,* if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." (Emphasis added.)

76. As stated in Paragraphs 10 and 11 above, when MPS filed this action, O2 Micro did not have specific information regarding any MPS power inverter controller products, and devices built using these unspecified products, that are the apparent subject of MPS's Complaint. Nor did O2 Micro have any such information when it originally answered MPS's Complaint.

77. On information and belief, none of the technical information concerning these unspecified products, including part numbers, data sheets and schematics, is publicly available, as evidenced by the filing under seal of Exhibit 10 to the July 26, 2007 Declaration of Matthew J. Brigham in Support of MPS's Opposition to O2 Micro's Motion to Dismiss. *See* 07/26/07 Brigham Decl. in Support of MPS's Admin. Mot. to File under Seal ¶ 4 (Doc. No. **21**) (stating that Exhibit 10 "contains technical information related to an MPS inverter controller product that MPS considers to be highly confidential").

78. Through discovery served in this action, however, O2 Micro, through its outside counsel, has obtained some limited, technical and sales information about the MPS power inverter controllers that are the apparent subject of this allegation. MPS has designated this information as highly confidential and available only to O2 Micro's outside counsel, pursuant to Patent Local Rule 2-2 of this Court.

HOWREY LLP

Def. O2 Micro's Amended Answer to Complaint and Counterclaim
Case No. C 07-02363-CW
- 9 -

79. The highly confidential, technical and sales information provided by MPS consists of: (a) an identification by part number of sixteen inverter controllers that MPS seeks to put into issue in this action; (b) for eight of the identified inverter controllers a date of first sale and a first customer, and for the other eight inverter controllers, the notation "N/A;" (c) samples of fourteen of the inverter controllers at issue; and (d) datasheets for thirteen of the inverter controllers at issue. Most of the datasheets explicitly bear the legend "internal use only," and some of the datasheets also have the words "confidential" and/or "proprietary." Moreover, six of the datasheets bear the label "preliminary specifications subject to change" or "initial release – specifications subject to change," and three of the datasheets include the legend "Attorney Work Privileged."

80. Based only on its outside counsel's review of this limited set of technical and sales information, O2 Micro makes the following allegations set forth in Paragraphs 81-83. O2 Micro further specifically avers, pursuant to Rule 11(b)(3) of the Federal Rules of Civil Procedure, that the following allegations set forth in Paragraphs 81-83 are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Such investigation and discovery would seek, for example, information regarding which of the inverter controllers identified by MPS are actual products ready for commercial sale as opposed to working, experimental designs, and what specific acts MPS has taken with respect to any of these identified inverter controllers that would fall within the jurisdictional ambit of 35 U.S.C. § 271.

81. MPS, by manufacturing, testing, using, and/or selling electronics hardware, including DC-to-AC inverter controller circuits, which embody, or when used, practice one or more claims of the '129 patent, without license or permission from O2 Micro, has directly infringed, induced infringement and/or contributed to the infringement of the '129 patent. Accordingly, MPS is liable for infringement of the '129 patent pursuant to 35 U.S.C. § 271.

82. MPS will continue to directly infringe, induce infringement and/or contribute to the infringement of the '129 patent, continuing to damage O2 Micro's business and **causing irreparable harm unless** enjoined by this Court.

**HOWREY LLP**

Def. O2 Micro's Amended Answer to Complaint and Counterclaim
Case No. C 07-02363-CW

- 10 -

83. MPS's acts of infringement have caused and will cause damage to O2 Micro and O2 Micro is entitled to recover from MPS the damages sustained by O2 Micro as a result of MPS's wrongful acts in an amount subject to proof at trial.

**JURY DEMAND**

84. Under Rule 38 of the Federal Rules of Civil Procedure, O2 Micro hereby demands a trial by jury of any and all issues so triable that arise out of or relate to MPS's Complaint and/or O2 Micro's affirmative defenses and counterclaim thereto.

WHEREFORE, O2 Micro prays for judgment and seeks relief against MPS as follows:

(a) For judgment that the '129 patent is valid and enforceable, and has been and/or continues to be infringed by MPS;

(b) For an accounting of all damages sustained by O2 Micro as a result of MPS's acts of infringement;

(c) For preliminary and permanent injunctions enjoining any proven acts of infringement by MPS, its officers, agents, servants, employees, subsidiaries, successors, assigns, and all other persons acting in concert or participation with MPS, including related individuals and entities, customers, representatives, dealers, distributors, and importers;

(d) For actual damages together with prejudgment interest;

(e) For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(f) For all costs of suit, including an award of costs for vexatious litigation under 28 U.S.C. § 1927; and

(g) For such other and further relief as the Court may deem just and proper.

Dated: February 12, 2008                HOWREY LLP

                                        By: /s/Henry C. Su
                                              Henry C. Su

                                        Attorneys for Plaintiff
                                        O2 Micro International Limited

HOWREY LLP

Def. O2 Micro's Amended Answer to Complaint and Counterclaim    - 11 -
Case No. C 07-02363-CW