1  COUNSEL LISTED ON SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>Defendant. | Case No. C 07-02363 CW<br><br>**PLAINTIFF MONOLITHIC POWER SYSTEMS, INC.'S ANSWER TO O2 MICRO INTERNATIONAL LIMITED'S COUNTERCLAIM FOR PATENT INFRINGEMENT** |

In response to Defendant O2 Micro International Limited's ("Defendant" or "O2 Micro") First Amended Answer to Complaint and Counterclaim ("Counterclaim"), Plaintiff Monolithic Power Systems, Inc. ("Plaintiff" or "MPS") admits, denies, and avers as follows:

1. MPS incorporates by reference Paragraphs 1-51 of its Complaint.

**PARTIES**

2. In response to Paragraph 65 of the Counterclaim, MPS admits that O2 Micro is a corporation organized duly organized and existing under the law of the Cayman Islands, having a principal place of business at Grand Pavilion Commercial Centre, West Bay Road, P.O. Box 32331 5MB, George Town, Grand Cayman, Cayman Islands.

1    3.   In response to Paragraph 66 of the Counterclaim, MPS admits it is a corporation duly organized and existing under the laws of Delaware, having a regular and established place of business at 6409 Guadalupe Mines Road, San Jose, CA 95120.

## JURISDICTION AND VENUE

4.   In response to Paragraph 67 of the Counterclaim, MPS admits that this Court has subject matter jurisdiction over O2 Micro's Counterclaim.  Except as expressly admitted, MPS denies the other averments of Paragraph 67.

5.   In response to Paragraph 68 of the Counterclaim, MPS admits that this Court has personal jurisdiction over MPS.  Except as expressly admitted, MPS denies the other averments of Paragraph 68.

6.   In response to Paragraph 69 of the Counterclaim, MPS admits that venue is proper in this District.

## FACTUAL ALLEGATIONS

7.   In response to Paragraph 70 of the Counterclaim, MPS admits that on its face, United States Patent No. 6,804,129 ("the '129 patent") is entitled "High-Efficiency Adaptive DC/AC Converter," and that a copy of the '129 patent is attached as Attachment 1 to the Counterclaim.  MPS lacks sufficient knowledge to admit or deny the other averments contained in Paragraph 70, and on that basis denies each and every such averment.

8.   MPS lacks sufficient knowledge to admit or deny the averments of Paragraph 71 of the Counterclaim, and on that basis denies each and every such averment.

9.   MPS lacks sufficient knowledge to admit or deny the averments of Paragraph 72 of the Counterclaim, and on that basis denies each and every such averment.

10.   MPS admits the averments of Paragraph 73 of the Counterclaim.

## COUNT ONE – INFRINGEMENT OF THE '129 PATENT

11.   MPS realleges its admissions, denials, and averments as set forth in Paragraphs 1-10 above.

12.   In response to Paragraph 75 of the Counterclaim, MPS admits that Rule 13(a) of the Federal Rules of Civil Procedure provides, in part, that "[a] pleading shall state as a

1  counterclaim any claim which at the time serving the pleading the pleader has against any
2  opposing party, if it arises out of the same transaction or occurrence that is the subject matter of
3  the opposing party's claim and does not require for its adjudication the presence of parties of
4  whom the court cannot acquire jurisdiction." Except as expressly admitted, MPS denies the other
5  averments of Paragraph 75.

6  13. MPS lacks sufficient knowledge to admit or deny the averments of Paragraph 76
7  of the Counterclaim, and on that basis denies each and every such averment.

8  14. MPS admits that certain information about its products is maintained as
9  confidential.

10  15. MPS admits that it produced in discovery certain information about its products
11  and asked that they be kept confidential under Patent L.R. 2-2.

12  16. In response to Paragraph 79 of the Counterclaim, MPS admits that it produced to
13  O2 Micro confidential technical and sales information related to the subject matter of this
14  litigation. Because O2 Micro fails to identify the source(s) of the information provided in
15  Paragraph 79, MPS lacks sufficient knowledge to admit or deny the other averments and on that
16  basis denies each and every such averment.

