1  K.T. Cherian (SBN 133967)
   cheriank@howrey.com
2  Duane H. Mathiowetz (SBN 111831)
   mathiowetzd@howrey.com
3  Henry C. Su (SBN 211202)
   suh@howrey.com
4  Richard C. Lin (SBN 209233)
   linrichard@howrey.com
5  Marilee C. Wang (SBN 232432)
   wangm@howrey.com
6  HOWREY LLP
   525 Market Street, Suite 3600
7  San Francisco, California  94105
   Telephone:  (415) 848-4900
8  Facsimile:  (415) 848-4999

9  Attorneys for Defendant O2 Micro International Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>  Defendant. | Case No. C 07-02363-CW<br><br>**DEFENDANT O2 MICRO INTERNATIONAL LIMITED'S NOTICE OF MOTION AND SECOND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: July 10, 2008<br>Time: 2:00 p.m.<br>Room: Courtroom 2, 4th Floor<br>Judge: Honorable Claudia Wilken |

HOWREY LLP

Def. O2 Micro's Second Mot. to Dismiss
Case No. C 07-02363-CW

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION TO DISMISS .................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 1

I.    INTRODUCTION ................................................................................................................ 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

III.  STATEMENT OF RELEVANT FACTS ............................................................................ 3

IV.  ARGUMENT ........................................................................................................................ 5

    A.    Legal Standard for Declaratory Judgment Jurisdiction. ........................................... 5

    B.    This Case Should Be Dismissed as Moot in Light of O2 Micro's Proffered Covenant Not-to-Sue. .................................................................................................. 7

    C.    Even If an Actual Controversy Existed with Respect to the '129 Patent, the Court Should Decline Jurisdiction Over MPS's Claims. ............... 9

V.   CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aetna Life Ins. Co. v. Haworth,*
    300 U.S. 227 (1937) .................................................................................................... 10

*Benitec Australia, Ltd. v. Nucleonics, Inc.,*
    495 F.3d 1340 (Fed. Cir. 2007) .................................................................................. 6, 8

*BP Chems. Ltd. v. Union Carbide Corp.,*
    4 F.3d 975 (Fed. Cir. 1993) ............................................................................................ 9

*Crossbow Tech., Inc. v. YH Tech.,*
    531 F. Supp. 2d 1117 (N.D. Cal. 2007) ...................................................................... 8, 9

*EMC Corp. v. Norand Corp.,*
    89 F.3d 807 (Fed. Cir. 1996) ............................................................................ 5, 7, 9, 10

*Furminator, Inc. v. Ontel Prods. Corp.,*
    246 F.R.D. 579 (E.D. Mo. 2007) .................................................................................... 9

*Gator.com Corp. v. L.L. Bean, Inc.,*
    398 F.3d 1125 (9th Cir. 2005) ........................................................................................ 6

*Gerdau Ameristeel Corp. v. United States,*
    519 F.3d 1336 (Fed. Cir. 2008) ...................................................................................... 6

*Maryland Casualty Co. v. Pacific Coal & Oil Co.,*
    312 U.S. 270 (1941) ....................................................................................................... 6

*MedImmune, Inc. v. Genentech, Inc.,*
    127 S. Ct. 764 (2007) ............................................................................................ 6, 8, 10

*Predicate Logic, Inc. v. Distributive Software, LLC,*
    Case No. 01cv1951 WQH (WMc), 2007 WL 2070345 (S.D. Cal. July 12,
    2007) .............................................................................................................................. 9

*SanDisk Corp. v. STMicroelectronics, Inc.,*
    480 F.3d 1372 (Fed. Cir. 2007) .................................................................................. 6, 8

*Serco Servs. Co. v. Kelley Co.,*
    51 F.3d 1037 (Fed. Cir. 1995) ........................................................................................ 7

*Steffel v. Thompson,*
    415 U.S. 452 (1974) ....................................................................................................... 6

*Super Sack Mfg. Corp. v. Chase Packaging Corp.,*
    57 F.3d 1054 (Fed. Cir. 1995) .................................................................................... 7, 8

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) .................................................................................................... 6, 9

**STATUTES**

28 U.S.C. § 2201(a) (2007) ................................................................................................. 5

