**Exhibit C**

1  Henry C. Bunsow (SBN 060707)
   bunsowh@howrey.com
2  K.T. Cherian (SBN 133967)
   cheriank@howrey.com
3  Duane H. Mathiowetz (SBN 111831)
   mathiowetzd@howrey.com
4  Henry C. Su (SBN 211202)
   suh@howrey.com
5  HOWREY LLP
   525 Market Street, Suite 3600
6  San Francisco, California 94105
   Telephone: (415) 848-4900
7  Facsimile: (415) 848-4999

8  Attorneys for Defendant O2 Micro International Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONOLITHIC POWER SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>O2 MICRO INTERNATIONAL LIMITED, a Cayman Islands corporation,<br><br>Defendant. | Case No. C 07-02363-CW<br><br>**O2 MICRO INTERNATIONAL LIMITED'S FIRST SET OF INTERROGATORIES TO MONOLITHIC POWER SYSTEMS, INC. (NOS. 1-7)** |

HOWREY LLP

O2 MICRO'S FIRST SET OF INTERROGATORIES
TO MPS
Case No. C 07-02363

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant O2 Micro International Limited ("O2 Micro") requests that Plaintiff Monolithic Power Systems, Inc. ("MPS") answer the following interrogatories fully and separately in writing under oath by an officer or other agent of MPS who is authorized to give answers on its behalf. Answers to these interrogatories must be served within thirty (30) days of service hereof.

## DEFINITIONS

1. "O2 Micro" or "Defendant" means O2 Micro International Limited.

2. "MPS," "you" or "your" means Monolithic Power Systems, Inc. and/or any other company name under which MPS is doing business, and includes any parents, predecessors-in-interest (including all entities acquired by MPS), successors-in-interest, consultants, accountants, subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents, or other representatives, including counsel and patent agents acting on behalf of MPS, in any country.

3. "The '129 patent" means U.S. Patent No. 6,804,129, issued on October 12, 2004.

4. The term "available" includes, but is not limited to, the following meanings: accessible; obtainable; at hand; derivable from; getable; procurable; and securable.

5. "Document" is defined to be synonymous in meaning and equal in scope to the use of that term in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Fed. R. Evid. 1001. Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

6. "End-user device" means a product sold to consumers through retail channels.

7. The term "identify," when used with respect to any natural person, means to state the person's full name and the person's present or last-known address, telephone number, position/occupation and employer.

8. The term "identify" when used with respect to any legal entity (such as a corporation, company, or person other than a natural person) means to state the entity's name, the place of incorporation or organization, the principal place of business and the nature of the business conducted by that legal entity.

9. The term "identify," when used with respect to any document means to state the document's title and subject matter, form (e.g., letter, memorandum, e-mail, etc.), document production number range, date, author(s), addressee(s), recipient(s), and name of its present custodian.

10. The term "identify," when used with respect to any communication means to identify the sender(s), recipient(s), and/or participant(s) of the communication and to state the date, subject matter, and nature (e.g., telephone call, meeting, letter, etc.) of the communication. If the communication was in person, also state the location.

11. "Inverter Controller" means a half-bridge or full-bridge configuration DC to AC inverter integrated circuit (IC) chip for use in delivering AC power to a cold cathode fluorescent lamp (CCFL).

12. "Inverter Module" means a device that incorporates an Inverter Controller and delivers AC power to a cold cathode fluorescent lamp (CCFL).

13. "Person" means any individual or firm, association, organization, joint venture, partnership, corporation, or other collective organization or entity.

14. The terms "relating" or "referring" include but are not limited to the following meanings: pertaining; concerning; discussing; mentioning; containing; reflecting; evidencing; constituting; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; in any way legally, logically, or factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

15. The terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all facts, documents, things or Communications that might otherwise be construed as outside the scope of these requests.

16. The use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as outside its scope.

17. A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as outside its scope.

18. The disjunctive shall be construed as the conjunctive, the conjunctive shall be construed as the disjunctive, and the term "and/or" shall be construed as both conjunctive and disjunctive whenever necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as outside its scope.

**INSTRUCTIONS**

The following instructions apply to the interrogatories below and should be considered as part of each such interrogatory:

1. In answering these interrogatories, MPS must furnish all requested information, not subject to a valid objection, that is known by, possessed by or available to MPS or any of its agents, representatives, employees, consultants, attorneys, entities acting in joint-venture, partnership relationships and any others acting on behalf of MPS.

2. If an interrogatory cannot be answered in full, answer to the fullest extent possible, stating:

   a. the information that is available;
   b. the information that cannot be provided;
   c. any information, knowledge or belief concerning the unanswerable portion;
   d. the efforts which have been made to obtain the unknown information; and

e. the specific reason(s) for the inability to answer.

3. If information responsive to any interrogatory or portion of any interrogatory is withheld under a claim of privilege or for any other reason, state the privilege asserted or other reason for withholding the information, and describe with particularity the claimed basis for withholding the information.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Inverter Controller product and Inverter Module device built using such a product for which MPS seeks a declaratory judgment of non-infringement in this case, as referenced in Paragraphs 10-12 of the Complaint.

**INTERROGATORY NO. 2:**

Separately for each product or device identified in response to Interrogatory No. 1, identify the first customer to whom the product or device was sold and the date of the sale.

**INTERROGATORY NO. 3:**

Separately for each product or device identified in response to Interrogatory No. 1, identify every customer who has purchased the product or device and identify the vendor of the product or device from whom it was purchased.

**INTERROGATORY NO. 4:**

Separately for each Inverter Controller product identified in response to Interrogatory No. 1, identify every Inverter Module that contains the product.

**INTERROGATORY NO. 5:**

Separately for each Inverter Module device identified in response to Interrogatory No. 1, identify every end-user device that contains the product.

**INTERROGATORY NO. 6:**

Separately for each product identified in response to Interrogatory No. 1, identify the locations to which each product was shipped (by city, state, and country), including an identification of each city or port through which each product traveled to reach its intended destination.

**INTERROGATORY NO. 7:**

Separately for each product identified in response to Interrogatory No. 1, identify the three individuals most knowledgeable about the design of the product.

Dated: September 21, 2007

HOWREY LLP

By: /s/ Richard C. Lin
Richard C. Lin

Attorneys for Defendant
O2 Micro International Limited

# **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing document has been sent to the following counsel of record by ECF and/or electronic mail (for filings) or by electronic mail and U.S. Mail (for discovery) on September 21, 2007.

Thomas J. Friel, Jr.
tfriel@cooley.com
Matthew J. Brigham
mbrigham@cooley.com
Matthew P. Gubiotti
mgubiotti@cooley.com
COOLEY GODWARD KRONISH LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306
Telephone: 650-843-5000
Facsimile: 650-857-0663

Brian E. Mitchell
bmitchell@cooley.com
COOLEY GODWARD KRONISH LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: 415-693-2000
Facsimile: 415-693-2222

James P. Brogan
jbrogan@cooley.com
COOLEY GODWARD KRONISH LLP
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone: 720-566-4000
Facsimile: 720-566-4099

I also caused to be personally served, on September 21, 2007, a copy of the foregoing document on:

Matthew J. Brigham
mbrigham@cooley.com
COOLEY GODWARD KRONISH LLP
3000 El Camino Real
Five Palo Alto Square
Palo Alto, CA 94306
Telephone: 650-843-5000
Facsimile: 650-857-0663

_____
Gail Quon