**Exhibit D**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

05 JUL 18 PM 4:27

TX EASTERN-MARSHALL

BY_____

| | |
|---|---|
| (1) O2 MICRO INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>(1) HON HAI PRECISION INDUSTRY CO., LTD. a/k/a FOXCONN, and (2) AMBIT MICROSYSTEMS CORPORATION Defendants. | Case No. **2 - 0 5 C V - 3 2 3**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, O2 Micro International Limited ("O2 Micro") for its Complaint against Defendants Hon Hai Precision Industry Co., Ltd. a/k/a Foxconn and Ambit Microsystems Corporation (collectively, "Defendants") alleges:

### THE PARTIES

1.      Plaintiff, O2 Micro International Limited, is a corporation duly organized and existing under the laws of the Cayman Islands, having a principal place of business in George Town, Grand Cayman, Cayman Islands.

2.      Defendant Hon Hai Precision Industry Co., Ltd. a/k/a Foxconn is a company organized under the laws of Taiwan with its principal place of business at 2 Tzu Yu St., Tu-Cheng City, Taiwan, Republic of China.

3.      Defendant Ambit Microsystems Corporation is a company organized under the laws of Taiwan with its principal place of business at 5F-1, 5 Hsin-An Rd., Hsinchu Science-

DM_US\8228293.v1

Based Industrial Park, Hsinchu City, Taiwan, Republic of China. On information and belief, Ambit Microsystems Corporation became via a merger effective April 1, 2004 part of Hon Hai Precision Ind. Co., Ltd. (also known as Foxconn).

## JURISDICTION

4.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq.* The Court has personal jurisdiction over the Defendants in that the Defendants have established minimum contacts with the forum. The exercise of jurisdiction over said Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

5.       Defendants do business in the state of Texas and in this district, including providing products which are sold in this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b), (c) and (d) and 1400(b).

## INFRINGEMENT OF U.S. PATENT NO. 6,259,615

6.       On July 10, 2001, United States Patent No. 6,259,615 ("the '615 patent") was duly and legally issued to Yung-Lin Lin for a High-Efficiency Adaptive DC/AC Converter. All rights and interest in the '615 patent have been assigned by Yung-Lin Lin to the plaintiff, O2 Micro. A true and correct copy of the '615 patent is attached hereto as Exhibit A.

7.       Upon information and belief, Defendants have infringed and continue to infringe the '615 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of products containing DC to AC converter circuits, and inducing and contributing to the infringement of the '615 by others. Defendants are therefore liable for infringement of the '615 patent pursuant to 35 U.S.C. § 271.

8.       Defendants' acts of infringement have caused damage to O2 Micro, and O2 Micro is entitled to recover from Defendants the damages sustained by O2 Micro as a result of

Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of O2 Micro's rights under the '615 patent will continue to damage O2 Micro's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

9.     Upon information and belief, Defendants' infringement of the'615 patent is willful and deliberate, entitling O2 Micro to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,396,722

10.     On May 28, 2002, United States Patent No. 6,396,722 ("the '722 patent") was duly and legally issued to Yung-Lin Lin for a High-Efficiency Adaptive DC/AC Converter. All rights and interest in the '722 patent have been assigned to the plaintiff, O2 Micro. A true and correct copy of the '722 patent is attached hereto as Exhibit B.

11.     Upon information and belief, Defendants have infringed and continue to infringe the '722 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of products containing DC to AC converters, and inducing and contributing to the infringement of the '722 patent by others. Defendants are therefore liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

12.     Defendants' acts of infringement have caused damage to O2 Micro, and O2 Micro is entitled to recover from Defendants the damages sustained by O2 Micro as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of O2 Micro's rights under the '722 patent will continue to damage O2 Micro's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

13.     Upon information and belief, Defendants' infringement of the'722 patent is willful and deliberate, entitling O2 Micro to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

- 3 -

## INFRINGEMENT OF U.S. PATENT NO. 6,804,129

14.     On October 12, 2004, United States Patent No. 6,804,129 ("the'129 patent") was duly and legally issued to Yung-Lin Lin for High-Efficiency Adaptive DC/AC Converter. All rights and interest in the '129 patent have been assigned to the plaintiff, O2 Micro. A true and correct copy of the '129 patent is attached hereto as Exhibit C.

15.     Upon information and belief, Defendants have infringed and continue to infringe the '129 patent. The infringing acts include at least the manufacture, use, sale, and/or offer for sale of products containing DC to AC converter circuits, and inducing and contributing to the infringement of the '129 patent by others. Defendants are therefore liable for infringement of the '129 patent pursuant to 35 U.S.C. § 271.

16.     Defendants' acts of infringement have caused damage to O2 Micro, and O2 Micro is entitled to recover from Defendants the damages sustained by O2 Micro as a result of Defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of O2 Micro's rights under the '129 patent will continue to damage O2 Micro's business, causing irreparable harm, for which there is no adequate remedy at law, unless Defendants are enjoined by this Court.

17.     Upon information and belief, Defendants' infringement of the '129 patent is willful and deliberate, entitling O2 Micro to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

18.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, plaintiff demands a trial by jury of this action.

## PRAYER FOR RELIEF

WHEREFORE, O2 Micro prays for judgment and seeks relief against the Defendants as follows:

(a)     For judgment that the '615 patent, the '722 patent and the '129 patent have been and/or continue to be infringed by the Defendants;

- 4 -

(b)     For an accounting of all damages sustained by O2 Micro as the result of Defendants' acts of infringement;

(c)     For preliminary and permanent injunctions enjoining the aforesaid acts of infringement by Defendants, their officers, agents, servants, employees, subsidiaries, successors, assigns and attorneys, and those persons acting in concert or participation with the Defendants, including related individuals and entities, customers, representatives, OEMs, dealers, distributors and importers;

(d)     For actual damages together with prejudgment interest, according to proof,

(e)     For enhanced damages pursuant to 35 U.S.C. § 284;

(f)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g)     For all costs of suit; and

(h)     For such other and further relief as the Court may deem just and proper.

DATED:  July 18, 2005          Respectfully submitted,


By: _Otis W. Carroll by SCC by permission_

Otis W. Carroll — **Attorney-In-Charge**
State Bar No. 03895700
IRELAND CARROLL AND KELLEY, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone:  (903) 561-1600
Facsimile:   (903) 561-1071
E-Mail:  nancy@icklaw.com


Franklin Jones Jr.
State Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX  75671-1249
Telephone:  (903) 938-4395
Facsimile:   (903) 938-3360
E-Mail:     maizieh@millerfirm.com

- 5 -

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 058805850
BROWN McCARROLL LLP
1127 Judson Road, Suite 220,
P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com
E-Mail: ederieux@mailbmc.com

Robert M. Parker
State Bar No. 15498000
Parker Clayton
100 East Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 533-9288
Facsimile: (903) 533-9687
Email: rmpmediations@cox-internet.com

Henry C. Bunsow
California State Bar No. 60707
K. T. Cherian
California State Bar No. 133967
Duane H. Mathiowetz
California State Bar No. 111831
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
E-Mail: bunsowh@howrey.com
E-Mail: cheriank@howrey.com
E-Mail: mathiowetzd@howrey.com

Attorneys for Plaintiff
O2 MICRO INTERNATIONAL LIMITED