# Exhibit E

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| (1) O2 MICRO INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>(1) HON HAI PRECISION INDUSTRY CO., LTD. a/k/a FOXCONN, and (2) AMBIT MICROSYSTEMS CORPORATION,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:05-CV-00323-TJW-CE<br><br>Judge: Hon. T. John Ward<br>Hon. Charles Everingham (referral) |

**PLAINTIFF O2 MICRO INTERNATIONAL LIMITED'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS**

**FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER**

Plaintiff O2 Micro International Limited ("O2 Micro"), pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Patent Rule 3-6(b) of this Court, hereby moves for leave to amend its preliminary infringement contentions served on February 21, 2006.[1] For the reasons stated below, O2 Micro respectfully submits that good cause exists for this Court to grant the requested relief.

## I. PROCEDURAL BACKGROUND.

### A. O2 Micro Accused All Hon Hai Products Containing DC to AC Converter Circuits of Infringing Its Converter Circuit Patents.

O2 Micro filed this patent infringement action against Defendants Hon Hai Precision Industry Co., Ltd. and Ambit Microsystems Corporation (collectively, "Hon Hai")[2] on July 18, 2005. (Docket No. **1**.) Its Complaint accused Hon Hai of infringing U.S. Patents Nos. 6,259,615 (the "'615 patent"), 6,396,722 (the "'722 patent") and 6,804,129 (the "'129 patent") through "at least the manufacture, use, sale, and/or offer for sale of products containing DC to AC converter circuits." (Compl. ¶¶ 7, 11, 15.) Hon Hai answered the Complaint on September 23, 2005. (Docket No. **13**.) It subsequently filed a First Amended Answer and Counterclaims on February 3, 2006 (Docket No. **30**.)

### B. O2 Micro Served Preliminary Infringement Contentions Identifying Accused Hon Hai Products of Which It Was Then Aware.

On February 7, 2006, this Court held a scheduling conference under Rules 16 and 26 of the Federal Rules of Civil Procedure and Local Rule CV-16(a). Following that scheduling conference, this Court entered a Docket Control Order setting forth certain pretrial deadlines, including the deadline for O2 Micro to serve its disclosure of asserted claims and preliminary

---

[1] O2 Micro's proposed amended infringement contentions are attached as Exhibit **1** to the present motion.

[2] Hon Hai and Ambit merged into a single corporate entity on April 1, 2004.

infringement contentions under Patent Rule 3-1 of this Court. (Docket No. **33**.) On February 21, 2006,[3] before any discovery had commenced in the case, O2 Micro served its preliminary infringement contentions. (Exhibit **2**.)

O2 Micro based its infringement contentions on publicly available information known to it at the time—namely, laptop computers that were purchased from the retail market in the United States and found to contain infringing Hon Hai inverter modules. O2 Micro analyzed the Hon Hai inverter modules to confirm the infringement; the results of O2 Micro's analyses were attached to the infringement contentions as O2HH 00001 to 00021. (Exhibit **3**.) The inverter modules were found to contain inverter controllers designed by Monolithic Power Systems, Inc. ("MPS"). Based only on the information derived from its own investigation and without the benefit of any discovery, O2 Micro identified the accused products in its preliminary infringement contentions as inverter modules incorporating the Redacted inverter controller chips in DC to AC inverter circuits used to light cold cathode fluorescent lamps ("CCFLs"). (Exhibit **2** at 1-2.) These were the only accused inverter modules of which O2 Micro was aware at the time it served its preliminary infringement contentions. O2 Micro reasonably expected, however, that information produced by Hon Hai in discovery would identify additional accused inverter modules that incorporated inverter controllers designed by other suppliers besides MPS.

**C. Intent on Having This Case Transferred to California, Hon Hai Artificially Confined the Universe of Accused Products to the Modules Identified in O2 Micro's Infringement Contentions as Incorporating MPS Controllers.**

Hon Hai apparently had other plans besides complying with its obligation under this

[3] The February 8, 2006 Docket Control Order set a February 17, 2006 deadline for the disclosure of O2 Micro's infringement contentions; this deadline was extended to February 21, 2006 by consent motion and order. (Docket No. **40**.)