17  17. Paragraph 80 does not contain any allegations to which an answer is necessary, but
18  to the extent an answer is required, MPS denies each and every averment of Paragraph 80 of the
19  Counterclaim.

20  18. MPS denies each and every averment of Paragraph 81 of the Counterclaim.
21  19. MPS denies each and every averment of Paragraph 82 of the Counterclaim.
22  20. MPS denies each and every averment of Paragraph 83 of the Counterclaim.
23  21. Paragraph 84 of the Counterclaim constitutes O2 Micro's Jury Demand and Prayer
24  for Relief. It does not require a separate response from MPS. To the extent a response is
25  required, MPS denies that O2 Micro is entitled to any relief, either as requested in O2 Micro's
26  Counterclaim or otherwise.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

22. The '129 patent is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including, but not limited to, one or more of 35 U.S.C. §§ 102, 103 and/or 112.

### Second Affirmative Defense

23. MPS is informed and believes, and on that basis avers, that by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in the '129 patent, and by reason of the admissions and representations therein made by or on behalf of the applicant for the '129 patent, O2 Micro is estopped from construing the claims of the '129 patent, even if this were otherwise possible, to cover and include any acts of MPS.

### Third Affirmative Defense

24. MPS's products are so far changed in principle from those disclosed in the '129 patent, and are so different in structure, function, operation, and result from those disclosed in the '129 patent, that MPS's products function in a substantially different way from, and are substantially different than the '129 patent.

### Fourth Affirmative Defense

25. MPS is informed and believes, and on that basis avers, that by reason of the proceedings in a prior California action where the Court granted summary judgment for MPS on the '615 patent, and by reason that the claims of the '129 patent have many claim limitations in common with the claims of the '615 patent, O2 Micro is estopped from construing at least one or more of the claim limitations of the '129 patent to cover and include any acts of MPS.

### Fifth Affirmative Defense

26. MPS is informed and believes, and on that basis avers, that by reason of the proceedings in a prior California action where the Court entered final judgment of invalidity and non-infringement for MPS on the '722 patent, and by reason that the claims of the '129 patent have many claim limitations in common with the claims of the '722 patent, O2 Micro is estopped

from construing at least one or more of the claim limitations of the '722 patent to cover and include any acts of MPS.

### Sixth Affirmative Defense

27. The '129 patent is unenforceable due to O2 Micro's inequitable conduct, for the reasons set forth in paragraphs 18-51 of MPS's Complaint, and incorporated herein by reference.

### Seventh Affirmative Defense

28. O2 Micro is barred by its unclean hands from seeking equitable relief from the Court.

### Eighth Affirmative Defense

29. O2 Micro's Counterclaim is barred by the doctrines of *res judicata* or collateral estoppel or both.

### Ninth Affirmative Defense

30. O2 Micro's Counterclaim is barred in whole or in part by the covenant not to sue granted to MPS with respect to the '129 patent.

### Tenth Affirmative Defense

31. MPS is informed and believes, and on that basis avers, that by reason of the proceedings in a prior California action where the Court entered final judgment of invalidity on the '722 patent based on on-sale bar, and by reason that the claims of the '129 patent have many claim limitations in common with or similar to the claims of the '722 patent, O2 Micro is collaterally estopped from disputing the invalidity of the '129 patent.

Dated: March 6, 2008                    COOLEY GODWARD KRONISH LLP


By: */s/ Matthew J. Brigham*
    Matthew J. Brigham

THOMAS J. FRIEL, JR. (80065)
(tfriel@cooley.com)
MATTHEW J. BRIGHAM (191428)
(mbrigham@cooley.com)
COOLEY GODWARD KRONISH LLP

3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA  94306
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

JAMES P. BROGAN (155906)
(jbrogan@cooley.com)
COOLEY GODWARD KRONISH LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

BRIAN E. MITCHELL (190095)
(bmitchell@cooley.com)
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Plaintiff Monolithic Power Systems, Inc.

769324 v1/PA