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on Thursday, July 10, 2008, at 2:00 p.m., before the Honorable Claudia Wilken in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, Defendant O2 Micro International Limited ("O2 Micro") will move, and hereby does move, to dismiss Plaintiff Monolithic Power Systems, Inc.'s ("MPS") Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

MPS's Complaint pleads claims for declaratory relief relating to O2 Micro's U.S. Patent No. 6,804,129 ("the '129 patent"). The Complaint must be dismissed for lack of subject matter jurisdiction because O2 Micro has proffered a covenant not-to-assert the '129 patent against any and all of the products identified by MPS as the subject of its claims for declaratory relief. Alternatively, even if the Court were to conclude that subject matter jurisdiction subsists nonetheless, the Court can and should exercise its discretion in declining jurisdiction over MPS's declaratory judgment action and therefore dismiss the Complaint. This Motion is based on the Memorandum of Points and Authorities below, the accompanying Declaration of Henry C. Su, all attached exhibits, the oral arguments of counsel, and all other pleadings and matters of record in this action. A proposed Order also accompanies this Motion, as required by Civil Local Rule 7-2(c).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

MPS seeks in the present action a declaration of its rights with respect to O2 Micro's '129 patent. O2 Micro previously moved to dismiss MPS's claims for declaratory relief on the ground that O2 Micro had already covenanted not to assert the '129 patent against MPS in a prior case, *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* Case Nos. C 06-02929-CW and C 04-02000-CW (together, the "'2000 Case"). (Dkt. No. 11.) In opposing O2 Micro's motion to dismiss, MPS argued that declaratory relief remains necessary because the covenant not-to-sue from the '2000 Case does not cover new products that MPS has recently developed, which MPS fears O2 Micro will accuse of infringement. On that basis, this Court denied O2 Micro's motion to dismiss. (Dkt. No. 33, at 3 ("[MPS] believes that, because O2 Micro takes a narrow view of the stipulated dismissal, the covenant

1  not to sue does not cover these new products and, therefore, it is laboring under the shadow of
2  threatened infringement litigation.").

3        O2 Micro respectfully disagrees and steadfastly maintains that since the filing of its covenant
4  not-to-sue in the '2000 Case, there never has been any actual, justiciable controversy involving the
5  '129 patent and any MPS products that would warrant the exercise of this Court's jurisdiction under
6  the Declaratory Judgment Act. Consistent with this position, and to eliminate any conceivable, actual
7  controversy with MPS, O2 Micro has agreed not to assert the '129 patent against MPS based on any of
8  the new products and products-in-development that MPS has identified as the purported basis for its
9  declaratory judgment claims. As a result, O2 Micro has mooted any "actual controversy" that may
10 have existed between it and MPS with respect to the '129 patent. This Court therefore lacks the
11 requisite subject matter jurisdiction under the Declaratory Judgment Act to entertain MPS's claims,
12 and the Complaint must be dismissed.

13       Alternatively, this Court can and should decline jurisdiction over MPS's claims. MPS came
14 into this Court alleging that it still had a justiciable dispute with O2 Micro concerning infringement of
15 the '129 patent. O2 Micro asked MPS to identify the products that form the basis of this alleged
16 dispute. MPS did so and O2 Micro has now proffered in response a covenant not-to-sue to eliminate
17 the dispute and MPS's alleged status as an accused infringer. As a result, any claims that MPS might
18 argue as still remaining would be wholly remote and speculative. Entertaining such claims would not
19 be in accordance with the purpose of the Declaratory Judgment Act and the principles of sound judicial
20 administration.

21 **II.  STATEMENT OF ISSUES TO BE DECIDED**

22       This Motion presents the following issues for decision:

23       (1)  Does an actual controversy sufficient to support declaratory judgment jurisdiction still
24 exist between O2 Micro and MPS with respect to the '129 patent, when O2 Micro has agreed not to
25 assert the '129 patent against MPS based on any previously accused products or any newly identified
26 products? As explained below, the answer is no. MPS's Complaint should therefore be dismissed.

27       (2)  Even if this Court were to conclude that O2 Micro's covenant not-to-sue does not
28 completely divest it of declaratory judgment jurisdiction, should this Court nevertheless decline to

exercise such jurisdiction, consistent with the objectives of the Declaratory Judgment Act and in the interest of sound judicial administration? As explained below, the answer is yes. MPS's Complaint should therefore be dismissed.