Court's February 8, 2006 Amended Discovery Order to disclose all documents relevant to the case, which would include documents relevant to any and all accused Hon Hai products containing DC to AC converter circuits. Represented by the same counsel as MPS, Hon Hai has sought to artificially confine the universe of accused products to inverter modules incorporating inverter controllers designed by MPS, so that it can argue for the transfer of this case to the Northern District of California, where O2 Micro has been engaged in litigation with MPS over these patents. (*See* Docket Nos. **52**, **86**, **109**.) Essentially, Hon Hai erroneously contends that O2 Micro's preliminary infringement contentions—rather than the allegations of its Complaint—are the instrument by which Hon Hai products are accused of patent infringement. It therefore sought to limit the scope of relevant discovery to its inverter modules incorporating the Redacted [redacted] inverter controllers and moved for a protective order to preclude O2 Micro from seeking discovery relating to other accused Hon Hai products. (Docket No. **102**.) In response to Hon Hai's motion for a protective order, O2 Micro filed a cross-motion to compel discovery from Hon Hai on its use of non-MPS inverter controllers. (Docket No. **110**.)

### D. The Court Rejected Hon Hai's Discovery Position and Ordered Hon Hai to Produce Information Regarding Hon Hai Inverter Modules Incorporating Non-MPS Inverter Controllers.

On May 23, 2007, the Court ruled on Hon Hai's motion for a protective order and O2 Micro's cross-motion to compel. The Court held that O2 Micro was entitled to additional discovery from Hon Hai regarding its use of non-MPS inverter controllers, and ordered Hon Hai to produce the technical documentation requested by O2 Micro on this topic. (Docket No. **138**.) Hon Hai produced the additional technical documentation, which consisted of confidential documents not publicly available, to O2 Micro on June 7, 2007.[4] (Exhibit **4**.) Based on its

---

[4] O2 Micro notes that Hon Hai still has not fully complied with the Court's May 23, 2007

Continued on the next page

review of this new production of technical documents from Hon Hai, O2 Micro has determined that, in addition to the accused products previously identified in O2 Micro's preliminary infringement contentions, there are several additional Hon Hai products incorporating non-MPS chips that infringe the patents-in-suit. Specifically, O2 Micro has discovered through Hon Hai's recent document production that Hon Hai inverter modules incorporating the following non-MPS chips infringe various claims of the patents-in-suit: Redacted 's Redacted product and Redacted 's Redacted product.

O2 Micro has also discovered from Hon Hai's recent production that Hon Hai's use of MPS products is not limited to the Redacted chips, as Hon Hai would have O2 Micro and the Court believe. Specifically, O2 Micro believes that Hon Hai inverter modules incorporating the following additional MPS chips infringe various claims of the patents-in-suit: Redacted .

In light of these additional infringing products that O2 Micro has identified based on Hon Hai's recent court-ordered production of documents, O2 Micro seeks leave to amend its preliminary infringement contentions to identify Hon Hai inverter modules with the additional MPS and non-MPS controllers set forth above as additional accused products. (*See* Exhibit **1**.)

## II. ARGUMENT.

### A. Applicable Legal Standard of Good Cause.

Patent Rule 3-6(b) of this Court provides that "[a]mendment or supplementation any Infringement Contentions . . ., other than as expressly permitted in P.R. 3-6(a), may be made

---

Continued from the previous page

discovery order by refusing to supplement its response to O2 Micro's Interrogatory No. 1, which asks Hon Hai to identify the inverter controller chips used by each one of its inverter controller modules. (*See* Exhibit **5** [email correspondence between O2 Micro counsel Vinay Joshi and Hon Hai counsel Matthew Brigham].)

only by order of the Court, which shall be entered only upon a showing of good cause." E.D. TEX. PAT. R. 3-6(b).[5] In deciding requests by a party for amendment or supplementation of its contentions, this Court has applied the same "good cause" standard applicable to requests under Rule 16(b) of the Federal Rules of Civil Procedure for modification of scheduling deadlines under the Docket Control Order.[6] *SoftVault Sys., Inc. v. Microsoft Corp.*, No. 2:06-cv-00016-LED, 2007 U.S. Dist. LEXIS 33060, at *3-4 (E.D. Tex. May 4, 2007) (applying the good cause standard under Rule 16(b)); *Coopervision, Inc. v. CIBA Vision Corp.*, No. 2:06-cv-00149-RC, 2007 U.S. Dist. LEXIS 23812, at *7-8 (E.D. Tex. Mar. 30, 2007) (explaining that the admission or exclusion of late-filed contentions "is slightly different from deciding whether evidence should be excluded for discovery violations" and is rather "akin to deciding whether the pleading deadlines of a scheduling order should be extended"); *Nike, Inc. v. Adidas Am. Inc.*, 9:06-cv-00043-RC, 2007 U.S. Dist. LEXIS 22270, at *10-11 (E.D. Tex. Mar. 21, 2007) (same).