### III. STATEMENT OF RELEVANT FACTS

O2 Micro previously asserted the '129 patent against MPS in the action styled *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,* Case Nos. C 06-02929-CW and C 04-02000-CW (together, the "'2000 Case"). On October 11, 2006, this Court dismissed O2 Micro's '129 patent infringement claim against MPS in the '2000 Case with prejudice, pursuant to a Stipulated Dismissal with Prejudice of First Count of O2 Micro's Third Amended Complaint for Patent Infringement and Unfair Competition ("Stipulated Dismissal") signed by the parties in the '2000 Case (Doc. No. **579**). (Declaration of Henry C. Su ["Su Decl."] Ex. **A** (10/11/06 Stipulated Dismissal).) In the Stipulated Dismissal, O2 Micro agreed to dismiss with prejudice its claims of infringement of the '129 patent against MPS and the other named defendants and not to sue them again on the '129 patent:

> Specifically, O2 Micro covenants not to assert or reassert its '129 patent against named defendants for infringement by MPS full bridge inverter controllers (and products incorporating said controllers) made, used, imported, offered for sale or sold previously or currently having product designations MP1010, MP1010B, MP1011, MP1012, MP1013, MP1015, MP1016, MP1018, MP1022, MP1023, MP1024, MP1025, MP1026, MP1027, MP1029, MP1030, MP1031, MP1032, MP1035 and MP1038, evaluation boards EV0001, EV0002, EV0003, EV0004, EV0014, EV0017, EV0019, EV0027, EV0031 and EV0037 incorporating certain of those inverter controllers, Asustek products incorporating the MP1010B, MP1011, MP1015 and/or MP1037 inverter controller chips, and Compal's products incorporating the MP101, MP1010B, MP1015, MP1016, and/or MP1037 inverter chips.

(*Id.* at 1:6-15.) The list of MPS products identified in the Stipulated Dismissal constituted all of the MPS products that O2 Micro had accused of infringing the '129 patent in the '2000 Case. (Su Decl. Ex. **B** (08/07/06 O2 Micro's Amended Prelim. Infring. Contentions, at 1).)

Notwithstanding O2 Micro's undisputed compliance with the terms of the Stipulated Dismissal, MPS filed the present action on May 1, 2007. (Doc. No. **1**.) MPS's Complaint contains only two claims for relief under the Declaratory Judgment Act, 28 U.S.C. § 2201—one for a declaratory judgment that MPS does not infringe any valid claim of the '129 patent, (Compl. ¶¶ 13-15), and the other for a declaratory judgment that the '129 patent is unenforceable due to inequitable conduct, (*id.* ¶¶ 16-51).

Because MPS's Complaint failed to specify any particular O2 Micro activities after the entry of the Stipulated Dismissal that would give rise to an actual controversy between the parties under Article III of the Constitution, O2 Micro moved to dismiss the Complaint for lack of subject matter jurisdiction on July 9, 2007. (Doc. No. **11**.) In opposing O2 Micro's motion, MPS argued that subject matter jurisdiction was proper because MPS has developed new products, such as the MP1008 and new full-bridge inverter controllers marketed under the VION brand, that it fears O2 Micro will accuse of infringing the '129 patent. (Doc. No. **22**, at 3:14-22.) Consequently, MPS asserted that adjudication of this case was necessary to dispel the "shadow of threatened infringement litigation" regarding these new products in development. (*Id.* at 3:19-22.) The Court agreed with MPS's position and denied O2 Micro's motion to dismiss on August 13, 2007. (Doc. No. **33**.)

On September 21, 2007, O2 Micro served a first set of interrogatories on MPS. (Su Decl. Ex. **C** (9/21/07 O2 Micro's First Set of Interrogatories to MPS).) O2 Micro's Interrogatory No. 1 asked MPS to identify every product for which MPS sought a declaratory judgment of non-infringement. (*Id.* at 4.) MPS responded in pertinent part that it "is currently seeking a declaratory judgment of non-infringement with respect to the following inverter controllers (as well as inverter modules and end-user devices using such inverter controllers in a manner consistent with MPS's reference diagrams) which have been designed, manufactured, marketed, sold, and/or offered for sale (collectively, the "Disputed Products"): [listing sixteen power inverter controller products by model number]."[1] (Su Decl. ¶ 5.)