The Fifth Circuit has explained that the "good cause" standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. Southtrust Bank of Alabama, N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). A district court has broad discretion to allow scheduling

---

[5] Patent Rule 3-6(b) was formerly numbered as Patent Rule 3-7 and worded slightly differently, as it referred to the amendment or modification of preliminary and final contentions. General Order 06-15, signed October 27, 2006, eliminated the distinctions between preliminary and final contentions; a party's infringement or invalidity contentions are deemed to be its final contentions unless amendment is permitted either as a matter of right under Patent Rule 3-6(a) (formerly, Patent Rule 3-6) based on the Court's claim construction or by leave under Patent Rule 3-6(b) for good cause shown (including information obtained through discovery).

[6] *See* FED. R. CIV. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.").

order modifications. *Id.* at 535. In the context of modifications to accommodate the untimely filing of amended pleadings and the untimely submission of expert reports, the Fifth Circuit has directed a district court to consider (1) the explanation for the failure to meet the deadline, (2) the importance of whatever the party is seeking to have the Court allow (e.g., an amended pleading), (3) the potential prejudice to the other party if the Court allows the untimely submission or action, and (4) the availability of a continuance to cure any such prejudice. *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

**B. Good Cause Exists Under Patent Rule 3-6(b) for O2 Micro's Proposed Amendment and Supplementation of Its Infringement Contentions.**

In this case, O2 Micro seeks leave under Patent Rule 3-6(b) to amend its identification of the Accused Instrumentality under Patent Rule 3-1(b) to include Hon Hai inverter modules incorporating recently-identified non-MPS and MPS inverter controllers and to supplement its infringement charts accordingly under Patent Rule 3-1(c). Notwithstanding its exercise of diligence, O2 Micro could not have included these modules in its identification of the Accused Instrumentality when the infringement contentions were due back in February 2006, because its knowledge of infringing Hon Hai inverter modules was based solely on the pre-filing investigation it had conducted without the benefit of any discovery. At that time, O2 Micro's purchase and examination of laptop computers sold in the United States had turned up Hon Hai modules with MPS inverter controllers but none with controllers designed by other suppliers, and none with MPS controllers other than the [redacted]. O2 Micro reasonably expected that discovery from Hon Hai would lead to the identification of other modules with inverter controllers designed by other suppliers, and that these additional modules would be seasonably added to the infringement contentions by amendment. But Hon Hai steadfastly refused to provide such discovery until the Court recently ordered it to do so.

### 1. O2 Micro Complied with Patent Rule 3-1 by Identifying the Accused Products of Which It Was Aware at the Time.

Under the Docket Control Order, as amended, O2 Micro's infringement contentions were due on February 21, 2006, fourteen days after the scheduling conference and prior to the exchange of disclosures or the commencement of any discovery. Patent Rule 3-1(b) requires that a patentee's infringement contentions identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party *of which the party is aware*." E.D. TEX. PAT. R. 3-1(b) (emphasis added). The Rule further requires that the patentee's identification "be as specific as possible"; "[e]ach product, device, and apparatus must be identified by name or model number, *if known*." *Id.* (emphasis added). In other words, Patent Rule 3-1(b) obligates the patentee to identify any accused product that it knows about or is aware of and to come forward with specific information about that product. Conversely, the patentee does not have to and cannot possibly identify accused products of which it has no knowledge or awareness.

O2 Micro duly complied with Patent Rule 3-1(b) by identifying, as specifically as possible, each Hon Hai accused product *of which it was aware* at the time. O2 Micro's infringement contentions thus identified "inverter controller modules, incorporating the Redacted [redacted] inverter controller chips in DC to AC inverter circuits used to light cold cathode fluorescent lamps (CCFLs)." (Exhibit **2** at 1-2.) As of February 2006, O2 Micro did not have any information regarding the sale, offer for sale and/or use in the United States of Hon Hai inverter modules that incorporated other MPS inverter controllers or inverter controllers designed by other suppliers besides MPS. O2 Micro reasonably expected, however, to uncover evidence of inverter modules incorporating additional MPS and non-MPS inverter controllers through the discovery process, as its infringement contentions indicated:

> O2 Micro reserves the right to supplement or alter its responses herein based on additional information obtained through formal discovery or other means concerning the products manufactured, offered for sale and/or sold by Hon Hai, Compal or MPS. For example, through formal discovery in the *O2 Micro International Limited v. Monolithic Power Systems, Inc.* litigation before this Court, O2 Micro expects to find information relating to purchases by Compal Electronics, Inc. ("Compal") from Hon Hai which incorporate inverter controller ICs other than the Redacted [redacted]. Upon discovery from Hon Hai or upon agreement of Compal to disclosure of such information in the present case, or, O2 Micro will amend its preliminary contentions to reflect use of those additional MPS inverter controllers.