O2 Micro also served interrogatories (Nos. 4 and 5) asking MPS to identify every inverter module and end-user device that incorporates the inverter controllers for which MPS is seeking declaratory relief. (Su Decl. Ex. **C** (9/21/07 O2 Micro's First Set of Interrogatories to MPS, at 4).) MPS, however, refused to provide this information to O2 Micro on the ground that there was not then a

---

[1] MPS designated its interrogatory response for protection under Patent Local Rule 2-2 (there being yet no protective order entered in this action), apparently claiming that the identities of these inverter controller products constitute confidential information. (Su Decl. ¶ 5.) Accordingly, O2 Micro does not specifically name those products here. If the Court requests, O2 Micro will submit the model numbers of these products in a sealed filing.

**HOWREY LLP**

Def. O2 Micro's Second Mot. to Dismiss
Case No. C 07-02363-CW

- 4 -

counterclaim of infringement pending. (Su Decl. ¶ 6.) To overcome this apparent discovery impasse, O2 Micro has counterclaimed for infringement of the '129 patent, with the expectation and intention that MPS would now provide the previously requested, additional information about the newly identified inverter controllers that are the subject of declaratory relief. (Doc. No. **45**.)

Although it has now a counterclaim pending and can articulate its preliminary position on infringement based on the few pieces of product information MPS has provided, O2 Micro is willing to pretermit this lawsuit—which it did not bring in the first place—by covenanting not to assert the '129 patent against MPS based on any of the newly identified products. Specifically, O2 Micro has proffered to MPS a covenant not-to-sue having the following language:

> O2 Micro covenants not to assert or reassert its '129 patent against MPS for infringement by MPS power inverter controller products [model numbers of the sixteen power inverter controller products specifically identified by MPS] in the form currently in existence (and inverter modules and end-user devices incorporating such inverter controllers in a manner consistent with MPS's reference diagrams produced in this litigation) made, used, imported, offered for sale or sold by MPS. O2 Micro does not intend this stipulation to apply to any other parties besides MPS and does not intend this stipulation to have preclusive effect (such as collateral estoppel or res judicata) as to any issue or claim asserted in the future except as expressly set forth herein.

(Su Decl. ¶ 7.) MPS, however, has refused to stipulate to a dismissal of this action based on O2 Micro's proffered covenant not-to-sue. Accordingly, O2 Micro asks this Court to enter an order dismissing this action. For the reasons explained below, O2 Micro's proffered covenant not-to-sue is more than sufficient to eliminate any "actual controversy" between the parties on the '129 patent, and therefore divests this Court of subject matter jurisdiction over MPS's declaratory judgment claims.

## IV.    ARGUMENT

### A.    Legal Standard for Declaratory Judgment Jurisdiction.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (2007). In other words, the Act "requires an actual controversy between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 810 (Fed. Cir. 1996).

The Declaratory Judgment Act's "actual controversy" requirement is rooted in Article III of the federal Constitution, which provides for federal jurisdiction over only "cases and controversies." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007). Specifically, an "actual controversy" exists if "'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007), which in turn quotes from *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In the context of a patent infringement action, this "actual controversy" requirement translates to a factual showing of a situation "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license[.]" *Id.* at 1381.

In addition, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). Where an actual controversy ceases to exist after the filing of the complaint, the action must be dismissed as moot. *See Gerdau Ameristeel Corp. v. United States*, 519 F.3d 1336, 1340 (Fed. Cir. 2008); *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1134 (9th Cir. 2005). The burden rests "on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

Even if a district court concludes that it has proper jurisdiction over a declaratory judgment action, it has "unique and substantial discretion" in deciding whether to accept or decline jurisdiction over the case. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Under Federal Circuit law, a district court has broad discretion to dismiss a declaratory judgment action as long as the court "acts in

accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." *EMC*, 89 F.3d at 813-14.[2]