(Exhibit **2** at 1.)

In summary, O2 Micro has a perfectly valid and excusable reason for why it was not able to identify Hon Hai inverter modules incorporating inverter controllers other than the Redacted [redacted] when the infringement contentions were due in February 2006—it simply did not have the requisite knowledge and information. Patent Rule 3-1(b) requires an identification based only on current awareness and knowledge. A patentee does not have to resort to conjecture or speculation; indeed, identification based on conjecture or speculation likely would not satisfy the requirement of specificity. The first "good cause" factor—the explanation of the failure to meet the deadline—thus weighs in favor of granting O2 Micro's Motion.

### 2. In Order to Obtain the Full Measure of Relief for Hon Hai's Infringement, O2 Micro Should Be Allowed to Amend Its Infringement Contentions.

The second "good cause' factor—the importance to O2 Micro of the amended infringement contentions—also weighs in favor of granting O2 Micro's Motion. O2 Micro accused Hon Hai of patent infringement independent of its customer relationship with MPS. O2 Micro suspected that the scope of Hon Hai's patent infringement extended beyond inverter modules incorporating MPS inverter controllers, and it expected to find through discovery

evidence of infringement involving inverter controllers designed by other suppliers. That is one reason why O2 Micro sued Hon Hai in a separate cause of action instead of joining it as a defendant in the litigation against MPS, which was pending in this District at the time.

Hon Hai, however, wants this Court to believe that its case is completely derivative of O2 Micro's litigation with MPS so that it can argue for a transfer to the Northern District of California (where this Court transferred the MPS case, No. 2:04-cv-00359-TJW, in March 2006). Hon Hai has thus taken the unreasonable and untenable position that O2 Micro's preliminary infringement contentions served in February 2006 define the bounded universe of accused products and that the scope of relevant discovery should be limited to inverter modules incorporating MPS inverter controllers.

Hon Hai's position prejudices O2 Micro. If O2 Micro is to obtain the full measure of relief under the patent laws for Hon Hai's infringement, then it should be given the opportunity to amend its infringement contentions to capture other accused products of which it has since become aware. Otherwise, Hon Hai would in essence receive a "get out of jail free" card with respect to infringement. The outcome of this case would depend only on the outcome of O2 Micro's case against MPS, and having had its own liability resolved based on MPS's liability, Hon Hai would thereafter invoke the doctrine of *res judicata* to preclude O2 Micro from seeking relief as to inverter modules incorporating the inverter controllers for which this Court found that Hon Hai improperly withheld discovery. Hon Hai would then be free to continue infringing O2 Micro's patents without impunity as a result of its discovery violations.

If O2 Micro is to stop Hon Hai's continuing infringement and to obtain compensation for past infringement, it should be given leave to amend its infringement contentions. This factor also favors granting the Motion.

**3. Hon Hai Cannot Claim Prejudice from the Allowance of the Amended Infringement Contentions.**

The third "good cause" factor—whether the other party is potentially prejudiced by the allowance of amended infringement contentions—should not be a consideration here because Hon Hai has contributed to the delay by refusing to identify its suppliers of inverter controllers and refusing to provide relevant discovery concerning all of its products with DC to AC converter circuits. Had Hon Hai included information about its use of all MPS and non-MPS inverter controllers in its Paragraph 3 disclosures, O2 Micro could have brought this Motion a lot sooner. Instead, Hon Hai stonewalled the discovery process and forced O2 Micro to file a motion to compel and wait for the Court's resolution of that motion. This factor thus weighs in favor of granting O2 Micro's Motion.

**4. Any Prejudice That Hon Hai Might Conceivably Claim Has Been Cured by the Rescheduling of the Trial Date.**

Assuming for the sake of argument that Hon Hai can legitimately claim prejudice flowing from O2 Micro's amendment of its infringement contentions, the fourth "good cause" factor directs the Court to consider whether such prejudice can be cured by a continuance. In this case, it can and should be. On June 25, 2007, this case was transferred to Magistrate Judge Everingham by the consent of the parties and the trial date was rescheduled from July 2007 to September 2007, that is, a delay that is twice as long as the time O2 Micro took to put together its amendment based on the new Hon Hai production. (Docket No. **153**.) In light of this change, the deadlines in the Docket Control Order will have to be modified, and these modifications can be made in such a way so as to cure any prejudice that Hon Hai may claim.[7] The fourth "good cause" factor therefore also weighs in favor of granting O2 Micro's Motion.