### B.  This Case Should Be Dismissed as Moot in Light of O2 Micro's Proffered Covenant Not-to-Sue.

O2 Micro's proffered covenant not-to-sue MPS resolves any purported controversy that MPS has asserted as the basis for the present declaratory judgment action, thereby rendering this case moot. In opposing O2 Micro's prior motion to dismiss, MPS argued that it required declaratory relief on the '129 patent because it has developed new products that are not covered by O2 Micro's covenant not-to-sue from the '2000 Case. (Doc. No. **22**, at 3:14-22.) MPS later specified in response to O2 Micro's Interrogatory No. 1 that the new products for which it seeks declaratory relief are sixteen power inverter controller products, identified by model number. (Su Decl. ¶ 5.) O2 Micro has now addressed these new products in its proffered covenant not-to-sue, which states:

> O2 Micro covenants not to assert or reassert its '129 patent against MPS for infringement by MPS power inverter controller products [model numbers of the sixteen power inverter controller products specifically identified by MPS] in the form currently in existence (and inverter modules and end-user devices incorporating such inverter controllers in a manner consistent with MPS's reference diagrams produced in this litigation) made, used, imported, offered for sale or sold by MPS. O2 Micro does not intend this stipulation to apply to any other parties besides MPS and does not intend this stipulation to have preclusive effect (such as collateral estoppel or res judicata) as to any issue or claim asserted in the future except as expressly set forth herein.

(Su Decl. ¶ 7.) Together with its prior covenant not-to-sue from the '2000 Case, O2 Micro has now effectively promised not to sue MPS for infringement of the '129 patent based on any of MPS's past or present inverter controller products, including products in development, that have been identified to O2 Micro.

Under the Federal Circuit's decision in *Super Sack Manufacturing Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995), O2 Micro's promise not to sue MPS on its past or present products eliminates any "actual controversy" between the parties on the '129 patent. In *Super Sack*,

---

[2] Federal Circuit law governs the issue of whether a district court should accept or decline jurisdiction over a declaratory judgment action in a patent case. *See, e.g., Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995).

the patentee represented to the district court that it "will unconditionally agree not to sue [defendant] Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase." *Id.* at 1056. The Federal Circuit held that this promise not to sue "removes from the field any controversy sufficiently actual to confer jurisdiction over this case." *Id.* at 1059. Accordingly, the Federal Circuit affirmed the dismissal of Chase's declaratory judgment claims on the patents-in-suit as moot. *Id.* at 1059-60.

O2 Micro's covenant not-to-sue is no different from the covenant that rendered the controversy moot in *Super Sack*. Like the patentee in *Super Sack*, O2 Micro has now promised not to sue MPS for infringement of the '129 patent based on any of MPS's past or present products known to O2 Micro. O2 Micro's covenant to MPS therefore resolves any purported controversy between the parties, and thereby divests this Court of subject matter jurisdiction over this case.

Importantly, the principle that a covenant not-to-sue divests the court of subject matter jurisdiction still controls after the Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007). In *Benitec Australia*, for example, the Federal Circuit, applying the *MedImmune* test for declaratory judgment jurisdiction, held that a patentee's statement that it "covenants and promises not to sue [defendant] for patent infringement arising from activities and/or products occurring on or before" a certain date had the effect of divesting the district court of jurisdiction over the defendant's counterclaims for declaratory judgment of invalidity and unenforceability. *Id.* at 1343, 1347-48.

Thus, *MedImmune* does not change the well-established law of the Federal Circuit that a covenant not-to-sue on a patent destroys subject matter jurisdiction over any claims regarding the infringement, validity, and enforceability of the patent. *See Crossbow Tech., Inc. v. YH Tech.*, 531 F. Supp. 2d 1117, 1120 (N.D. Cal. 2007) ("The Federal Circuit's decision in [*Benitec Australia*], however, clarifies that a covenant not to sue is still sufficient to divest a trial court of subject matter jurisdiction, even under the new legal standard."). This view is wholly consistent with the Federal Circuit's reformulation of the legal standard for declaratory judgment jurisdiction, which requires a situation "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party[.]" *SanDisk,* 480 F.3d at 1381. A covenant not-to-sue operates as a binding

non-assertion of the patentee's rights under the patent at issue based on certain ongoing or planned activity identified by the other party. It therefore eliminates the situation required for declaratory judgment jurisdiction under *SanDisk*.