---

[7] It should be noted that the prejudice runs decidedly in O2 Micro's direction; it is the party who

Continued on the next page

## III. CONCLUSION

O2 Micro duly complied with Patent Rule 3-1(b) and (c) with respect to the identification of accused products then known to O2 Micro and the provision of infringement charts for each accused product and each asserted claim. Through the exercise of diligence and the Court's assistance in forcing Hon Hai to comply with its discovery obligations, O2 Micro has now obtained information regarding additional accused products incorporating inverter controllers designed by MPS and non-MPS suppliers. Good cause exists for O2 Micro to amend its infringement contentions to include these additional accused products. All of the four "good cause" factors under *S&W Enterprises* weigh in favor of granting O2 Micro leave to amend. A proposed Order accompanies this Motion.

DATED: July 9, 2007

Respectfully submitted,

By: /s/ Otis W. Carroll w/permission by /s/ Henry C. Su

Otis W. Carroll — Lead Attorney
(State Bar No. 03895700)
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
P.O. Box 7879
Tyler, TX 75711
Telephone: (903) 561-1600
Facsimile: (903) 561-1071
Email: nancy@icklaw.com

S. Calvin Capshaw (State Bar No. 03783900)
Rickey L. Faulkner (State Bar No. 06857095)
Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157

---

Continued from the previous page

has not had the opportunity to complete its fact discovery. Hon Hai, by contrast, has completed its fact discovery against O2 Micro, and O2 Micro's amendment of its infringement contentions should have little or no impact on what discovery Hon Hai needs from O2 Micro.

Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@mailbmc.com
Email: rfaulkner@mailbmc.com

Franklin Jones, Jr. (State Bar No. 00000055)
Jones and Jones, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, TX 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
Email: maizieh@millerfirm.com

K.T. Cherian (California Bar No. 133967)
Duane H. Mathiowetz (California Bar No. 111831)
Henry C. Su (California Bar No. 211202)
Howrey LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
Email: cheriank@howrey.com
Email: mathiowetzd@howrey.com
Email: suh@howrey.com

Attorneys for Plaintiff
O2 MICRO INTERNATIONAL LIMITED

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that O2 Micro International Ltd.'s Motion for Leave to Amend Its Preliminary Infringement Contentions should be filed under seal because it contains material that has been designated confidential by either O2 Micro International Ltd. or Hon Hai pursuant to the Stipulated Protective Order dated March 6, 2006 (Docket #42).

/s/ Henry C. Su
Henry C. Su

**CERTIFICATE OF CONFERENCE**

I hereby certify under Local Rule CV-7(h) that on May 23, 2007 and July 9, 2007, I conferred with opposing counsel in a good faith attempt to resolve this matter by stipulation and without court intervention, and I understand that this Motion is opposed.

/s/ Henry C. Su
Henry C. Su

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent to the following counsel of record by ECF and/or electronic mail (for filings) or by electronic mail and U.S. Mail (for discovery) on July 9, 2007.

Eric Hugh Findlay
Ramey & Flock
100 E Ferguson
Suite 500
Tyler, TX 75702-0629
Tel: 903-597-3301
Fax: 903-597-2413
Email: efindlay@rameyflock.com

*Via Email and First Class Mail*

Chad T. Nitta
James P. Brogan
Orion Armon
Cooley Godward Kronish LLP - Colorado
380 Interlocken Crescent
Suite 900
Broomfield, CO 80021
Tel: 720 566-4000
Fax: 720 566-4099
Email: cnitta@cooley.com
Email: jbrogan@cooley.com
Email: oarmon@cooley.com

*Via Email and First Class Mail*

Matthew J. Brigham
Timothy S. Teter
Cooley Godward Kronish LLP - Palo Alto
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Tel: 650 846-5000
Fax: 650 857-0663
Email: mbrigham@cooley.com
Email: teterts@cooley.com

*Via Email and First Class Mail*

Brian E. Mitchell
Thomas J. Friel, Jr.
Cooley Godward Kronish LLP - San Francisco
101 California Street
5th Floor
San Francisco, CA 94111-5800
Tel: 415 693-2237
Fax: 415-693-2222
Email: bmitchell@cooley.com
Email: tfriel@cooley.com

*Via Email and First Class Mail*

/s/ Henry C. Su
Henry C. Su