Consistent with *Benitec Australia*, lower courts have continued to dismiss declaratory judgment claims on patents whenever the patentee covenants not to assert the patents against the alleged infringer's past or present products. *See, e.g., Crossbow Technology*, 531 F. Supp. 2d at 1122; *Predicate Logic, Inc. v. Distributive Software, LLC*, Case No. 01cv1951 WQH (WMc), 2007 WL 2070345, at *3-4 (S.D. Cal. July 12, 2007); *Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 590 (E.D. Mo. 2007). The present situation is indistinguishable from these cases, and thus MPS's declaratory judgment claims should also be dismissed.

### C. Even If an Actual Controversy Existed with Respect to the '129 Patent, the Court Should Decline Jurisdiction Over MPS's Claims.

In the unlikely event this Court were to conclude that an actual controversy still exists between O2 Micro and MPS with respect to the '129 patent, dismissal would still be the appropriate exercise of the Court's discretion. District courts have "unique and substantial discretion" to dismiss a declaratory judgment action as long as the court "acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." *Wilton*, 515 U.S. at 286; *EMC*, 89 F.3d at 813-14. Here the Court should exercise its discretion not to entertain MPS's claims in view of O2 Micro's proferred covenant not-to-sue.

Dismissal of this action advances the purpose of the Declaratory Judgment Act, which is "to enable a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 977 (Fed. Cir. 1993). MPS can no longer be said to be "at legal risk" because O2 Micro has now provided MPS with two covenants not-to-sue that effectively insulate it from any claims of infringement of the '129 patent for any of its past or present products. Thus, there is simply no legal dispute between the parties that requires immediate adjudication and the attendant consumption of precious, judicial resources. To the contrary, consideration of MPS's claims for declaratory relief would only waste judicial resources, as there is no

1  immediate, concrete dispute between O2 Micro and MPS on the '129 patent worthy and needful of
2  resolution. *See MedImmune,* 127 S. Ct. at 771 (holding that a dispute must be "definite and concrete,
3  touching the legal relations of the parties having adverse legal interests" and "real and substantial," and
4  "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion
5  advising what the law would be upon a hypothetical state of facts.") (quoting *Aetna Life Ins. Co. v.*
6  *Haworth,* 300 U.S. 227, 240-41 (1937)).

7  Furthermore, as the Federal Circuit has noted, a district court may properly decline jurisdiction
8  over a declaratory judgment action where the parties are already engaged in serious negotiations
9  regarding the patent. *EMC*, 89 F.3d at 814 (agreeing "that a court may take into account the pendency
10 of serious negotiations to sell or license a patent in determining to exercise jurisdiction over a
11 declaratory judgment action" because such negotiations may mean "that the need for judicial relief is
12 not as compelling as in cases in which there is no real prospect of a non-judicial resolution of the
13 dispute"). The situation presents similar considerations. O2 Micro is promising not to sue MPS for
14 infringement of the '129 patent on any of the products for which MPS has sought declaratory relief. In
15 other words, MPS will get the relief it was purportedly seeking when it originally filed this action.
16 MPS's refusal to stipulate to a dismissal of its claims on this basis is therefore manifestly unreasonable
17 and unfounded. As noted in the *EMC* case, this Court should not allow MPS to "abuse the declaratory
18 judgment device to obtain a more favorable bargaining position in its ongoing negotiations with the
19 patentee[.]" *Id*.

20 **V.    CONCLUSION**

21 For the reasons discussed above, O2 Micro respectfully requests that the Court dismiss the
22 Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, in
23 the alternative, decline to exercise declaratory judgment jurisdiction over this action in the interest of
24 sound judicial administration.

25
26
27
28

HOWREY LLP

Def. O2 Micro's Second Mot. to Dismiss         - 10 -
Case No. C 07-02363-CW

| | | |
|---|---|---|
| 1 | Dated: June 5, 2008 | HOWREY LLP |
| 2 | | |
| 3 | | By: /s/ Henry C. Su |
| 4 | |       Henry C. Su |
| 5 | | Attorneys for Plaintiff<br>O2 Micro International Limited |

**HOWREY LLP**

Def. O2 Micro's Second Mot. to Dismiss      - 11 -
Case No. C 07-02363-CW